**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **OTIS GRANT** | § | |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **HARRIS COUNTY** | § | |
| *Defendant.* | § | |

<u>**INDEX OF MATTERS FILED UPON REMOVAL**</u>

The following documents appear in the file of the case styled *Otis Grant v. Harris County,*

Cause No. 2016-33933, in the 333rd Judicial District Court of Harris County, Texas, certified

copies of which are attached:

1. Docket Sheet
2. Plaintiff's Original Petition
3. Plaintiff's First Amended Petition
4. Civil Process Pick-up Form
5. Executed Citation return on Harris County
6. Defendant Harris County's Original Answer and Jury Demand
7. Docket Control Order
8. Defendant Harris County's Plea to the Jurisdiction, Notice of Hearing and Proposed Order
9. Plaintiff's Second Amended Petition

Respectfully submitted,

**/S/ *Barbara A. Callistien***

OF COUNSEL:                    BARBARA A. CALLISTIEN
                               Senior Assistant County Attorney
VINCE RYAN                     State Bar No. 03664400
HARRIS COUNTY ATTORNEY         Federal ID No. 9017
                               1019 Congress, 15th Floor
                               Houston, Texas 77002
                               Telephone:  (713) 274-5134
                               Facsimile:  (713) 755-8924
                               barbara.callistien@cao.hctx.net

                               ATTORNEY FOR DEFENDANT
                               HARRIS COUNTY

**CERTIFICATE OF SERVICE**

I hereby certify that on November 30, 2016, a true and correct copy of the foregoing was served pursuant to the Federal Rules of Civil Procedure to:

Victoria Plante-Northington
Plante Law Firm, P.C.
3177 Richmond Avenue, Suite 1275
Houston, Texas  77056


*/S/ Barbara A. Callistien*
BARBARA A. CALLISTIEN
Senior Assistant County Attorney

**HCDistrictclerk.com**      GRANT, OTIS vs. HARRIS COUNTY                    11/29/2016

Cause: 201633933      CDI: 7      Court: 333

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|--------|----------|-----------|------|-----|
| 72795764 | Plaintiff's Second Amended Petition | | 11/18/2016 | 5 |
| 72396385 | Harris County's Plea to the Jurisdiction | | 10/20/2016 | 6 |
| -> 72396386 | Exhibit 01 | | 10/20/2016 | 3 |
| -> 72405142 | Notice Of Oral Hearing | | 10/20/2016 | 1 |
| -> 72396387 | Proposed Order | | 10/20/2016 | 1 |
| 71694106 | DOCKET CONTROL ORDER | | 08/30/2016 | 2 |
| 71437525 | Defendant Harris County's Original Answer and Jury Demand | | 08/11/2016 | 3 |
| 71285767 | Citation | | 07/26/2016 | 1 |
| 71176676 | Civil Process Pick-Up Form | | 07/13/2016 | 1 |
| 71018849 | Plaintiff's First Amended Petition | | 07/11/2016 | 5 |
| 70368579 | PLAINTIFF'S ORIGINAL PETITION | | 05/23/2016 | 5 |

5/23/2016 3:44:16 PM
Chris Daniel - District Clerk Harris County
Envelope No. 10776546
By: Bonnie Lugo
Filed: 5/23/2016 3:44:16 PM

For Official Governmental Use Only - Do Not Disseminate to the Public: 70368579 - Page 1 of 5

**CAUSE NO. _____**

| | | |
|---|---|---|
| **OTIS GRANT** | § | **IN THE DISTRICT COURT** |
| | § | |
| **PLAINTIFF** | § | |
| **vs.** | § | **HARRIS COUNTY TEXAS** |
| | § | |
| **HARRIS COUNTY** | § | **_____<sup>TH</sup> JUDICIAL DISTRICT** |
| | § | |
| **DEFENDANT** | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THE DISTRICT COURT:

**I.     Preliminary Statement**

1.     This is a lawsuit for employment and labor violation brought to secure relief for retaliation, harassment and discrimination on the basis of disability brought within the Texas Commission on Human Rights Act ("TCHRA"), as amended, Texas Labor Code § 21.001 and 21.051.

2.     Plaintiff, Otis Grant ("Grant") intends to conduct discovery under Level 2 of the Texas Rules of Civil Procedure.

**II.     Parties**

3.     During all times mentioned in this petition Grant was an employee with a known disability (diabetes) covered by the TCHRA.  Grant is resident of Fort Bend County, Texas.

4.     During all times mentioned in the petition, Defendant, Harris County, was and is still an employer, was and is a local governmental entity under the laws of the state of Texas. Defendant may be served through County Judge, Ed Emmett, at 1001 Preston, Houston, Texas 77002.

**III.     Jurisdiction**

5.       Jurisdiction is invoked pursuant to Texas Labor Code § 21.001 and 21.051, Rule 97(a) of the Texas Rules of Civil Procedure, and the right to sue notice by the U. S. Department o Justice dated February 17, 2016.  All conditions precedent were met prior to bringing this lawsuit.

6.       Declaratory, injunctive & equitable relief is sought pursuant to Texas Labor Code § 21.258 et seq.

7.       Compensatory and punitive damages are sought pursuant to Texas Labor Code § 21.258 et seq.

8.       Costs and attorney's fees may be awarded pursuant to Texas Labor Code § 21.258 et seq.

## IV.    Venue

9.       This lawsuit properly lies in Harris County, Texas pursuant to the Texas Civil Practice and Remedies Code §15.006, because the unlawful employment practices and other misconduct were committed in this county.

## V.    Factual Statement

10.      Grant was employed by Defendant as a Juvenile Supervision Officer ("JSO") from 2005 to 2013. During his employment, he received satisfactory to good performance evaluations.

11.      For the first five years of employment, Grant did not have any problems with Defendant.  However in 2011 Grant requested a reasonable accommodation due to his disability (diabetes).  Specifically, Grant asked that he be permitted to elevate his feet and sit down for periods of time during work hours to reduce swelling in his ankle.  Grant was ultimately granted the accommodation after he complained about the denial of his request.  The accommodation did not interfere with him performing an essential function of his position.

2

For Official Governmental Use Only - Do Not Disseminate to the Public: 70368579 - Page 2 of 5

For Official Governmental Use Only - Do Not Disseminate to the Public: 70368579 - Page 3 of 5

12.     After receiving the accommodation, Grant's supervisor at the time, Anthony Samuel ("Samuel"), began to retaliate and harass him.  Grant received several reprimands and write-ups.  Samuel and other strictly scrutinized him on almost a daily basis, causing Grant great distress and aggravating his diabetic symptoms.

13.     In the summer of 2013, Samuel placed grant on Samuel's Facebook page and insinuated that Grant was not working.  Grant as given permission to have his feet elevated as a reasonable accommodation.  Nevertheless, the Facebook post placed Grant in a bad light.

14.     Grant reported the harassment and retaliation by Samuel and other against again in July 2013.  Samuel was permitted to resign but received no disciplinary action for misconduct.

15.     Write-up and daily scrutiny continued until Grant was called into the office and fired.

16.     Defendant's reasons for terminating him are pretextual, manufactured to conceal Defendant's unlawful discrimination and retaliation.

17.     If Defendant had not discriminated and retaliated against Grant, he would have received a pay, pay increases well as other employment benefits.

18.     Grant has no plain, adequate, or complete remedy at law to redress the wrongs experienced and is now suffering and will continue to suffer irreparable injury from the treatment by Defendant unless he is reinstated and/or in lieu of reinstatement compensated for future lost employment benefits.

19.     Grant suffered, is now suffering, and will continue to suffer emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other pecuniary losses as a direct result of Defendant's discrimination, harassment and retaliation.

20.     Grant will suffer future pecuniary losses as a direct result of the Defendant's discrimination, harassment and retaliation.

21.     Defendant intentionally engaged in discrimination and retaliation against Grant with malice or reckless indifference to her rights under the TCHRA as amended.

**VI.     Cause of Action**

22.     Grant incorporates as if re-alleged herein paragraphs 1 through 21.

23.     Because discrimination was motivating factor and retaliation would not have occurred but for Grant engaging in protected activity, Defendant violated the TCHRA.

24.     Because Defendant was put on notice of the ongoing retaliation and discrimination and because it failed to promptly investigate and remedy or correct the harassment, Defendant violated the TCHRA.

For Official Governmental Use Only - Do Not Disseminate to the Public: 70368579 - Page 4 of 5

**VII.   Prayer for Relief**

25.   Wherefore, Grant prays that this Court:

    a.   declare the conduct engaged in by Defendant to be in violation of his rights;

    b.   enjoin Defendant from engaging in such conduct;

    c.   reinstate him to the position Juvenile Supervision Officer with all pay increases, seniority, and benefits as if he had not been terminated

    d.   award him back pay, front pay, and other benefits lost because he was fired from November 2013 to present;

    e.   award him compensatory and punitive damages of $300,000.00;

    f.   award him monetary damages that were caused by the termination;

    g.   award prejudgment and post judgment interest;

    h.   award him reasonable costs and attorney's fees; and

    i.   grant such other relief as it may deem just and proper.

**VIII.   Demand for jury**

26.   Grant demands a jury trial.

Respectfully submitted,


_____/s/ _ _Victoria Plante-Northington_
VICTORIA PLANTE-NORTHINGTON
Texas Bar No. 00798436
PLANTE LAW FIRM, P.C.
5177 Richmond Avenue Suite 1275
Houston, Texas 77056
Telephone: (713) 526-2615
Facsimile: (713) 960-0555

ATTORNEY FOR PLAINTIFF
OTIS GRANT

For Official Governmental Use Only - Do Not Disseminate to the Public: 70368579 - Page 5 of 5



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 22, 2016


Certified Document Number:       70368579 Total Pages:  5


Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS


**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

7/11/2016 3:27:36 PM
Chris Daniel - District Clerk Harris County
Envelope No. 11568395
By: Shaniece Richardson
Filed: 7/11/2016 3:27:36 PM

## CAUSE NO. 2016-33933

| | | |
|---|---|---|
| **OTIS GRANT** | § | **IN THE DISTRICT COURT** |
| | § | |
| **PLAINTIFF** | § | |
| **vs.** | § | **HARRIS COUNTY TEXAS** |
| | § | |
| **HARRIS COUNTY** | § | **333rd JUDICIAL DISTRICT** |
| | § | |
| **DEFENDANT** | § | |

## PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF THE DISTRICT COURT:

**I.      Preliminary Statement**

1.      This is a lawsuit for employment and labor violation brought to secure relief for retaliation, harassment and discrimination on the basis of disability brought within the Texas Commission on Human Rights Act ("TCHRA"), as amended, Texas Labor Code § 21.001 and 21.051.

2.      Plaintiff, Otis Grant ("Grant") intends to conduct discovery under Level 2 of the Texas Rules of Civil Procedure.

**II.      Parties**

3.      During all times mentioned in this petition, Grant was an employee with a known disability (diabetes) covered by the TCHRA.  Grant is resident of Fort Bend County, Texas.

4.      During all times mentioned in the petition, Defendant, Harris County, was and is still an employer, was and is a local governmental entity under the laws of the state of Texas. Defendant may be served through County Judge, Ed Emmett, at 1001 Preston, Houston, Texas 77002.

**III.      Jurisdiction**

1

For Official Governmental Use Only □ Do □ Not □ Disseminate to the □ublic □ 101□ □□□□ □age 1 of □

5.      Jurisdiction is invoked pursuant to Texas Labor Code § 21.001 and 21.051, Rule 97(a) of the Texas Rules of Civil Procedure, and the right to sue notice by the U. S. Department of Justice dated February 17, 2016.  All conditions precedent were met prior to bringing this lawsuit.

6.      Declaratory, injunctive and equitable relief is sought pursuant to Texas Labor Code § 21.258 et seq.

7.      Compensatory and punitive damages are sought pursuant to Texas Labor Code § 21.258 et seq.

8.      Costs and attorney's fees may be awarded pursuant to Texas Labor Code § 21.258 et seq.

**IV.    Venue**

9.      This lawsuit properly lies in Harris County, Texas pursuant to the Texas Civil Practice and Remedies Code §15.006, because the unlawful employment practices and other misconduct were committed in this county.

**V.     Factual Statement**

10.     Grant was employed by Defendant as a Juvenile Supervision Officer ("JSO") from 2005 to 2013. During his employment, he received satisfactory to good performance evaluations.

11.     For the first five years of employment, Grant did not have any problems with Defendant.  However in 2011 Grant requested a reasonable accommodation due to his disability (diabetes).  Specifically, Grant asked that he be permitted to elevate his feet and sit down for periods of time during work hours to reduce swelling in his ankle.

2

12.     After requesting the accommodation, Grant's supervisor at the time, Anthony Samuel ("Samuel"), began to retaliate and harass him.  Grant received several reprimands and write-ups.  Samuel and others strictly scrutinized him on almost a daily basis, causing Grant great distress and aggravating his diabetic symptoms.

13.     In the summer of 2013, Samuel placed grant on Samuel's Facebook page and insinuated that Grant was not working.  The Facebook post placed Grant in a bad light.

14.     Grant reported the harassment, the Facebook postings, and retaliation against him by Samuel and others in July 2013.

15.     Grant was ultimately granted the accommodation after filing two grievances.  Grant was given permission to have his feet elevated as a reasonable accommodation.  The accommodation did not interfere with him performing any essential functions of his position.

16.     Samuel was permitted to resign but received no disciplinary action for misconduct.

17.     Write-ups and daily scrutiny continued until Grant was called into the office and fired.

18.     Defendant's reasons for terminating him are pretextual and manufactured to conceal Defendant's unlawful discrimination and retaliation.

19.     If Defendant had not discriminated and retaliated against Grant, he would have received a pay, pay increases well as other employment benefits.

20.     Grant has no plain, adequate, or complete remedy at law to redress the wrongs experienced and is now suffering and will continue to suffer irreparable injury from the treatment by Defendant unless he is reinstated and/or in lieu of reinstatement compensated for future lost

employment benefits.

21.     Grant suffered, is now suffering, and will continue to suffer emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other pecuniary losses as a direct result of Defendant's discrimination, harassment and retaliation.

22.     Grant will suffer future pecuniary losses as a direct result of Defendant's discrimination, harassment and retaliation.

23.     Defendant intentionally engaged in discrimination and retaliation against Grant with malice or reckless indifference to his rights under the TCHRA as amended.

**VI.     Cause of Action**

24.     Grant incorporates as if re-alleged herein paragraphs 1 through 23.

25.     Because discrimination was a motivating factor and retaliation would not have occurred but for Grant engaging in the protected activity, Defendant violated the TCHRA.

26.     Because Defendant was put on notice of the ongoing retaliation and discrimination and because it failed to promptly investigate and remedy or correct the harassment, Defendant violated the TCHRA.

4

## VII.   Prayer for Relief

27.   Wherefore, Grant prays that this Court:

    a.   declare the conduct engaged in by Defendant to be in violation of his rights;

    b.   enjoin Defendant from engaging in such conduct;

    c.   reinstate him to the position Juvenile Supervision Officer with all pay increases, seniority, and benefits as if he had not been terminated;

    d.   award him back pay, front pay, and other benefits lost because he was fired from November 2013 to present;

    e.   award him compensatory and punitive damages of $300,000.00;

    f.   award him monetary damages that were caused by the termination;

    g.   award prejudgment and post judgment interest;

    h.   award him reasonable costs and attorney's fees; and

    i.   grant such other relief as it may deem just and proper.

## VIII.   Demand for jury

28.   Grant demands a jury trial.

Respectfully submitted,


_____/s/ _  *Victoria Plante-Northington*
VICTORIA PLANTE-NORTHINGTON
Texas Bar No. 00798436
PLANTE LAW FIRM, P.C.
5177 Richmond Avenue Suite 1275
Houston, Texas 77056
Telephone: (713) 526-2615
Facsimile: (713) 960-0555

ATTORNEY FOR PLAINTIFF
OTIS GRANT



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 22, 2016

Certified Document Number:        71018849 Total Pages:  5

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

CONFIRMED FILE DATE : 7/13/2016



# CHRIS DANIEL
### HARRIS COUNTY DISTRICT CLERK



ENTERED
VERIFIED

## Civil Process Pick-Up Form

### CAUSE NUMBER: 2016-33133

ATY __X__                    CIV ____                    COURT __333Rd__

| REQUESTING ATTORNEY/FIRM NOTIFICATION |
| --- |
| **\*ATTORNEY:** Plank-northington    **PH:** (713) 526-2015 |
| **\*CIVIL PROCESS SERVER:** _____ |
| **\*PH:** _____ |
| **\*PERSON NOTIFIED SVC READY:** left VM @ 11:57am |
| **\* NOTIFIED BY:** Shaniece |
| **DATE:** 7/14/2016 |

| Type of Service Document: CHR | Tracking Number 73266647 |
| --- | --- |
| Type of Service Document: _____ | Tracking Number _____ |
| Type of Service Document: _____ | Tracking Number _____ |
| Type of Service Document: _____ | Tracking Number _____ |
| Type of Service Document: _____ | Tracking Number _____ |
| Type of Service Document: _____ | Tracking Number _____ |
| Type of Service Document: _____ | Tracking Number _____ |

**Process papers prepared by:** SHANIECE RICHARDSON

**Date:** __7/15__ 2016        **30 days waiting** __8__ - __13__ __2016__

| |
| --- |
| **\*Process papers released to:** _Brian Denmon_ |
| (PRINT NAME) |
| **\*(CONTACT NUMBER)** 713 291 2114      _Brian Den_ |
| (SIGNATURE) |
| **\*Process papers released by:** _Shaniece Richardson_ |
| (PRINT NAME) |
| _Shaniece Richardson_ |
| (SIGNATURE) |
| **\* Date:** __7/21__ , 2016   **Time:** __1:10__   AM / **PM** |

For Official Governmental Use Only - Do Not Disseminate to the Public: 71176676 - Page 1 of 1

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging

Revised 12-15-2014



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   November 22, 2016

Certified Document Number:       71176676 Total Pages:  1

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

CONFIRMED FILE DATE: 7/26/2016

P1

CAUSE NO.   201633933

RECEIPT NO.                    0.00        ATY
          **********              TR # 73266667

PLAINTIFF: GRANT, OTIS                    In The   333rd
          vs.                             Judicial District Court
DEFENDANT: HARRIS COUNTY                   of Harris County, Texas
                                          333RD DISTRICT COURT
                                          Houston, TX

CITATION

THE STATE OF TEXAS
County of Harris

**FILED**
Chris Daniel
District Clerk

TO: HARRIS COUNTY MAY BE SERVED BY SERVING COUNTY JUDGE ED EMMETT        **Time:** ____
    1001  PRESTON   HOUSTON  TX  77002                                   JUL 26 2016
                                                                        Harris County, Texas
    Attached is a copy of PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION    **By** ____
                                                                              Deputy

This instrument was filed on the 11th day of July, 2016, in the above cited cause number
and court. The instrument attached describes the claim against you.

     YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:

     This citation was issued on 13th day of July, 2016, under my hand and
seal of said Court.

Issued at request of:                     Chris Daniel
PLANTE-NORTHINGTON, VICTORIA .            CHRIS DANIEL, District Clerk
5177  RICHMOND #1275                      Harris County, Texas
HOUSTON, TX  77056                        201 Caroline, Houston, Texas 77002
Tel: (713) 526-2615                       (P.O. Box 4651, Houston, Texas 77210)
Bar No.:  798436
                                          Generated By: RICHARDSON, SHANIECE J
                                          A4L//10430354

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at /:00 o'clock P .M., on the 21st day of July ,2016 .

Executed at (address) 1001 PRESTON 9th Floor Houston, TX 77002 in

HARRIS County at 1:20 o'clock P .M., on the 21st day of July,

2016, by delivering to HARRIS COUNTY by serving County JUDGE ED EMMETT defendant, in person, a

true copy of this Citation together with the accompanying 1 copy(ies) of the Petition

Plaintiffs FIRST AMENDED ORIGINAL

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this 21st day of July , 2016 .

FEE: $ 65.00

                                          _____ of _____County, Texas

Brian Denmon  Sch 417 exp 9/30/17    By _____
     Affiant                                        Deputy

On this day, Brian Denmon , known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME on this 21st day of July , 2016

ANITA TAYLOR
MY COMMISSION EXPIRES
November 6, 2016
                                          Notary Public

N.INT.CITR.P          *73266667*

RECORDER'S MEMORANDUM
This Instrument is of poor quality
at the time of imaging.

For Official Governmental Use Only - Do Not Disseminate to the Public: 71285767 - Page 1 of 1



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   November 22, 2016

Certified Document Number:        71285767 Total Pages:  1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

8/11/2016 12:25:21 PM
Chris Daniel - District Clerk Harris County
Envelope No. 12117482
By: Euniecy Gentry
Filed: 8/11/2016 12:25:21 PM

**CAUSE NO. 2016-33933**

| | | |
|---|---|---|
| **OTIS GRANT** | § | **IN THE DISTRICT COURT** |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **HARRIS COUNTY** | § | |
| *Defendant* | § | **333ᴿᴰ   JUDICIAL DISTRICT** |

**DEFENDANT HARRIS COUNTY'S
ORIGINAL ANSWER AND JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Harris County, Defendant herein, and would respectfully show the following:

**GENERAL DENIAL**

1.1     Defendant asserts a general denial as authorized by Rule 92, Texas Rules of Civil Procedure, and respectfully requests that Plaintiff be required to prove the damages and allegations against Defendant by a preponderance of the credible evidence as is required by the Constitution and laws of the State of Texas.

**DEFENSES**

2.1     Defendant asserts the following defenses:

A.     Defendant affirmatively pleads and claims governmental and sovereign immunities as a bar and defense to Plaintiff's claims.

B.     Plaintiff's claims under Tex. Labor Code, § 21.001, *et seq.* are barred by Tex. Labor Code, § 21.256 (Statute of Limitations).

C.     Defendant affirmatively pleads and claims any and all of the exemptions from and limitations upon liability as codified in the *Texas Tort Claims Act.*

For Official Governmental Use Only - Do Not Disseminate to the Public: 71437525 - Page 1 of 3

For Official Governmental Use Only - Do Not Disseminate to the Public: 71437525 - Page 2 of 3

TEX. CIV. PRAC. & REM. CODE CH. 101, including, but not limited to, §§ 101.021, 101.023, 101.024, 101.104, and 101.106.

D.     Defendant asserts that Plaintiff has failed to mitigate his damages, if any.

E.     Defendant asserts that it would have taken the same action it did regardless of Plaintiff's disability and asserts that no adverse employment action was taken against Plaintiff relative to any claim of discrimination.

F.     Defendant submits that actual damages awarded in this case, if any, would be statutorily capped.

G.     Defendant asserts that it is entitled to a reduction of Plaintiff's damages, if any, pursuant to the after-acquired evidence doctrine.

H.     The Plaintiff's claims asserted are barred in whole by the applicable statute of limitations.

I.     Defendant affirmatively pleads that the Plaintiff has failed to state claims or causes of action upon which relief can be granted.

**JURY DEMAND**

3.1     Defendant hereby requests trial by jury as authorized by TEX. R. CIV. P. 216 and would further show that it is exempt from the deposit of a jury fee pursuant to *Attorney General Opinion M-142. See, also* TEX. CIV. PRAC. & REM. CODE § 6.001.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing by his suit, and that this Defendant go hence without delay, and for such other and further relief, both general and special, at law and at equity, to which the Defendant may be justly entitled.

Respectfully submitted,

VINCE RYAN
HARRIS COUNTY ATTORNEY


/S/ Barbara A. Callistien
BARBARA A. CALLISTIEN
Senior Assistant County Attorney
State Bar No. 03664400
1019 Congress, 15th Floor
Houston, Texas 77002
Telephone:  (713) 274-5134
Facsimile:  (713) 755-8924
barbara.callistien@cao.hctx.net

ATTORNEY FOR DEFENDANT
HARRIS COUNTY


## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2016, a true and correct copy of the foregoing **DEFENDANT HARRIS COUNTY'S ORIGINAL ANSWER AND JURY DEMAND** was served by facsimile:

Victoria Plante-Northington
Plante Law Firm, P.C.
3177 Richmond Avenue, Suite 1275
Houston, Texas  77056


/S/ Barbara A. Callistien
BARBARA A. CALLISTIEN
Senior Assistant County Attorney

For Official Governmental Use Only - Do Not Disseminate to the Public: 71437525 - Page 3 of 3



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 22, 2016

Certified Document Number:        71437525 Total Pages:  3

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

Case No.  201633933

**DCORX**

GRANT, OTIS

vs.

HARRIS COUNTY

\*
\*
\*
\*
\*

IN THE DISTRICT COURT OF

HARRIS COUNTY, TEXAS

333rd    JUDICIAL DISTRICT

## DOCKET CONTROL ORDER

The following docket control order shall apply to this case unless modified by the court. If no date is given below, the item is governed by the Texas Rules of Civil Procedure.

1. **09/26/16**   **JOINDER**.  All parties must be added and served, whether by amendment or third party practice, by this date.  THE PARTY CAUSING THE JOINDER SHALL PROVIDE A COPY OF THIS DOCKET CONTROL ORDER AT THE TIME OF SERVICE.

2.   **EXPERT WITNESS DESIGNATION**.  Expert witness designations are required and must be served by the following dates.    The designation must include the information listed in Rule 194.2(f).    Failure to timely respond will be governed by Rule 193.6.
   (a) **02/06/17**   Experts for parties seeking affirmative relief.
   (b) **03/06/17**   All other experts.

3.   **STATUS CONFERENCE**.   Parties shall be prepared to discuss all aspects of the case, including ADR, with the court on this date.   TIME:
   Failure to appear will be grounds for dismissal for want of prosecution.

4.   **DISCOVERY LIMITATIONS**.  The discovery limitations of Rule 190.2, if applicable, or otherwise of Rule 190.3 apply unless changed below:
   (a)   Total hours per side for oral depositions.
   (b)   Number of interrogatories that may be served by each party on any other party.

5.   **ALTERNATIVE DISPUTE RESOLUTION.**
   (a) **03/06/17**   By this date the parties must either (1) file an agreement for ADR stating the form of ADR requested and the name of an agreed mediator, if applicable; or (2) set an objection to ADR.  If no agreement or objection is filed, the court may sign an ADR order.
   (b) **05/22/17**   ADR conducted pursuant to the agreement of the parties must be completed by this date.

6. **05/05/17**   **DISCOVERY PERIOD ENDS.**    All discovery must be conducted before the end of the discovery period. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period that the deadline for responding will be within the discovery period. Counsel may conduct discovery beyond this deadline by agreement.  Incomplete discovery will not delay the trial.

7.   **DISPOSITIVE MOTIONS AND PLEAS**.  Must be heard by oral hearing or submission.
   (a) **03/06/17**   If subject to an interlocutory appeal, dispositive motions or pleas must be heard by this date.
   (b) **03/06/17**   Summary judgment motions not subject to an interlocutory appeal must be heard by this date.
   (c) **03/06/17**   Rule 166a(i) motions may not be heard before this date.

8. **05/05/17**   **CHALLENGES TO EXPERT TESTIMONY**.  All motions to exclude expert testimony and evidentiary challenges to expert testimony must be filed by this date, unless extended by leave of court.

9. **05/05/17**   **PLEADINGS**.   All amendments and supplements must be filed by this date.    This order does not preclude prompt filing of pleadings directly responsive to any timely filed pleadings.

10.   Parties shall be prepared to discuss all aspects of trial with the court on this date.
   TIME:                Failure to appear will be grounds for dismissal for want of prosecution.

11. **06/05/17**   **TRIAL**. If not assigned by the second Friday following this date, the case will be reset.

SIGNED

VICTORIA PLANTE-NORTHINGTON
5177 RICHMOND AVE STE 1275
HOUSTON TX 77056-6752

4          798436

JOSEPH J. HALBACH JR
Judge, 333RD DISTRICT COURT
Date Generated 08/25/2016

JCVO02
rev.11202006

Case No.  201633933

**DCORX**

| | | |
|---|---|---|
| GRANT, OTIS | * | IN THE DISTRICT COURT OF |
| vs. | * | HARRIS COUNTY, TEXAS |
| HARRIS COUNTY | * | 333rd    JUDICIAL DISTRICT |

## DOCKET CONTROL ORDER

The following docket control order shall apply to this case unless modified by the court. If no date is given below, the item is governed by the Texas Rules of Civil Procedure.

1. **09/26/16**   **JOINDER**.  All parties must be added and served, whether by amendment or third party practice, by this date.  THE PARTY CAUSING THE JOINDER SHALL PROVIDE A COPY OF THIS DOCKET CONTROL ORDER AT THE TIME OF SERVICE.

2.   **EXPERT WITNESS DESIGNATION**.  Expert witness designations are required and must be served by the following dates.    The designation must include the information listed in Rule 194.2(f).    Failure to timely respond will be governed by Rule 193.6.
   (a) **02/06/17**   Experts for parties seeking affirmative relief.
   (b) **03/06/17**   All other experts.

3.   **STATUS CONFERENCE**.   Parties shall be prepared to discuss all aspects of the case, including ADR, with the court on this date.   TIME:
   Failure to appear will be grounds for dismissal for want of prosecution.

4.   **DISCOVERY LIMITATIONS**.  The discovery limitations of Rule 190.2, if applicable, or otherwise of Rule 190.3 apply unless changed below:
   (a)   Total hours per side for oral depositions.
   (b)   Number of interrogatories that may be served by each party on any other party.

5.   **ALTERNATIVE DISPUTE RESOLUTION.**
   (a) **03/06/17**   By this date the parties must either (1) file an agreement for ADR stating the form of ADR requested and the name of an agreed mediator, if applicable; or (2) set an objection to ADR.  If no agreement or objection is filed, the court may sign an ADR order.
   (b) **05/22/17**   ADR conducted pursuant to the agreement of the parties must be completed by this date.

6.  **05/05/17**   **DISCOVERY PERIOD ENDS**.    All discovery must be conducted before the end of the discovery period. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period that the deadline for responding will be within the discovery period. Counsel may conduct discovery beyond this deadline by agreement.  Incomplete discovery will not delay the trial.

7.   **DISPOSITIVE MOTIONS AND PLEAS**.  Must be heard by oral hearing or submission.
   (a) **03/06/17**   If subject to an interlocutory appeal, dispositive motions or pleas must be heard by this date.
   (b) **03/06/17**   Summary judgment motions not subject to an interlocutory appeal must be heard by this date.
   (c) **03/06/17**   Rule 166a(i) motions may not be heard before this date.

8. **05/05/17**   **CHALLENGES TO EXPERT TESTIMONY**.  All motions to exclude expert testimony and evidentiary challenges to expert testimony must be filed by this date, unless extended by leave of court.

9. **05/05/17**   **PLEADINGS**.   All amendments and supplements must be filed by this date.    This order does not preclude prompt filing of pleadings directly responsive to any timely filed pleadings.

10.   Parties shall be prepared to discuss all aspects of trial with the court on this date.
   TIME:           Failure to appear will be grounds for dismissal for want of prosecution.

11. **06/05/17**   **TRIAL**. If not assigned by the second Friday following this date, the case will be reset.

SIGNED

BARBARA ANN CALLISTIEN
1019 CONGRESS ST
HOUSTON TX 77002-1700

1        3664400

JOSEPH J. HALBACH JR
Judge, 333RD DISTRICT COURT
Date Generated 08/25/2016

JCVO02
rev.11202006



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 22, 2016

Certified Document Number:      71694106 Total Pages:  2

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

10/20/2016 4:25:14 PM
Chris Daniel - District Clerk Harris County
Envelope No. 13358969
By: Kenya Kossie
Filed: 10/20/2016 4:25:14 PM

## CAUSE NO. 2016-33933

| | | |
|---|---|---|
| **OTIS GRANT** | § | **IN THE DISTRICT COURT** |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **HARRIS COUNTY, TEXAS,** | § | |
| *Defendant.* | § | **333rd JUDICIAL DISTRICT** |

### NOTICE OF ORAL HEARING

To:     Plaintiff  Otis Grant, by and through his attorney of record, Victoria Plante-Northington, Plante Law Firm, P.C., 3177 Richmond Avenue, Suite 1275, Houston, Texas  77056.

Please be advised that **HARRIS COUNTY'S PLEA TO THE JURISDICTON** in the above-referenced cause of action has been set for a hearing on Tuesday, November 22, 2016 *at 9:30 a.m* in the 333rd District Court of Harris County, Texas.

Respectfully submitted,

VINCE RYAN
HARRIS COUNTY ATTORNEY

*/S/ Barbara A. Callistien*
BARBARA A. CALLISTIEN
Senior Assistant County Attorney
State Bar No. 03664400
1019 Congress, 15th Floor
Houston, Texas 77002
Telephone:  (713) 274-5134
Facsimile:  (713) 755-8924
barbara.callistien@cao.hctx.net

ATTORNEY FOR DEFENDANT
HARRIS COUNTY, TEXAS

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **NOTICE OF ORAL HEARING** was served on the following counsel in a manner as provided by Rules 21 and 21a, Texas Rules of Civil Procedure on October 20, 2016.

Victoria Plante-Northington
Plante Law Firm, P.C.
3177 Richmond Avenue, Suite 1275
Houston, Texas  77056

*/S/ Barbara A. Callistien*
BARBARA A. CALLISTIEN
Senior Assistant County Attorney

For Official Governmental Use Only - Do Not Disseminate to the Public: 72405142 - Page 1 of 1



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 22, 2016

Certified Document Number:        72405142 Total Pages:  1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

10/20/2016 12:06:16 PM
Chris Daniel - District Clerk Harris County
Envelope No. 13346963
By: Euniecy Gentry
Filed: 10/20/2016 12:06:16 PM

For Official Governmental Use Only - Do Not Disseminate to the Public: 72396385 - Page 1 of 6

## CAUSE NO. 2016-33933

| | | |
|---|---|---|
| **OTIS GRANT** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **HARRIS COUNTY, TEXAS,** | § | |
| *Defendant.* | § | **333rd JUDICIAL DISTRICT** |

## HARRIS COUNTY'S PLEA TO THE JURISDICTION

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Harris County files this Plea to the Jurisdiction requesting dismissal of this suit for lack of subject-matter jurisdiction.

## I.
## UNDERLYING FACTS

The Plaintiff, Otis Grant's, employment with Harris County Juvenile Probation Department was terminated on November 23, 2013 based on his failure to carry out his duties resulting in serious policy violations. He filed a charge with the Equal Employment Opportunity Commission (EEOC) on January 13, 2014, alleging that his termination was based on disability discrimination and retaliation. He did not file any other charges or administrative complaints in regards to his discrimination/retaliation claims with the Texas Workforce Commission Civil Rights Division (TWC) subsequent to his termination. The Plaintiff then filed this lawsuit on July 11, 2016, based on the complaints made in his EEOC charge. In his lawsuit, the Plaintiff seeks relief exclusively under the Texas Labor Code (TCHRA). Here, Plaintiff's lawsuit was filed more than two years after he filed his administrative complaint and it is therefore barred by the *jurisdictional* issue of limitations which is affirmatively pled in Defendant's Answer

## II.
## <u>GOVERNMENTAL IMMUNITY</u>

Sovereign immunity from suit defeats a trial court's subject matter jurisdiction unless the state expressly consents to suit. *Tex. Dep't of Transp. v. Jones,* 8 S.W.3d 636, 638 (Tex.1999). Governmental immunity operates like sovereign immunity to afford similar protection to subdivisions of the State, including counties. *See, Wichita Falls State Hosp. v. Taylor,* 106 S.W.3d 692, 694 n. 3 (Tex.2003). The legislature has provided a limited waiver of governmental immunity for employment discrimination claims that fall within the Texas Commission on Human Rights Act (TCHRA). TEX. LABOR CODE, §§ 21.051(1) & 21.055; *Mission Consolidated School Dist. v. Garcia*, 372 S.W.3d 629, 637 (Tex. 2012); *University of Texas M.D. Anderson Cancer Center v. Valdizan-Garcia* (2012 WL 5545783 *2) (Tex. App. – Houston [1ˢᵗ Dist.], Nov. 15, 2012); *Texas State Office of Administrative Hearings v. Birch* (2013 WL 3874473, *3)(Tex. App. – San Antonio, July 24, 2013). To fall within Chapter 21 of the TCHRA and its limited waiver of governmental immunity, a plaintiff's employment discrimination claim must plead and prove the elements of a statutory cause of action. *Garcia*, 372 S.W.3d at 637.

In this case, The Plaintiff *filed his lawsuit approximately two and a half years after he filed his complaint with the EEOC*. The TCHRA, TEXAS LABOR CODE ANN. section 21.256 (West) requires a lawsuit to be filed no later than two years after "the date the complaint relating to the action is filed". *See Vu v. Exxon Mobile Corp., 98 S.W.3d 318, 319-320 (Tex. App—Houston [1ˢᵗ Dist.] 2003, rev. denied).* This two year statute of limitations period for filing suit is *mandatory and jurisdictional*. *See Central Power & Light Co. v. Caballero,* 872 S.W.2d 6, 7 (Tex. App.—San Antonio 1994, writ denied); *Eckerdt v. Frostex Foods, Inc.,* 802 S.W.2d 70, 71 (Tex. App.—Austin 1990, no writ); *Green v. Aluminum Co. of America,* 760 S.W.2d 378, 380 (Tex. App.—Austin 1988, no writ).

For Official Governmental Use Only - Do Not Disseminate to the Public: 72396385 - Page 2 of 6

For Official Governmental Use Only - Do Not Disseminate to the Public: 72396385 - Page 3 of 6

## III.
## PLEA TO JURISDICTION

"A party may contest a trial court's subject matter jurisdiction by filing a plea to the jurisdiction." *Tex. Dep't of Transp. v. Jones,* 8 S.W.3d 636, 638 (Tex.1999).  A party may appeal an order that grants or denies a plea to the jurisdiction by a governmental unit. Tᴇx. Cɪᴠ. Pʀᴀᴄ. & Rᴇᴍ. Cᴏᴅᴇ §§ 51.104(a)(8), 101.001(3)(D) (Vernon 2008); *Tex. A & M Univ. Sys. v. Koseoglu,* 233 S.W.3d 835, 841 (Tex. 2007).

A plea to the jurisdiction challenges a trial court's authority to determine the subject matter of the cause of action, but without defeating it on the merits. *City of Houston v. Northwood Mun. Util. Dist. No. 1,* 73 S.W.3d 304, 308 (Tex. App.-Houston [1st Dist.] 2001, pet. denied)(citing *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex.2000)). While the underlying claims may form the context in which a plea to the jurisdiction is raised, the purpose of the plea is not to preview or delve into the merits of the case, but to establish the reason why the merits of the underlying claims need not be reached. *Id.*

## IV.
## LACK OF SUBJECT MATTER JURISDICTION

Under Texas law, a plaintiff who sues a governmental entity for discrimination under Chapter 21 of the Labor Code must plead and prove exhaustion of administrative remedies and the elements of his prima facie case, otherwise the Court lacks subject matter jurisdiction and the case should be dismissed.  *Garcia,* 372 S.W.3d at 637; *Valdizan-Garcia* (2012 WL 5545783 *2). Whether a court has subject matter jurisdiction is a question of law. *Tex. Natural Res. Conservation Comm'n v. IT–Davy,* 74 S.W.3d 849, 855 (Tex. 2002).

In this case the Plaintiff pleads that all conditions precedent were met prior to bringing the lawsuit. Based on the Defendant's affirmative defense of statute of limitations, the Plaintiff must also show that he was in compliance with TEX. LAB. CODE ANN section 21.256.  A plea to the jurisdiction can be used to challenge not only whether the plaintiff has met his burden of *alleging* jurisdictional facts; it can also challenge the *existence* of jurisdictional facts.  *Texas Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004).  Evidence submitted with a plea to the jurisdiction may rebut a plaintiff's pleadings and undermine waiver of governmental immunity. *Id., at 227-28.*

In cases where a plea to the jurisdiction challenges the existence of jurisdictional facts, the trial court's review of the plea mirrors that of a traditional summary judgment.  If the defendant carries its burden of proof for its assertion that the court lacks subject matter jurisdiction, the plaintiff must show that a disputed material fact exists regarding the jurisdictional issue.  If a fact issue exists, the Court should deny the plea.  However, if the relevant evidence is undisputed or if the plaintiff fails to raise a fact question on the jurisdictional issue, the court should grant the plea to the jurisdiction as a matter of law.  *Garcia*, at 635; *Miranda*, at 228.

## V.
## <u>NO BASIS FOR JURISDICTION</u>

The Plaintiff filed a charge with the EEOC on January 13, 2014.  He did not file any complaint/charge with the corresponding state agency, the TWC.  *(See attached Certification of Public Records, Exhibit 1)*  Elsa Guerrero, Assistant Disclosure Officer for the TWC, certified that "after a diligent search for records maintained by the Texas Workforce Commission Civil Rights Division" she had attached the relevant documents regarding Otis Grant.  Those documents reflect a transmittal form stamped as received by the TWC on February 4, 2014, from the EEOC to the TWC "pursuant to the worksharing agreement".  *(Exhibit 1)*  The form reflects that the EEOC was

4

For Official Governmental Use Only - Do Not Disseminate to the Public: 72396385 - Page 4 of 6

copying the TWC on the charge and confirms that the charge is to be initially investigated by the EEOC. *(Exhibit 1)* The certification from the TWC also includes a copy of Grant's January 13, 2014 EEOC charge. Here, Grant's petition was filed more than two years after his "complaint relating to the action" and therefore his suit is barred by the statute of limitations. Because the statute of limitations is jurisdictional, there is no waiver of immunity (and no remaining cause of action) since the Plaintiff seeks remedies in this suit exclusively under the TCHRA. The Plaintiff's suit must be dismissed for lack of jurisdiction.

       WHEREFORE PREMISES CONSIDERED, Plaintiff cannot establish that the Court has subject matter jurisdiction of this suit. Harris County requests that its Plea to the Jurisdiction be granted and the Plaintiff's claims dismissed.

Respectfully submitted,

VINCE RYAN
HARRIS COUNTY ATTORNEY

*/S/ Barbara A. Callistien*
BARBARA A. CALLISTIEN
Senior Assistant County Attorney
State Bar No. 03664400
1019 Congress, 15th Floor
Houston, Texas 77002
Telephone: (713) 274-5134
Facsimile: (713) 755-8924
barbara.callistien@cao.hctx.net

ATTORNEY FOR DEFENDANT
HARRIS COUNTY, TEXAS

For Official Governmental Use Only - Do Not Disseminate to the Public: 72396385 - Page 5 of 6

## **CERTIFICATE OF CONFERENCE**

I do hereby certify that on October 19, 2016, my paralegal contacted Plaintiff's counsel, Ms. Plante-Northington and informed her that Defendant intended to file the plea and was requesting her to advise as to whether she was opposed or unopposed to the relief requested.  Ms. Plante-Northington stated that she was opposed to the plea.


/S/ Barbara A. Callistien
BARBARA A. CALLISTIEN
Senior Assistant County Attorney


## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **DEFENDANT HARRIS COUNTY'S PLEA TO THE JURISDICTION** was served on the following counsel in a manner as provided by Rules 21 and 21a, Texas Rules of Civil Procedure on October 20, 2016.

Victoria Plante-Northington
Plante Law Firm, P.C.
3177 Richmond Avenue, Suite 1275
Houston, Texas  77056


*/S/ Barbara A. Callistien*
BARBARA A. CALLISTIEN
Senior Assistant County Attorney

For Official Governmental Use Only - Do Not Disseminate to the Public: 72396385 - Page 6 of 6



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 22, 2016


Certified Document Number:        72396385 Total Pages:  6


*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**



For Official Governmental Use Only - Do Not Disseminate to the Public: 7239686 - Page 1 of 3

STATE OF TEXAS                          §
                                        §
COUNTY OF TRAVIS                        §

### CERTIFIED COPY OF PUBLIC RECORDS

CHARGING PARTY:   Otis Grant
RESPONDENT:       Harris County
EEOC Charge No.:  460-2014-00955

I, Elsa Guerrero, Assistant Disclosure Officer for the Texas Workforce Commission (Commission), an administrative agency of the State of Texas, hereby certify that the Commission has conducted a diligent search for records maintained by the Texas Workforce Commission Civil Rights Division regarding the above referenced charging party.

I further certify that the documents attached hereto are true and correct copies of documents located as a result of this search and that these documents consist of official records or reports, or entries therein, or if documents authorized by law to be recorded or filed and actually recorded or filed in a public office.

Witness my hand and the official seal of the Texas Workforce Commission, in Austin, Texas on August 26, 2016.



_____
Elsa Guerrero
Assistant Disclosure Officer
Texas Workforce Commission

**EXHIBIT 1**

EEOC Form 212-A (3/98)

## U.S. Equal Employment Opportunity Commission

| TO: | **Texas Workforce Commission Civil Rights Division**<br>**101 East 15th St**<br>**Room 144T**<br>**Austin, TX 78778** | Date **January 17, 2014**<br>EEOC Charge No.<br>**460-2014-00955**<br>FEPA Charge No. |
|---|---|---|

RECEIVED
FEB 0 4 2014
TWC CRD

CHARGE TRANSMITTAL

SUBJECT:

| Otis J. Grant | v. | HARRIS COUNTY JUVENILE DETENTION CENTER |
|---|---|---|
| *Charging Party* | | *Respondent* |

Transmitted herewith is a charge of employment discrimination initially received by the:

☒ EEOC   ☐ _____ on **Jan 05, 2014**

*Name of FEPA*          *Date of Receipt*

[X] Pursuant to the worksharing agreement, this charge is to be initially investigated by the EEOC.

[ ] Pursuant to the worksharing agreement, this charge is to be initially investigated by the FEPA.

[ ] The worksharing agreement does not determine which agency is to initially investigate the charge.

☐ EEOC requests a waiver          ☐ FEPA waives

☐ No waiver requested          ☐ FEPA will investigate the charge initially

*Please complete the bottom portion of this form to acknowledge the receipt of the charge
and, where appropriate, to indicate whether the Agency will initially investigate the charge.*

| Typed Name and Title of EEOC or FEPA Official<br>**R.J. Ruff, Jr., District Director** | Signature/Initials *Marina Guerra* |
|---|---|

| Otis J. Grant | v. | HARRIS COUNTY JUVENILE DETENTION CENTER |
|---|---|---|
| *Charging Party* | | *Respondent* |

TO WHOM IT MAY CONCERN:

[ ] This will acknowledge receipt of the referenced charge and indicate this Agency's intention to initially investigate the charge.

[✓] This will acknowledge receipt of the referenced charge and indicate this Agency's intention not to initially investigate the charge.

[ ] This will acknowledge receipt of the referenced charge and request a waiver of initial investigation by the receiving agency.

[ ] This will acknowledge receipt of the referenced charge and indicate this Agency's intention to dismiss/close/not docket the charge for the following reasons:

| Typed Name and Title of EEOC or FEPA Official<br>**Lowell Keig, Director** | Signature/Initials *Keig* |
|---|---|

| TO: | **Houston District Office**<br>**Total Plaza**<br>**1201 Louisiana, Suite 600**<br>**Houston, TX 77002**<br><br>**MOS E4** | Date   FEB 0 5 2014<br>EEOC Charge No.<br>**460-2014-00955**<br>FEPA Charge No. |
|---|---|---|

For Official Governmental Use Only - Do Not Disseminate to the Public: 72396386 - Page 2 of 3

**EXHIBIT 1**

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA ☒ EEOC | 460-2014-00955 |

| Texas Workforce Commission Civil Rights Division | and EEOC |
|---|---|

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| Mr. Otis J. Grant | ████████ | ████ |

| Street Address | City, State and ZIP Code |
|---|---|
| ████████ | ████████ |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| HARRIS COUNTY JUVENILE DETENTION CENTER | 201 - 500 | (713) 222-4818 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1200 Congress | Houston, TX 77002 |

RECEIVED

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| JAN 1 3 2014 | | |

| Street Address | City, State and ZIP Code |
|---|---|
| HOUSTON DISTRICT OFFICE EEOC | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☒ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| 11-23-2013 | 11-23-2013 |

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I believe that I have been discriminated against in retaliation for filing charge number 460-2013-00482 in November 2012 and internal grievances before and after filing the charge. I further believe that I have been retaliated against because of my disability and the need for a reasonable accommodation. October 20, 2013, I received my Notice of Right to Sue on the previously filed charge, and I was also terminated November 23, 2013.

On February 19, 2013, I was issued a Last Warning Letter by Giselle Jones, Assistant Superintendent. On June 4, 2013, I filed an Exception Report against D. Phillips, Supervisor regarding the falsification of paperwork in regards to my request for time off in March 2013. On July 31, 2013, I filed a grievance against Supervisors D. Phillips and A. Samuels alleging retaliation and harassment. On November 23, 2013, I was terminated.

I believe that I have been discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended and in violation of the Americans with Disabilities Act of 1990, as amended and the ADAAA of 2008.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |

| 1-13-14 | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* | ARTURO MEDINA III MY COMMISSION EXPIRES June 28, 2017 |
|---|---|---|
| Date | Charging Party Signature | January 13, 2014 |

**EXHIBIT 1**

For Official Governmental Use Only - Do Not Disseminate to the Public: 72396386 - Page 3 of 3



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 22, 2016


Certified Document Number:        72396386 Total Pages:  3


Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

10/20/2016 12:06:16 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 13346963
By: GENTRY, EUNIECY M
Filed: 10/20/2016 12:06:16 PM

**CAUSE NO. 2016-33933**

| | | |
|---|---|---|
| **OTIS GRANT** | § | **IN THE DISTRICT COURT** |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **HARRIS COUNTY** | § | |
| *Defendant* | § | **333RD   JUDICIAL DISTRICT** |

<u>**ORDER**</u>

Came on to be heard the Plea to the Jurisdiction by Defendant Harris County, and after considering the pleadings and the evidence on file, and it appearing to the Court that the plea should be granted, it is hereby

ORDERED, ADJUDGED, and DECREED that the Plea to the Jurisdiction by Defendant Harris County is hereby granted, and that Plaintiff's claims against Defendant should be dismissed with prejudice, and that all costs of court be awarded to Defendant, with all writs necessary for enforcement of this order to issue.

SIGNED this _____ day of _____, 2016.

_____

PRESIDING JUDGE

For Official Governmental Use Only - Do Not Disseminate to the Public: 72396387 - Page 1 of 1



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 22, 2016

Certified Document Number:        72396387 Total Pages:  1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

11/18/2016 3:15:02 PM
Chris Daniel - District Clerk Harris County
Envelope No. 13881897
By: Kenya Kossie
Filed: 11/18/2016 3:15:02 PM

For Official Governmental Use Only - Do Not Disseminate to the Public: 72795764 - Page 1 of 5

## CAUSE NO.  2016-33933

| | | |
|---|---|---|
| **OTIS GRANT** | § | **IN THE DISTRICT COURT** |
| | § | |
| **PLAINTIFF** | § | |
| **vs.** | § | **HARRIS COUNTY TEXAS** |
| | § | |
| **HARRIS COUNTY** | § | **333rd JUDICIAL DISTRICT** |
| | § | |
| **DEFENDANT** | § | |

### <u>PLAINTIFF'S SECOND AMENDED PETITION</u>

TO THE HONORABLE JUDGE OF THE DISTRICT COURT:

**I.      Preliminary Statement**

1.      This is a lawsuit for employment and labor violation brought to secure relief for retaliation, harassment and discrimination on the basis of disability brought within the Americans with Disability Act of 1990 ("ADA") as amended by ADA Amendments Act (ADAAA), 42 USC § 12101 et seq.

2.      Plaintiff, Otis Grant ("Grant") intends to conduct discovery under Level 2 of the Texas Rules of Civil Procedure.

**II.      Parties**

3.      During all times mentioned in this petition, Grant was an employee with a known disability (diabetes) covered by the ADA and ADAAA.  Grant is resident of Fort Bend County, Texas.

4.      During all times mentioned in the petition, Defendant, Harris County, was and is still an employer, was and is a local governmental entity under the laws of the state of Texas.

1

### III.    Jurisdiction

5.      Grant received his right to sue notice on February 22, 2016, from the U. S. Department of Justice.  All conditions precedent were met prior to bringing this lawsuit.

6. Declaratory, injunctive and equitable relief is sought pursuant to the ADA and ADAAA.

7.      Compensatory and punitive damages are sought pursuant to the ADA and ADAAA.

8.      Costs and attorney's fees may be awarded pursuant the ADA and ADAAA.

### IV.    Venue

9.      This lawsuit properly lies in Harris County, Texas pursuant to the Texas Civil Practice and Remedies Code §15.006, because the unlawful employment practices and other misconduct were committed in this county.

### V.    Factual Statement

10.      Grant was employed by Defendant as a Juvenile Supervision Officer ("JSO") from 2005 to 2013. During his employment, he received satisfactory to good performance evaluations.

11.      For the first five years of employment, Grant did not have any problems with Defendant.  However in 2011 Grant requested a reasonable accommodation due to his disability (diabetes).  Specifically, Grant asked that he be permitted to elevate his feet and sit down for periods of time during work hours to reduce swelling in his ankle.

12.      After requesting the accommodation, Grant's supervisor at the time, Anthony Samuel ("Samuel"), began to retaliate and harass him.  Grant received several reprimands and write-ups.  Samuel and others strictly scrutinized him on almost a daily basis, causing Grant great distress and aggravating his diabetic symptoms.

13.      In the summer of 2013, Samuel placed grant on Samuel's Facebook page and insinuated that Grant was not working.  The Facebook post placed Grant in a bad light.

For Official Governmental Use Only - Do Not Disseminate to the Public: 72795764 - Page 2 of 5

14.    Grant reported the harassment, the Facebook postings, and retaliation against him by Samuel and others in July 2013.

15.    Grant was ultimately granted the accommodation after filing two grievances.  Grant was given permission to have his feet elevated as a reasonable accommodation.    The accommodation did not interfere with him performing any essential functions of his position.

16.    Samuel was permitted to resign but received no disciplinary action for misconduct.

17.    Write-ups and daily scrutiny continued until Grant was called into the office and fired.

18.    Defendant's reasons for terminating him are pretextual and manufactured to conceal Defendant's unlawful discrimination and retaliation.

19.    If Defendant had not discriminated and retaliated against Grant, he would have received a pay, pay increases well as other employment benefits.

20.    Grant has no plain, adequate, or complete remedy at law to redress the wrongs experienced and is now suffering and will continue to suffer irreparable injury from the treatment by Defendant unless he is reinstated and/or in lieu of reinstatement compensated for future lost employment benefits.

21.    Grant suffered, is now suffering, and will continue to suffer emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other pecuniary losses as a direct result of Defendant's discrimination, harassment and retaliation.

22.    Grant will suffer future pecuniary losses as a direct result of Defendant's discrimination, harassment and retaliation.

23.    Defendant intentionally engaged in discrimination and retaliation against Grant with malice or reckless indifference to his rights under the ADA and ADAAA as amended.

For Official Governmental Use Only - Do Not Disseminate to the Public: 72795764 - Page 3 of 5

## VI.    Cause of Action

24.     Grant incorporates as if re-alleged herein paragraphs 1 through 23.

25.     Because discrimination was a motivating factor and retaliation would not have occurred but for Grant engaging in the protected activity, Defendant violated the ADA and ADAAA.

26.     Because Defendant was put on notice of the ongoing retaliation and discrimination and because it failed to promptly investigate and remedy or correct the harassment, Defendant violated the ADA and ADAAA.

## VII.    Prayer for Relief

27.     Wherefore, Grant prays that this Court:

    a.     declare the conduct engaged in by Defendant to be in violation of his rights;

    b.     enjoin Defendant from engaging in such conduct;

    c.     reinstate him to the position Juvenile Supervision Officer with all pay increases, seniority, and benefits as if he had not been terminated;

    d.     award him back pay, front pay, and other benefits lost because he was fired from November 2013 to present;

    e.     award him compensatory and punitive damages of $300,000.00;

    f.     award him monetary damages that were caused by the termination;

    g.     award prejudgment and post judgment interest;

    h.     award him reasonable costs and attorney's fees; and

    i.     grant such other relief as it may deem just and proper.

## VIII.    Demand for jury

28.     Grant demands a jury trial.

For Official Governmental Use Only - Do Not Disseminate to the Public: 72795764 - Page 4 of 5

For Official Governmental Use Only - Do Not Disseminate to the Public: 72795764 - Page 5 of 5

Respectfully submitted,


_____/s/____ *Victoria Plante-Northington*
VICTORIA PLANTE-NORTHINGTON
Texas Bar No. 00798436
PLANTE LAW FIRM, P.C.
5177 Richmond Avenue Suite 1275
Houston, Texas 77056
Telephone: (713) 526-2615
Facsimile: (713) 960-0555

ATTORNEY FOR PLAINTIFF
OTIS GRANT

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of November 2016, a true and correct copy of the foregoing instrument was sent via the e-filing electronic system to all counsel of record.


_____/s/____ *Victoria Plante-Northington*
VICTORIA PLANTE-NORTHINGTON



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 22, 2016


Certified Document Number:        72795764 Total Pages:  5


Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS


**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**