IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **OTIS GRANT** § | | **CIVIL ACTION NO. 4:16-cv-03529** |
| Plaintiff § | | |
| § | | |
| VS. § | | **JUDGE KENNETH M. HOYT** |
| § | | |
| **HARRIS COUNTY,** § | | |
| Defendant. § | | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S
FIRST REQUEST FOR PRODUCTION**

TO:   Defendant, Harris County, by and through its attorney of record, Seth Hopkins, Harris County Attorney's Office, 1019 Congress, 15th Floor, Houston, TX 77002; Email: seth.hopkins@cao.hctx.net.

Plaintiff, Otis Grant, submits objections and responses to Defendant's First Request for Production.

Respectfully submitted,

       /s/ *Victoria Plante-Northington*
VICTORIA PLANTE-NORTHINGTON
Texas Bar No. 00798436
PLANTE LAW FIRM, P.C.
5177 Richmond Ave., Suite 1140
Houston, TX 77056
Telephone: (713) 526-2615
Facsimile: (713) 513-51765
Email: victoria@plantelawfirm.com

ATTORNEY FOR OTIS GRANT

## **CERTIFICATE OF SERVICE**

     I hereby certify that a true and correct copy of the foregoing has been forwarded on this the 10th day of June 2017, by email to all counsel of record.


          /s/ *Victoria Plante-Northington*
          VICTORIA PLANTE-NORTHINGTON

## REQUESTS

**REQUEST FOR PRODUCTION NO. 1:** If you have been convicted of a felony or crime of moral turpitude and this conviction has been disposed of within the last ten years, please produce the documents that evidence the arrest, conviction and disposition of each such crime. This includes crimes in the United States and in any other country.

**RESPONSE:** No such records or documents exist.

## DISABILITY QUESTIONS

**REQUEST FOR PRODUCTION NO. 2:** Please produce all medical records from all providers since you were diagnosed with any condition that you allege contributed to your disability. If you do not possess these records, please list all medical providers and return a signed copy of the attached medical release form.

**RESPONSE:** Grant objects that this request is overly broad to the extent it seeks information beyond what is relevant in this case. Grant objects that this request is vague, ambiguous and unspecific, being without limitation which would require a response to that which is not relevant to the claims and defenses at issue in this case. Subject to the objections, Grant responds: This information was provided to Defendant during Grant's employment. Grant will provide a limited medical authorization for Defendant to request this information from his medical providers if Defendant provides the form. He will also supplement if this information becomes available. See bate-stamped documents P-000001-000356.

**REQUEST FOR PRODUCTION NO. 3:** Please produce all documents in your possession or control that identify your alleged disability and help to explain your limitations and the reason, nature, and scope of accommodations that you contend are required under the Americans with Disabilities Act.

**RESPONSE:** Grant objects that this request is overly broad to the extent it seeks information beyond what is relevant in this case. Grant objects that this request is vague, ambiguous and unspecific, being without limitation which would require a response to that which is not relevant to the claims and defenses at issue in this case. Subject to the objections, Grant responds: This information was provided to Defendant during Grant's employment. Grant will provide a limited medical authorization for Defendant to request this information from his medical providers if Defendant provides the form. He will also supplement if this information becomes available. See bate-stamped documents P-000001-000356.

## CASE FACTS

**REQUEST FOR PRODUCTION NO. 4:** Please produce copies of all communication (including texts, emails, and other electronic communication) between you and any current or former employee of Harris County.

**RESPONSE:** Grant objects that this request is overly broad to the extent it seeks information beyond what is relevant in this case.  Grant objects that this request is vague, ambiguous and unspecific, being without limitation which would require a response to that which is not relevant to the claims and defenses at issue in this case.  Subject to the objections, Grant responds: This information was provided to Defendant during Grant's employment.  Grant will provide a limited medical authorization for Defendant to request this information from his medical providers if Defendant provides the form.  He will also supplement if this information becomes available.  See bate-stamped documents P-000001-000356.

**REQUEST FOR PRODUCTION NO. 5:** Please produce all evidence of requests for accommodation you allegedly made to Harris County or any of its employees, and the responses you received.

**RESPONSE:** Grant objects that this request is overly broad to the extent it seeks information beyond what is relevant in this case.  Grant objects that this request is vague, ambiguous and unspecific, being without limitation which would require a response to that which is not relevant to the claims and defenses at issue in this case.  Subject to the objections, Grant responds: This information was provided to Defendant during Grant's employment.  Grant will provide a limited medical authorization for Defendant to request this information from his medical providers if Defendant provides the form.  He will also supplement if this information becomes available.  See bate-stamped documents P-000001-000356.

**REQUEST FOR PRODUCTION NO. 6:** Please produce all evidence to support your claim in Paragraph 12 of your Petition that Anthony Samuel or others "began to retaliate and harass" you and strictly scrutinized" you on almost a daily basis."  This should include, but is not limited to, the Facebook post referenced in Paragraph 13.

**RESPONSE:** Grant objects that this request is overly broad to the extent it seeks information beyond what is relevant in this case.  Grant objects that this request is vague, ambiguous and unspecific, being without limitation which would require a response to that which is not relevant to the claims and defenses at issue in this case.  Subject to the objections, Grant responds: This information was provided to Defendant during Grant's employment.  Grant will provide a limited medical authorization for Defendant to request this information from his medical providers if Defendant provides the form.  He will also supplement if this information becomes available.  See bate-stamped documents P-000001-000356.

**REQUEST FOR PRODUCTION NO. 7:** Please produce all evidence to support your claim in Paragraph 15 of your Petition that you were subjected to "[w]rite-up and daily scrutiny."

**RESPONSE:**   Grant objects that this request is overly broad to the extent it seeks information beyond what is relevant in this case.  Grant objects that this request is vague, ambiguous and unspecific, being without limitation which would require a response to that which is not relevant to the claims and defenses at issue in this case.  Subject to the objections, Grant responds: This information was provided to Defendant during Grant's employment.  Grant will provide a limited medical authorization for Defendant to request this information from his medical providers if

Defendant provides the form. He will also supplement if this information becomes available. See bate-stamped documents P-000001-000356.

**REQUEST FOR PRODUCTION NO. 8:** Please produce all evidence to support your claim in Paragraph 16 of your Petition that you were terminated for "pretextual, manufactured" reasons.

**RESPONSE:** Grant objects that this request calls for a legal conclusion. Subject to the objection, Grant responds: See bate-stamped documents P-000001-000356.

**REQUEST FOR PRODUCTION NO. 9:** Please produce all documents supporting your claim in Paragraph 12 of your Petition that your diabetes was aggravated by the actions of Anthony Samuel.

**RESPONSE:** See bate-stamped documents P-000001-000356.

**REQUEST FOR PRODUCTION NO. 10:** Please produce all evidence to support your claims in Paragraphs 21-24 that Harris County acted intentionally and with malice or reckless indifference.

**RESPONSE:** See bate-stamped documents P-000001-000356.

**REQUEST FOR PRODUCTION NO. 11:** Please produce all evidence to support your claims in Paragraph 24 of your Petition that Harris County was put on notice of ongoing retaliation and discrimination and failed to properly investigate and remedy harassment against you.

**RESPONSE:** See bate-stamped documents P-000001-000356.

## CREDENTIALS AND OTHER EMPLOYMENT

**REQUEST FOR PRODUCTION NO. 12:** Please produce all documents reflecting your professional credentials. This includes, but is not limited to, your resume, transcripts, certificates of training, military record, and other documents that demonstrate your knowledge, training, employability, and value of your labor.

**RESPONSE:** Grant objects that this request is not relevant to any claims or defenses in this case. Further he objects that the request is overly broad to the extent it seeks information beyond what is relevant in this case. Grant objects that this request is vague, ambiguous and unspecific, being without limitation which would require a response to that which is not relevant to the claims and defenses at issue in this case.

**REQUEST FOR PRODUCTION NO. 13:** Please produce all communications with all employers or prospective employers since 2007. This includes, but is not limited to, employment applications, W2s, pay stubs, and documents reflecting evaluations of your work, such as employment reviews, commendations, reprimands, or terminations.

**RESPONSE:** Grant objects that this request is not relevant to any claims in this case. Further he objects that the request is overly broad to the extent it seeks information beyond what is relevant in

this case.  Grant objects that this request is vague, ambiguous and unspecific, being without limitation which would require a response to that which is not relevant to the claims and defenses at issue in this case. Subject to the objections, Grants will supplement with documents.

## OTHER CLAIMS

**REQUEST FOR PRODUCTION NO. 14:** Please produce all documents related to any claims made by you for unemployment, workers' compensation, or any public service or benefit in the last 10 years.

**RESPONSE:** Grant objects that this request is not relevant to any claims in this case.  Further he objects that the request is overly broad to the extent it seeks information beyond what is relevant in this case.  Grant objects that this request is vague, ambiguous and unspecific, being without limitation which would require a response to that which is not relevant to the claims and defenses at issue in this case.

**REQUEST FOR PRODUCTION NO. 15:** Please produce all documents related to any other lawsuit or claim in which you and/or any entity in which you own at least a 20% interest are, or have been, a party in the last 10 years. This should include, at a minimum, documents indicating the full style of the lawsuit(s) and transcripts of any deposition or trial testimony.

**RESPONSE:** Grant objects that this request is not relevant to any claims in this case.  Further he objects that the request is overly broad to the extent it seeks information beyond what is relevant in this case.  Grant objects that this request is vague, ambiguous and unspecific, being without limitation which would require a response to that which is not relevant to the claims and defenses at issue in this case.

## DAMAGES

**REQUEST FOR PRODUCTION NO. 16:** Please produce all income tax returns filed by you (or any entities in which you own or control at least 20%) from 2007 until today.

**RESPONSE:** Grant objects that this request is not relevant to any claims in this case.  Further he objects that the request is overly broad to the extent it seeks information beyond what is relevant in this case.  Grant objects that this request is vague, ambiguous and unspecific, being without limitation which would require a response to that which is not relevant to the claims and defenses at issue in this case. Subject to the objections, Grants will supplement with documents.

**REQUEST FOR PRODUCTION NO. 17:** Please produce all documents that evidence or support your claim in Paragraph 17 of your petition that you would have received a pay, pay increases well as other employment benefits" if you had not been discriminated and retaliated against."

**RESPONSE:** Grant will supplement with documents if this information becomes available.

**REQUEST FOR PRODUCTION NO. 18:** Please produce all documents that evidence or support your claim in Paragraph 19 of your Petition that you suffered "emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other pecuniary losses" as a result of Harris County's alleged actions.

**RESPONSE:** Except as may be included in medical records, Grant does not have any documents responsive to this request at this time.

**REQUEST FOR PRODUCTION NO. 19:** Please produce all documents that evidence or support your claim in Paragraph 20 of your Petition that you will "suffer future pecuniary losses" as a result of Harris County's alleged actions.

**RESPONSE:** Grant will supplement with documents if this information becomes available.

**REQUEST FOR PRODUCTION NO. 20:** If you are seeking attorney's fees, please produce detailed, contemporaneous hourly timesheets to support the number of hours requested. Please also produce billing records from other cases sufficient to establish that counsel's requested hourly rate is reasonable and consistent with his demonstrated market value.

**RESPONSE:** Grant objects that this request is protected by attorney-client privilege. Subject to the objections, Grant responds: Plaintiff will supplement with documents.

**REQUEST FOR PRODUCTION NO. 21:** Please produce all documents that evidence or support your claim for punitive damages.

**RESPONSE:** None exists.

## EXPERTS

**REQUEST FOR PRODUCTION NO. 22:** Please produce working papers, notes, calculations, diagrams, photographs, models, exhibits, reports, observations, or any other document prepared or reviewed by any expert who will testify at trial.

**RESPONSE:** Grant objects that this request is protected by attorney-client privilege. Subject to the objection, Grant responds: Other than Grant's legal counsel, none exists.

**REQUEST FOR PRODUCTION NO. 23:** Please produce copies of all transcripts of testimony provided by anyone listed by the plaintiff as an expert witness.

**RESPONSE:** Grant objects that this request is protected by attorney-client privilege. He also objects to the extent Defendant requests testimony of his counsel. This information is not relevant and is overly broad, ambiguous and vague. Subject to the objection, Grant responds: Other than Grant's legal counsel, none exists.

**REQUEST FOR PRODUCTION NO. 24:** Please produce treatises, rules, regulations, guidelines,

statutes, policies, procedures, and any other authoritative materials considered in forming an opinion by any expert who will testify at trial.

**RESPONSE:** Grant objects that this request is protected by attorney-client privilege. He also objects to the extent Defendant requests testimony of his counsel. This information is not relevant and is overly broad, ambiguous and vague. Subject to the objection, Grant responds: Other than Grant's legal counsel, none exists.

**REQUEST FOR PRODUCTION NO. 25:** Please produce invoices, bills, and other billing materials for each expert plaintiff expects will testify at trial.

**RESPONSE:** Grant objects that this request is vague, ambiguous and unspecific, being without limitation which would require a response to that which is not relevant to the claims and defenses at issue in this case. Subject to the objection, Grant responds: Other than his counsel's billable hours on this case, none exists.

## GENERAL

**REQUEST FOR PRODUCTION NO. 26:** Please produce all evidence supporting any claim you have for disparate treatment by Harris County.

**RESPONSE:** Grant objects that this request is overly broad to the extent it seeks information beyond what is relevant in this case. Grant objects that this request is vague, ambiguous and unspecific, being without limitation which would require a response to that which is not relevant to the claims and defenses at issue in this case. Subject to the objections, Grant responds: This information was provided to Defendant during Grant's employment. Grant will provide a limited medical authorization for Defendant to request this information from his medical providers if Defendant provides the form. He will also supplement if this information becomes available. See bate-stamped documents P-000001-000356.

**REQUEST FOR PRODUCTION NO. 27:** Please produce all documents in your possession or control concerning your former employment with Harris County that have not been produced elsewhere.

**RESPONSE:** Grant objects that this request is overly broad to the extent it seeks information beyond what is relevant in this case. Grant objects that this request is vague, ambiguous and unspecific, being without limitation which would require a response to that which is not relevant to the claims and defenses at issue in this case. Subject to the objections, Grant responds: This information was provided to Defendant during Grant's employment. Grant will provide a limited medical authorization for Defendant to request this information from his medical providers if Defendant provides the form. He will also supplement if this information becomes available. See bate-stamped documents P-000001-000356.

**REQUEST FOR PRODUCTION NO. 28:** Please produce all non-privileged documents in your possession or control concerning this lawsuit that have not been produced elsewhere.

**RESPONSE:** Grant objects that this request is overly broad to the extent it seeks information beyond what is relevant in this case. Grant objects that this request is vague, ambiguous and unspecific, being without limitation which would require a response to that which is not relevant to the claims and defenses at issue in this case. Subject to the objections, Grant responds: This information was provided to Defendant during Grant's employment. Grant will provide a limited medical authorization for Defendant to request this information from his medical providers if Defendant provides the form. He will also supplement if this information becomes available. See bate-stamped documents P-000001-000356.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| OTIS GRANT,  *Plaintiff*, | § § § | |
| v. | § § | CIVIL ACTION NO. 16-CV-03529 |
| HARRIS COUNTY,  *Defendant*. | § § § | |

## GRANT'S ANSWERS AND OBJECTIONS TO DEFENDANT'S
## FIRST SET OF INTERROGATORIES

To:   **Harris County**, defendant, by and through his attorney of record, Seth Hopkins, Assistant County Attorney, 1019 Congress Plaza, 15th Floor, Houston, Texas 77002
   **Email: Seth.Hopkins@cao.hctx.net**

Plaintiff, Otis Grant ("Grant") provides the following answers and objections to the following First Set of Interrogatories.

Respectfully submitted,

   /s/   *Victoria Plante-Northington*
VICTORIA PLANTE-NORTHINGTON
Texas Bar No. 00798436
Federal Bar No. 21235
PLANTE LAW FIRM, P.C.
5177 Richmond Avenue Suite 1140
Houston, Texas 77056
Telephone: (713) 526-2615
Facsimile: (713) 513-5176

ATTORNEY FOR PLAINTIFF
OTIS GRANT

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of May 2017, a true and correct copy of the foregoing instrument was sent to the following:

Seth Hopkins
Assistant County Attorney
1019 Congress Plaza, 15th Floor
Houston, Texas  77002
Email: Seth.Hopkins@cao.hctx.net


 /s/ *Victoria Plante-Northington*
VICTORIA PLANTE-NORTHINGTON

## **INTERROGATORIES TO PLAINTIFF OTIS GRANT**

**INTERROGATORY NO. 1:**

Please identify each person answering these interrogatories, supplying information, or assisting in any way with the preparation of the answers to these interrogatories, and identify what information each person supplied. If any person identified in this interrogatory has ever been convicted of a felony or crime involving moral turpitude, please state the nature of the charge and the date and place of arrest and conviction.

**ANSWER:**

I, answered these interrogatories with the assistance of my attorney, Victoria Plante-Northington, who made objections.

**INTERROGATORY NO. 2:**

Please identify all witnesses who have factual information about the case (including those to whom plaintiff communicated with about this case) and provide a brief statement of each witness's knowledge. Please indicate which of these witnesses you expect to call at trial.

**ANSWER:**

See Plaintiff's Initial Disclosures previously filed.

**INTERROGATORY NO. 3:**

Please identify all discoverable, non-testifying consulting experts (that is, consulting experts whose work has been reviewed by the testifying expert). For each expert named, provide the following information:

a. The expert's name, address, and telephone number;

b. The expert's current resume and bibliography;

c. The facts known to the expert that relate to or form the basis of the expert's mental impressions and opinions formed or made in connection with the case, regardless of when and how the factual information was acquired;

d. The mental impressions or opinions of the expert formed or made in connection with the case and any methods used to derive them;

e. Any bias of the expert; and

f. Identify all documents and tangible things, including reports, models, or data compilations that have been provided to, reviewed by, or prepared by

or for the expert, so the documents or tangible things may properly be sought by a request for production.

**ANSWER:**

There are no non-testifying, consulting experts at this time.

**INTERROGATORY NO. 4:**

If you have enough information to anticipate the use of impeachment or rebuttal evidence or witnesses, please identify every person who has impeachment or rebuttal evidence and describe the evidence each person has.

**ANSWER:**

Grant objects to this request to the extent he is not legally required to produce impeachment or rebuttal evidence.

**INTERROGATORY NO. 5:**

Please identify the existence, nature, condition, location, and contents of documents or communications (as defined, *supra*) within your possession, custody, or control that are relevant to this case. If such documents exist, but are not in your possession, custody, or control, please identify who you believe controls these documents, and their general nature. Documents relevant to this case would include, but not be limited to:

1. Communications with Harris County employees, or communications with others regarding your working conditions at Harris County;
2. Documents related to your disability and the alleged worsening of your condition;
3. Documents related to your employment with Harris County;
4. Documents related to your requests for accommodations, alleged denial of those accommodations, and alleged retaliation;

**ANSWER:**

Grant objects that this interrogatory is overly vague, ambiguous and unspecific, being without limitation which would require an answer to that which is not relevant to the claims and defenses at issue in this case. Subject to the objection, without waiving the same, Grant answers:

See bate-stamped documents P0001-0157. Additionally, I have audio recorded conversations that I will supplement at a later date.

In or about November 2012, I filed a EEOC complaint reporting this retaliation against me due to my disability and a formal internal complaint that I filed in August 2011 (see interrogatory #7 answer).

On July 11, 2013, I received a letter from Harris County Juvenile Detention Center stating they needed to address the request for an Americans with Disabilities Act (ADA) accommodation. This only happened after I received the right to sue notice and the release of Supervisor Samuels.

5. Documents related to your efforts to secure employment in the last 10 years; and

   **ANSWER:**

   Grant objects that this interrogatory is overly vague, ambiguous and unspecific, being without limitation which would require an answer to that which is not relevant to the claims and defenses at issue in this case. Subject to the objection, without waiving the same, Grant answers:

   After being terminated in November 2013, I immediately looked for work. Documentation of work sought-after is unavailable at this time. I will provide documentation when it becomes available. However, I finally obtained employment at the Center for Success in April 2014 until May 2015. In August 2015, I started a job in Houston Independent School District where I am still employed.

6. Documents related to your alleged damages.

   **ANSWER:**

   Grant objects that this interrogatory is overly vague, ambiguous and unspecific, being without limitation which would require an answer to that which is not relevant to the claims and defenses at issue in this case. Subject to the objection, without waiving the same, Grant answers: I will supplement when this information become available.

**INTERROGATORY NO. 6:**

Please identify, in detail, the nature of your disability, the exact accommodations that you requested, the dates on which you requested these accommodations, the person to whom you directed your request, and the response you received. Please include a list of dates and occasions in which you assert these requests for accommodations were denied and how you propose that you should have been accommodated.

**ANSWER:**

Grant objects that this interrogatory is overly vague, ambiguous and unspecific, being without limitation which would require an answer to that which is not relevant to the claims and defenses at issue in this case. Subject to the objection, without waiving the same,

Grant answers: I am a type two diabetic, and I have plantar fasciitis in both feet (diabetes is a heart and blood vessel disease and the symptoms it creates are numbness or tingling in the feet or hands, slow to heal, and creates foot problems, thus, I have damaged blood vessels and excessive urination). I suffer from neuropathy and swelling/edema in my feet.  I also have hypertension.  In early 2011, I applied for time off under the Family Medical Leave Act (FMLA) due to my health issues. I also have multiple letters from my doctor from May to July 2011, making administration aware of my medical problems. I did not receive approval for intermittent FMLA until August 17, 2011, in a letter written by Mona Green, FMLA Specialist.

In November 2011, I received a written reprimand when I tried to call in late under FMLA stating that I needed to call-in sooner than when I had. I was also denied the opportunity to work in the control booth which is much easier on by feet. This was documented in a grievance that I filed in November 2011.

Also, see Interrogatory No. 6, subsection 4 above for additional examples. Documentation from my doctor and all relevant information was provided and explained all necessary accommodations.

**INTERROGATORY NO. 7:**

Please identify every instance in which you contend you were retaliated against by Harris County, the date you contend you were retaliated against, the person you alleged retaliated against you, and the nature and duration of the alleged retaliation.

**ANSWER:**

Grant objects that this interrogatory is overly vague, ambiguous and unspecific, being without limitation which would require a response to that which is not relevant to the claims and defenses at issue in this case.  Subject to the objection, without waiving the same, Grant answers that the following events highlight instances of retaliation:

Event #1- In or about August 11, 2011, I reported discrimination by the defendant against employees of African descent. Supervisor Samuels would scrutinize them more so than other employees. This is documented in the exception report that I submitted.

Event #2-  In or about August 17, 2011, A. Samuels comes into my unit and goes directly into the control booth on the 4th floor and tells Miss Batiste to not open the booth for me. I know this because I have a recorded conversation between Ms. Baptist and I where she is telling me that he said not to let me inside the booth. As previously stated, working in the control booth is an appropriate accommodation for my health condition.

Event #3- In or about February 2012, I was written up by Mr. Samuels because the recording the wrong times on my paperwork, however the clocks in the unit were malfunctioning with a portion of the number failing to light up. He would scrutinize the times that I wrote down even though they were off only by a few minutes. The supervisor was just using this as an opportunity to retaliate against me, because this level of scrutiny

did not happen until after I had made a formal complaint about the mistreatment of my African-descent co-workers.

Event #4- In or about March 2012, I reported being in pain and requested some FMLA time through Mona Green, the FMLA Specialist, but it was ignored. Then I filed an exception report asking to be accommodated under the ADA to get relief from the constant standing on the concrete floor. When nothing happened again, I went to see my doctor who wrote a note stating that I needed 15 minute breaks as needed.

Event #5- In or about January 2013, I requested that one of my three co-workers sign the unit for me while I take a restroom break. When I returned, no one had signed in the unit for me and I filed an exception report about the incident. A few weeks later, I received a written reprimand about violating the supervision of youth policy.

Event #6- In or about June 2013, I filed an exception report because I requested time off to attend my cousin's wedding, but Mr. Phillips had accused me of not submitted the required paperwork. I recorded Mr. Beasley stating that Mr. Samuels and Mr. Phillips were giving me a hard time.

Event #7- In or about October 2013, I was assigned to constant watch duty, but I recorded incorrect time due to the malfunctioning clock. I drew a line through the mistakes, but I was terminated for failing to maintain an observation checklist.

**For answers to all interrogatories, I reserve the right to add facts as I recall them.**