**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **OTIS GRANT**<br>            *Plaintiff,* | |
| | **CIVIL ACTION NO.: 4:16-CV-3529** |
| **V.** | |
| **HARRIS COUNTY,**<br>            *Defendant.* | **JURY TRIAL** |

<u>**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUEST
FOR PRODUCTION AND FIRST SET OF INTERROGATORIES**</u>

To:    Plaintiff, Otis Grant, through his counsel of record, Victoria Plante-Northington, Plante Law Firm, P.C., 5177 Richmond Avenue, Ste. 1140, Houston, Texas 77056, Victoria@plantelawfirm.com.

        Defendant serves these Objections and Responses to Plaintiffs' First Request for Production and First Set of Interrogatories.

OF COUNSEL:
VINCE RYAN
HARRIS COUNTY ATTORNEY

_____
SETH HOPKINS
Assistant County Attorney
Texas Bar No. 24032435
Federal (Southern District) No. 2043155
1019 Congress Plaza, 15th Floor
Houston, Texas  77002
(713) 274-5141 (telephone)
(713) 755-8924 (facsimile)
Seth.Hopkins@cao.hctx.net

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served by electronic notice to all parties of record on the 10th day of August, 2017:

**Attorneys for Plaintiffs**
Victoria Plante-Northington
Plante Law Firm, P.C.
5177 Richmond Avenue, Ste. 1140
Houston, Texas  77056
Fax: (713) 513-5176
Email: Victoria@plantelawfirm.com

_____
Seth Hopkins

## <u>General & Continuing Objections</u>

1.    Defendant objects to plaintiff's definitions and instructions insofar as they seek to impose obligations that are not required by the Federal Rules of Civil Procedure, the Local Rules for the Southern District of Texas, or by the District Court's scheduling order issued in this case. For example, defendant reserves the right to "identify" persons by providing their names.

2.    Defendant objects to these Requests for Production and Interrogatories to the extent they are cumulative or duplicative.

3.    Defendant objects to these Requests for Production and Interrogatories insofar as they seek or would result in disclosure of information and/or documents that constitute protected health information or are otherwise protected from disclosure under Chapter 552 of the Texas Government Code (*e.g.*, social security numbers, dates of birth, driver's license numbers, home, work and cell numbers, e-mail addresses, home addresses, and photographs of officers) or the Federal Rules of Civil Procedure, the Local Rules for the Southern District of Texas, or by the District Court's scheduling order issued in this case.

4.    Defendant objects to the production of any confidential documents until the parties agree to an appropriate protective order.

5.    Defendant incorporates previous and future general and continuing objections and reserves the right to supplement if additional documents become available.

## DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Please produce all documents that you provided to the EEOC or received from the EEOC relating to Grant.

**RESPONSE:**

Harris County objects to the use of these documents at trial to the extent they contain hearsay, may not have not been authenticated, and contain facts in dispute.  Subject to these objections, please see documents Bates labeled HC-0001-0158.

**REQUEST FOR PRODUCTION NO. 2:**

Please produce the personnel file of Otis Grant including but not limited to performance appraisals, counseling notices, notes to file, corrective action or any other document involving Grant's performance and/or conduct. This request is not limited in time.

**RESPONSE:**

Harris County objects to the scope of plaintiff's request, which is specifically "not limited in time."  Certain documents may fall outside of Harris County's document retention period, or may not have been retained.  Some employee counseling and training occurs orally.  Subject to these objections, please see documents Bates labeled HC-0159-0383.

**REQUEST FOR PRODUCTION NO. 3:**

Please produce all documents that show Grant's job description at the time he was offered and terminated from the Juvenile Supervision Officer position.

**RESPONSE:**

Harris County objects to the scope of plaintiff's request.  Job requirements fluctuate with the needs of the Juvenile Justice Center.  Harris County no longer retains Grant's formal job description at the time he was offered his job 12 years ago.  Subject to these objections, please see Grant's personnel file, Bates labeled HC-0159-0383.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce all documents including notes, internal emails, and other documents made by you or anyone on your behalf relating to the termination of Grant as Juvenile Supervision Officer.

**RESPONSE:**

Harris County objects to this request as being unlimited in time and scope and potentially requiring the production of documents not within custody or control of Harris County.  Harris County also objects to the production of privileged material, such as communication with counsel, and is withholding said documents.  Subject to these objections, please see documents Bates labeled HC-701-711.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce all audio and/or video recordings of Grant relating to any facts of this case.

**RESPONSE:**

Please see video files included in attached CD.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce all documents relating to employee handbooks, policies and procedures on involuntary terminations during Grant's employment.  This request is limited to the time-period Grant was employed by you.

**RESPONSE:**

Harris County objects to this request as written because it requests an unreasonable time and scope outside of Harris County's document retention period and as to positions unrelated to Grant's position.  Subject to these objections, the Juvenile Justice Center has no specific policy on "involuntary terminations."  Harris County has a policy on "separation regulations."  See County Policies, Bates labeled HC-446-474, in effect during Grant's tenure.  Please also see County Policies, Bates labeled HC-712-766, placed into effect in 2014.

**REQUEST FOR PRODUCTION NO. 7:**

Please produce all documents relating to policies and procedures on how you handle ADA accommodations during Grant's employment.  This request is limited to the time-period Grant was employed by you.

**RESPONSE:**

Harris County objects to this request on the grounds that it is overly broad.  Each ADA accommodation is handled on an individual basis, depending on the needs of the employee and staffing requirements.  Subject to these objections, please see Harris County's policy manual, produced in response to Request for Production No. 6.

**REQUEST FOR PRODUCTION NO. 8:**

Please produce all documents relating to the investigation conducted by you for any complaints of any nature made to you by Grant during his employment. This request is limited to the time-period Grant was employed by you.

**RESPONSE:**

Harris County objects to this request as overly broad in time and scope in its use of the phrase "complaints of any nature." Only Grant's written complaints resulted in documents being generated. Those documents are included in Grant's personnel file, Bates labeled HC-0159-0383.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce all documents related to any other lawsuit or claim for violating an employee's rights under the ADA and ADAAA in which you and/or any entity have been a party in the last 10 years. This should include documents indicating the full style of the lawsuit(s) and transcripts of any deposition or trial testimony.

**RESPONSE:**

Harris County objects that other lawsuits or claims are not relevant to this claim and that the scope of the request is overly broad in time and scope. Further, it is unduly burdensome to produce full transcripts and/or depositions, and such documents are not within the custody or control of Harris County and are equally available to plaintiff. Subject to these objections, please see documents Bates labeled HC 384-420.

**REQUEST FOR PRODUCTION NO. 10:**

Please produce the personnel file of the employee who replaced Grant as Juvenile Supervision Officer including but not limited to resumes, applications, performance evaluations, disciplinary/corrective action, complaints and/or grievances.

**RESPONSE:**

Harris County objects to this request as irrelevant, unduly burdensome, and not proportional to the needs of this case. Further, disclosing performance evaluations, disciplinary actions, and complaints of third-parties would violate their privacy rights and contains information not admissible at trial or in summary judgment for a variety of reasons. Subject to these objections, no specific person replaced Otis Grant. The Juvenile Justice Center Supervision Officers are hired as a pool on a continuous basis and are required to accept assignments as the need arises. Staffing shortages occur frequently and are often handled through overtime and/or reassignment.

6

**REQUEST FOR PRODUCTION NO. 11:**

Please produce all documents relating to Anthony Samuels and his resignation and/or termination from employment with Defendant.

**RESPONSE:**

Harris County objects to this request as irrelevant, not proportional to the needs of this case, and in violation of Mr. Samuels's privacy rights. Further, these documents contain information not admissible at trial or in summary judgment for a variety of reasons. Subject to these objections, Harris County will produce documents once the parties have agreed to an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 12:**

Please produce the personnel file of Anthony Samuels including but not limited to performance appraisals, counseling notices, notes to file, resignation letter/notice, termination documents, disciplinary/corrective action or any other document involving Samuels's performance and/or conduct. This request is not limited in time.

**RESPONSE:**

Harris County objects to this request as irrelevant, not proportional to the needs of this case, and in violation of Mr. Samuels's privacy rights. Further, these documents contain information not admissible at trial or in summary judgment for a variety of reasons. Subject to these objections, Harris County will produce documents once the parties have agreed to an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 13:**

Please produce all pay records of Grant including but not limited to pay stubs, W-2 forms, time cards, salary guidelines for his position, and salary information. This request is limited to January 1, 2011 to present.

**RESPONSE:**

Harris County objects to this request to the extent it seeks documents that are redundant to other requests, no longer retained by defendant, and/or in plaintiff's possession. Subject to these objections, please see documents Bates labeled HC-421-445.

**REQUEST FOR PRODUCTION NO. 14:**

Please produce all documents in the personnel file of any employee who was terminated solely for the reason in which Grant was terminated including but not limited to performance evaluations, disciplinary actions, attendance records, write-ups, counseling notices, notes to files,

termination letters/notices and any other documents related to misconduct or performance.  This request is limited to January 1, 2008 to present.

**RESPONSE:**

Harris County objects to this request as irrelevant, unduly burdensome, and not proportional to the needs of this case.  Further, disclosing performance evaluations, disciplinary actions, and records of third-parties would violate their privacy rights and reveal information not admissible at trial or in summary judgment for a variety of reasons.  Further, this request extends well outside Harris County's retention policy for these documents.  Subject to these objections, Harris County is aware of at least six people terminated for similar policy violations in recent years and has requested that the archives department see if any files are still available.  If any are found, they will be produced only after the parties file an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 15:**

Please produce all documents relating to your progressive disciplinary policy for the location in which Grant worked.

**RESPONSE:**

Harris County objects to the term "progressive disciplinary policy" as vague and unclear.  Disciplinary matters are addressed on a case-by-case basis.  For example, an employee whose actions threaten the safety of the children in their care, or with a history of disciplinary violations, will likely receive more serious discipline than an employee with less serious infractions.  Subject to these objections, there are no responsive documents.

**REQUEST FOR PRODUCTION NO. 16:**

Please produce all documents relating to damages caused by any alleged misconduct or performance issues by Grant while he was employed by you.

**RESPONSE:**

Harris County objects to the phrase "related to damages caused by any alleged misconduct or performance issues" as being vague, overly broad, and unclear.  Grant's actions violated standards promulgated by the Texas Juvenile Justice Department.  These violations could have placed the Juvenile Justice Center's accreditation at risk.  Grant's actions also endangered the children he was charged with supervising and subjected the Center to the risk of litigation.  These risks were averted by terminating Grant – and preventing damage before it occurred.

**REQUEST FOR PRODUCTION NO. 17:**

Please produce all documents that you sent to Grant or received from Grant for accommodations due to any disability, injury, and/or medical condition that Grant claimed.

**RESPONSE:**

Please see Grant's personnel file, produced in response to Request for Production No. 2. Please also see Grant's FMLA file, Bates labeled HC-475-593.

**REQUEST FOR PRODUCTION NO. 18:**

Please produce the organizational chart(s) that have Grant's name on them at the time he was employed by you.   This request is limited in time to January 1, 2011 to the date of termination.

**RESPONSE:**

Grant was not a management level employee and did not appear on an official organizational chart.

**REQUEST FOR PRODUCTION NO. 19:**

Please produce the organizational chart(s) that have Anthony Samuels and employees who were supervised by him during his employment with you.  This request is limited in time to January 1, 2011 to the date Samuels' employment was terminated.

**RESPONSE:**

Samuels and the employees he supervised did not appear on an official organizational chart.  Such charts include only upper management level employees.

**REQUEST FOR PRODUCTION NO. 20:**

Please produce all documents that support that Grant asked for reasonable accommodations for medical conditions during his employment.  This request is not limited in time.

**RESPONSE:**

Harris County objects to the extent this request is unduly broad and burdensome and not proportional to the needs of the case because it is admittedly "not limited in time."  Harris County further objects that some documents may be outside the document retention period. Subject to these objections, please see response to Request for Production No. 17.

**REQUEST FOR PRODUCTION NO. 21:**

Please produce all documents given to you by Grant and any other person about Grant's medical condition during his employment.  This request is not limited in time.

**RESPONSE:**

  Harris County objects to the extent this request is unduly broad and burdensome and not proportional to the needs of the case because it is admittedly "not limited in time."  Harris County further objects that some documents may be outside the document retention period. Subject to these objections, please see response to Request for Production No. 17.

**REQUEST FOR PRODUCTION NO. 22:**

  Please retain all information requested in the Request for Production in its original and electronic state including all metadata that shows the creation and modification dates of the electronic file.

**RESPONSE:**

  Harris County objects to this request because it does not seek any particular documents. Harris County further objects that most of the documents requested are not available in electronic format.  Personnel records, FMLA records, and write-ups, for example, are maintained in paper format.

**REQUEST FOR PRODUCTION NO. 23:**

  Please produce all documents relating to FMLA sent by you to Grant and by Grant and/or any medical provider to you.  This request is not limited in time.

**RESPONSE:**

  Please see objections and responses to Request for Production No. 17.

**REQUEST FOR PRODUCTION NO. 24:**

Please prove all documents related to your FMLA policy in effect at the time Grant was employed by you.  This request is not limited in time.

**RESPONSE:**

  Please see objections and responses to Request for Production No. 6.

**REQUEST FOR PRODUCTION NO. 25:**

Please produce documents of complaints and/or grievances made by employees and/or juvenile inmates against Grant during his employment with you.

**RESPONSE:**

Harris County objects to the extent that this requests documents not in the possession or control of Harris County and/or are no longer retained by Harris County.  Numerous employees informally complained about Grant for reasons which included his lack of professionalism and failure to pull his weight on the job.  However, any written records of formal complaints against Grant are beyond Harris County's document retention period.

**REQUEST FOR PRODUCTION NO. 26:**

Please produce documents of complaints and/or grievances made by employees and/or juvenile inmates against any person involved in the decision to terminate Grant.  This request is not limited in time.

**RESPONSE:**

Harris County objects that this request is irrelevant, admittedly "not limited in time," beyond Harris County's retention period, violates the privacy of third-parties (including those who may have made a complaint and the employees to whom a complaint was made) and is not proportional to the needs of the case.  Subject to these objections, the employees responsible for terminating Grant are Tom Brooks, Melissa Watson, and Dr. Matthew Shelton.  There are no known complaints or grievances against these employees, except perhaps those made by Grant.

**REQUEST FOR PRODUCTION NO. 27:**

Please produce documents of complaints and/or grievances made by employees and/or juvenile inmates against Anthony Samuels.  This request is not limited in time.

**RESPONSE:**

Harris County objects that this request is irrelevant, admittedly "not limited in time," beyond Harris County's retention period, violates the privacy of third-parties (including those who may have made a complaint and the employees to whom a complaint was made) and is not proportional to the needs of the case.  Subject to these objections, there are no formal complaints on file against Samuels, other than those made by Grant.  Harris County attaches its response to Grant's EEOC complaint referencing Samuels. See documents Bates labeled HC-594-598.

**REQUEST FOR PRODUCTION NO. 28:**

Please produce all documents that were used by you in making the decision to terminate Grant.

**RESPONSE:**

Harris County objects that this request is unreasonable in its scope and is subject to attorney-client privilege and work product.  Subject to these objections, please see all documents produced by all parties in this case.  In particular, please see Grant's personnel file and the videos included with this production.

**REQUEST FOR PRODUCTION NO. 29:**

Please produce all policies, practices, procedures or any other documents that you used as support to terminate Grant.

**RESPONSE:**

Please see objections and response to Request for Production Nos. 7 and 28.  Please also see Observation Procedures, which Grant signed (or refused to sign) each year.  These documents are Bates labeled HC-599-605.

**REQUEST FOR PRODUCTION NO. 30:**

Please produce all documents evidencing the salary guidelines and/or ranges for a Juvenile Supervision Officer from January 1, 2011 to present.

**RESPONSE:**

Please see objections and responses to Request for Production No. 13.

**REQUEST FOR PRODUCTION NO. 31:**

If you allege Grant would not have qualified and/or been given any increases in pay if he remained employed by you to present, please provide all documents that support this contention.

**RESPONSE:**

Harris County objects to this request on the ground that it is speculative and assumes that Grant would have kept his job.  This request also assumes that the JSO pay scale would have remained the same.  Subject to these objections, please see objections and responses to Request for Production No. 13.

**REQUEST FOR PRODUCTION NO. 32:**

Please produce all documents in the personnel file of any employee who was involved in making the decision to terminate Grant including but not limited to performance evaluations, disciplinary actions, attendance records, write-ups, complaints/grievances by and against said employee, counseling notices, notes to files, termination letters/notices and any other documents related to misconduct or performance.  This request is limited to January 1, 2008 to the date Grant was terminated by you.

**RESPONSE:**

Harris County objects that this request is irrelevant, unduly burdensome, not proportional to the needs of the case, and in blatant violation of the privacy of third-parties.  These records are not likely to lead to the discovery of admissible evidence. Subject to these objections, the employees responsible for terminating Grant are Tom Brooks, Melissa Watson, and Dr. Matthew Shelton.

**REQUEST FOR PRODUCTION NO. 33:**

Please produce all documents referencing training completed on workplace discrimination, retaliation, harassment, and/or hostile work environment for Anthony Samuels, Giselle Jones, Doris Phillips, Aaron Beasley, Thomas Brooks, Henry Gonzales, Melissa Watson, Matt Shelton, Bianca Malveaux, Diana Quintana, and Alfred Bryant from January 1, 2008 to present.

**RESPONSE:**

Harris County objects that this request is irrelevant, unduly burdensome, not proportional to the needs of the case, and in blatant violation of the privacy of third-parties.  These records are not likely to lead to the discovery of admissible evidence.  Grant has failed to even show any relationship between these employees and himself.

**REQUEST FOR PRODUCTION NO. 34:**

Please produce all documents that relate to the policy that Grant allegedly violated that resulted in his termination.

**RESPONSE:**

Grant routinely violated policies that were not specifically identified in his termination documents.  His termination papers identify the policies for which he was finally terminated. Subject to these objections, please see documents produced in response to Request for Production Nos. 1 and 2.  Please also see policies produced in response to Request for Production No. 35.  Please also see document Bates labeled HC-606 and "Use of Personal

Audio/Visual Recording Equipment" policy, Bates labeled HC-700. Please also see documents Bates labeled HC-767-775.

**REQUEST FOR PRODUCTION NO. 35:**

Please produce all policies and procedures given to Grant on the supervision of juvenile inmates.

**RESPONSE:**

Harris County objects on the ground that "policies and procedures" is vague, as written. Further, numerous policies related to Grant's duty to supervise juvenile inmates. Subject to these objections, please see documents Bates labeled HC-607-619 and documents produced in response to Request for Production No. 34.

**REQUEST FOR PRODUCTION NO. 36:**

Please produce all documents attached or included with the position statements that you provided to the EEOC regarding all EEOC Charges filed by Grant.

**RESPONSE:**

Harris County objects on the ground that Grant is in possession of this information, and the portions that he does not possess may be protected by attorney-client privilege and the work product doctrine. Further, Grant filed at least two EEOC complaints—one of which was filed on behalf of *others* for alleged claims that did not even involve him. That filing is not relevant to this case. Subject to these objections, please see Response to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 37:**

Please produce Position Statements provided by you to the EEOC regarding EEOC Charges filed by Grant.

**RESPONSE:**

Please see objections and responses to Request for Production Nos. 36 and 37.

**REQUEST FOR PRODUCTION NO. 38:**

Please produce all documents that relate to policies and procedures for requesting a reasonable accommodation under the Americans with Disabilities Act.

**RESPONSE:**

Harris County objects on the ground that the request is vague in the use of the terms "relate to" and "policies and procedures" and that the request is unlimited in time and scope and

is not proportional to the needs of the case.  Subject to these objections, Grant was expected to submit a formal, written request for accommodations with appropriate supporting documentation.  An "exception" report was not the appropriate mechanism for making such a request.  Subject to these objections, please see County Policies produced in response to Request for Production Nos. 6 and 7, as well as the ADA Handbook, labeled with Bates numbers HC-656-699.

**REQUEST FOR PRODUCTION NO. 39:**

Please produce all documents that relate to policies and procedures for investigating harassment, discrimination, hostile work environment and/or retaliation complaints by employees.

**RESPONSE:**

Harris County objects on the ground that the request is vague in the use of the terms "relate to," "policies and procedures," and "investigating" and that the request is unlimited in time and scope and is not proportional to the needs of the case.  Subject to these objections, please see County Policies produced in response to Request for Production No. 6.

**REQUEST FOR PRODUCTION NO. 40:**

Please produce all documents that relate to your FMLA policies and procedures.

**RESPONSE:**

Harris County objects on the ground that the request is vague in the use of the terms "relate to" and that the request is unlimited in time and scope and is not proportional to the needs of the case.  Subject to these objections, please see County Policies produced in response to Request for Production No. 6.

**REQUEST FOR PRODUCTION NO. 41:**

Please produce all documents that relate to your Call-In policies and procedures

**RESPONSE:**

Harris County objects on the ground that the request is vague in the use of the terms "relate to" and that the request is unlimited in time and scope and is not proportional to the needs of the case.  Subject to these objections, please see County Policies produced in response to Request for Production No. 6.

**REQUEST FOR PRODUCTION NO. 42:**

Please produce all documents that relate to your attendance and/or lateness policies and procedures.

**RESPONSE:**

Harris County objects on the ground that the request is vague in the use of the terms "relate to" and that the request is unlimited in time and scope and is not proportional to the needs of the case. Subject to these objections, please see County Policies produced in response to Request for Production No. 6.

**REQUEST FOR PRODUCTION NO. 43:**

Please produce all leave request documents to and/or from Grant.

**RESPONSE:**

Harris County objects on the ground that the request is not limited in time and scope, not proportional to the needs of the case, and equally available to Grant. Subject to these objections, these documents have not been retained.

**REQUEST FOR PRODUCTION NO. 44:**

Please produce all Exception Reports to and/or from Grant.

**RESPONSE:**

Harris County objects to the use of Exception Reports at trial as irrelevant to the issues in this case and containing hearsay and other inadmissible statements. Subject to these objections, please see documents Bates labeled HC-620.

**REQUEST FOR PRODUCTION NO. 45:**

Please produce all documents related to Exception Reports and Leave Requests involving Grant.

**RESPONSE:**

Harris County objects to the use of Exception Reports at trial as irrelevant to the issues in this case and containing hearsay and other inadmissible statements. Subject to these objections, please see documents Bates labeled HC-621-638.

**REQUEST FOR PRODUCTION NO. 46:**

Please produce all documents from Grant's healthcare providers that you received.

**RESPONSE:**

Please see response to Request for Production No. 17.

**REQUEST FOR PRODUCTION NO. 47:**

Please produce all documents that relate to any logs or data kept by you on the FMLA that Grant took and/or requested.

**RESPONSE:**

Please see response to Request for Production No. 13 and documents Bates labeled HC-639-651.

**REQUEST FOR PRODUCTION NO. 48:**

Please produce all job descriptions for a JSO.

**RESPONSE:**

Harris County objects that this request is not limited in time and is not proportional to the needs of the case. Further, Harris County objects to the phrase "job descriptions" as vague, since employment needs sometimes fluctuated. Subject to these objections, please see response to Request for Production No. 2, which includes job descriptions relevant to Grant.

**REQUEST FOR PRODUCTION NO. 49:**

Please produce all documents that relate to complaints or grievances by other employees against Grant.

**RESPONSE:**

Please see objections and responses to Request for Production No. 25.

**REQUEST FOR PRODUCTION NO. 50:**

Please produce all documents that relate to your prohibition of any or all electronic devices during work hours.

**RESPONSE:**

Harris County objects on the ground that this Request is vague, not limited in time or scope, and not proportional to the needs of the case. Further, some instructions related to the use of electronic devices may have been given orally. Subject to these objections, please see response to Request for Production No. 34.

**REQUEST FOR PRODUCTION NO. 51:**

Please produce the personnel file of Tyrone Allen including but not limited to performance appraisals, counseling notices, notes to file, resignation letter/notice, termination documents, disciplinary/corrective action, request for FMLA, approval of FMLA, request for accommodations under the ADA, complaints of discrimination, retaliation and harassment by Allen or any other document involving Allen's performance and/or conduct. This request is not limited in time.

**RESPONSE:**

Harris County objects to this request as irrelevant, unduly burdensome, not limited in time or scope, and not proportional to the needs of this case.  Further, disclosing performance evaluations, disciplinary actions, and complaints of third-parties would violate the privacy rights of third parties and contains information not admissible at trial or in summary judgment for a variety of reasons.  Grant has not even attempted to explain what relationship this person has with his case, or why or how these records could possibly be relevant to his ADA claims.

**REQUEST FOR PRODUCTION NO. 52:**

Please produce the personnel file of Eric Bernard including but not limited to performance appraisals, counseling notices, notes to file, resignation letter/notice, termination documents, disciplinary/corrective action, request for FMLA, approval of FMLA, request for accommodations under the ADA, complaints of discrimination, retaliation and harassment by Bernard or any other document involving Bernard's performance and/or conduct. This request is not limited in time.

**RESPONSE:**

Harris County objects to this request as irrelevant, unduly burdensome, not limited in time or scope, and not proportional to the needs of this case.  Further, disclosing performance evaluations, disciplinary actions, and complaints of third-parties would violate the privacy rights of third parties and contains information not admissible at trial or in summary judgment for a variety of reasons.  Grant has not even attempted to explain what relationship this person has with his case, or why or how these records could possibly be relevant to his ADA claims.

**REQUEST FOR PRODUCTION NO. 53:**

Please produce the personnel file of Marcus Gordon including but not limited to performance appraisals, counseling notices, notes to file, resignation letter/notice, termination documents, disciplinary/corrective action, request for FMLA, approval of FMLA, request for accommodations under the ADA, complaints of discrimination, retaliation and harassment by Gordon or any other document involving Gordon's performance and/or conduct. This request is not limited in time.

**RESPONSE:**

Harris County objects to this request as irrelevant, unduly burdensome, not limited in time or scope, and not proportional to the needs of this case.  Further, disclosing performance evaluations, disciplinary actions, and complaints of third-parties would violate the privacy rights of third parties and contains information not admissible at trial or in summary judgment for a variety of reasons.  Grant has not even attempted to explain what relationship this person has with his case, or why or how these records could possibly be relevant to his ADA claims.

**REQUEST FOR PRODUCTION NO. 54:**

Please produce the personnel file of Brodrick Punch including but not limited to performance appraisals, counseling notices, notes to file, resignation letter/notice, termination documents, disciplinary/corrective action, request for FMLA, approval of FMLA, request for accommodations under the ADA, complaints of discrimination, retaliation and harassment by Punch or any other document involving Punch's performance and/or conduct. This request is not limited in time.

**RESPONSE:**

Harris County objects to this request as irrelevant, unduly burdensome, not limited in time or scope, and not proportional to the needs of this case.  Further, disclosing performance evaluations, disciplinary actions, and complaints of third-parties would violate the privacy rights of third parties and contains information not admissible at trial or in summary judgment for a variety of reasons.  Grant has not even attempted to explain what relationship this person has with his case, or why or how these records could possibly be relevant to his ADA claims.

**REQUEST FOR PRODUCTION NO. 55:**

Please produce all documents that relate to your Observation Checklist for JSO's.

**RESPONSE:**

Harris County objects to this request as vague in its use of the term "relate to" and its lack of clarity as to an "Observation Checklist."  Harris County further objects to the phrase "all documents" as overly broad and not proportional to the needs of the case.  Subject to these objections, please see response to Request for Production No. 34.

**REQUEST FOR PRODUCTION NO. 56:**

Please produce all documents that relate to your Supervision of Youth Policy for JSO's.

**RESPONSE:**

Harris County objects to this request as vague in its use of the term "relate to," overly broad and not proportional to the needs of the case in its use of the term "all documents." Subject to these objections, please see response to Request for Production No. 55.

**REQUEST FOR PRODUCTION NO. 57:**

Please produce all documents that Grant received regarding policies, procedures, handbooks, checklists and any other document in which you rely to support the counseling, verbal/written warnings, suspensions, termination and any other form of progressive discipline of Grant.

**RESPONSE:**

Harris County objects to this request as vague, overly broad, and not proportional to the needs of the case in its use of the terms "all documents," "counseling," "verbal/written warnings," and "progressive discipline."  As explained, *supra*, the Center's discipline of employees was individualized based on factors such as the severity and frequency of the infractions.  Further, Grant was frequently informally counseled and/or warned without documentation.  Subject to these objections, please see response to Request for Production Nos. 2 and 35.

**REQUEST FOR PRODUCTION NO. 58:**

Please produce all documents that relate to any grievances filed by Grant during his employment.

**RESPONSE:**

Please see response to Request for Production No. 2.

**REQUEST FOR PRODUCTION NO. 59:**

Please produce all documents that relate to your policy on how long a counseling notice, verbal/written warning, suspension, and/or any other adverse action for an employee and/or JSO of Defendant are used against said employee for discipline purposes.

**RESPONSE:**

Harris County objects to this request as vague, overly broad, and not proportional to the needs of the case, particularly in its use of the phrase "used against said employee" and "for discipline purposes."  As explained, *supra*, the Center disciplined employees depending on the nature and severity of their offenses and the risk posed to youth.  This required an individual assessment of each employee's conduct and disciplinary record.

**REQUEST FOR PRODUCTION NO. 60:**

Please produce all documents that relate to employment benefits of JSO's or employees similarly situated in which all said person are entitled to or eligible.  This request includes but is not limited to retirement benefits, pensions, thrift accounts, insurances, long and short term disability, bonuses, and pay increases.

**RESPONSE:**

Harris County objects to this request as vague, overly broad, and not proportional to the needs of the case, particularly in the use of the phrases "all documents," "relate to," "similarly situated," and "in which all said persons are entitled to or eligible."  Subject to these objections, please see response to Request for Production No. 6.

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST INTERROGATORIES**

**INTERROGATORY NO. 1:**

Please state the full name, residence address, business address, business telephone number, date of birth, social security number, driver's license number of each person answering these interrogatories and the specific interrogatory that person answered.

**ANSWER:**

Harris County objects to providing Social Security numbers, driver's license numbers, dates of birth, and home addresses of its employees.  Subject to these objections, these interrogatories were answered using records compiled by Dr. Matthew Shelton, Bianca Malveaux, Keith Branch, and with the assistance of Seth Hopkins.  These parties can be reached c/o Seth Hopkins, Harris County Attorney's Office, 1019 Congress, 15th Floor, Houston, Texas 77002.

**INTERROGATORY NO. 2**:

Please list each and every reason Harris County terminated Grant.

**ANSWER**:

Harris County objects to this interrogatory on the ground that it is overly broad and vague and cannot be answered within the confines of an interrogatory.  Otis Grant was a difficult employee who was ultimately terminated for the reasons explained in his personnel file and Harris County's EEOC response.  Please see response to Request for Production Nos. 1 and 2.

**INTERROGATORY NO. 3**:

Please identify all persons involved in making the decision to terminate Grant (whether by recommendation of termination or the final decision to terminate).  If the decision was made and/or recommended by more than one person, please describe in what way the person was involved in the decision.  Please make sure you follow the instructions to "identity" the person.

**ANSWER**:

Mr. Grant was terminated by Melissa Watson, Dr. Matthew Shelton, and Thomas Brooks. This was a joint decision made after reviewing the evidence contained in Grant's personnel file, produced in response to Request for Production No. 2.

**INTERROGATORY NO. 4**:

With respect to each meeting, conversation, or discussion, however informal, at which time the subject matter of Grant's termination was discussed by officers and/or managers and/or supervisors of the Defendant's employer company, set forth:

    a. the date of the meeting, conversation, or discussion;

    b. the name and address of each participant of the meeting, conversation, or discussion; and

    c. a description in detail of what was said by whom.

**ANSWER**:

Harris County objects to the compound nature of this interrogatory.  Harris County further objects that this request is overly broad and vague (particularly in its use of the terms "however informal" and "description in detail"), cannot be answered within the confines of this interrogatory, and that written documents provide the best evidence. Subject to these objections, please see emails produced in response to Request for Production No. 4.  Emails to or from counsel are being withheld as privileged.

**INTERROGATORY NO. 5**:

Please list every reason Anthony Samuels' employment with Harris County was terminated, whether voluntary or involuntary.

**ANSWER**:

Harris County objects to this interrogatory on the ground that it is overly broad and vague and cannot be answered within the confines of an interrogatory.  Harris County further objects to this interrogatory on the ground that it violates the privacy of a third party who is not part of this lawsuit. Subject to these objections, please see response to Request for Production No. 12.

**INTERROGATORY NO. 6**:

Please identify all persons who were involved in the decision (if any) to terminate Anthony Samuels (whether by recommendation and/or final decision maker).

**ANSWER**:

Harris County objects to this interrogatory on the ground that it is irrelevant and violates the privacy of third parties.  Subject to these objections, the decision was made to terminate Mr. Samuels by Melissa Watson, Dr. Matthew Shelton, and Thomas Brooks.  However, Mr. Samuels resigned before being presented with his termination letter.

**INTERROGATORY NO. 7**:

Please identify the person who was the final decision-maker in the decision to terminate Grant.

**ANSWER**:

Thomas Brooks is the final decision-maker as to all employment decisions at the Center, including the decision to terminate Grant.

**INTERROGATORY NO. 8**:

State whether Grant's work performance and/or conduct while employed by you had ever been unsatisfactory, and if so, set forth:

   a. the dates or periods during which Grant's performance and/or conduct were allegedly unsatisfactory;

   b. a description of how Grant's performance and/or conduct were unsatisfactory;

   c. whether there is any documentation supporting a claim of unsatisfactory performance and/or misconduct; and

   d. the name and address of each person having knowledge of allegedly unsatisfactory performance and/or misconduct.

This interrogatory is not limited in time.

**ANSWER**:

Harris County objects to the compound nature of this interrogatory.  Harris County further objects that this request is overly broad and vague (particularly in its use of the terms "unsatisfactory," "performance," and "misconduct"), cannot be answered within the confines of this interrogatory, and that written documents provide the best evidence.  Further, Harris County objects that this interrogatory is admittedly "not limited in time" and seeks information not

23

proportional to the needs of this case.  Finally, Harris County objects to the extent that this request seeks information outside the possession and control of Harris County, but within the knowledge of plaintiff.  Subject to these objections, Grant was the subject of informal complaints by co-workers and was known for resisting his duties in the workplace.  He frequently argued with his supervisors, as documented by the audio and video files that he produced in this case. Subject to these objections, please the audio and video files produced by Grant and response to Request for Admission Nos. 1 and 2.

**INTERROGATORY NO. 9**:

State whether Grant was ever warned, counseled, and/or suspended concerning any alleged unsatisfactory performance and/or misconduct identified above, and if so, set forth for each warning or counseling:

a. the date and time of the warning or counseling;

b. the name, job title, and address of each person who participated in the warning or counseling; and

c. the form (i.e., verbal or written) of the warning, counseling and/or suspension.

This interrogatory is not limited in time.

**ANSWER**:

Harris County objects to the compound nature of this interrogatory.  Harris County further objects that this request is overly broad and vague (particularly in its use of the terms "warning," "counseling," "unsatisfactory," and "misconduct"), cannot be answered within the confines of this interrogatory, and that written documents provide the best evidence.  Further, Harris County objects that this interrogatory is admittedly "not limited in time" and seeks information not proportional to the needs of this case.  Finally, Harris County objects to the extent that this request seeks information outside the possession and control of Harris County, and within the knowledge of plaintiff.  Subject to these objections, Grant was the subject of informal complaints by co-workers and was known for resisting his duties in the workplace.  He frequently argued with his supervisors, as documented by the audio and video files that he produced in this case.  Subject to these objections, please the audio and video files produced by Grant and response to Request for Admission Nos. 1 and 2.

**INTERROGATORY NO. 10**:

Please identify each person who engaged in protected activity with the job title of Juvenile Supervision Officer (JSO) from January 1, 2008 to present.  For each person, please state the dates of employment and whether the person alleged retaliation by you in any form.

**ANSWER**:

Harris County objects that this interrogatory is unclear in the term "protected activity." Further, it is overly broad, vague, and not proportional to the needs of the case.

**INTERROGATORY NO. 11**:

Please identify each person who received or receives a reasonable accommodation based on a disability employed by Defendant from January 1, 2008 to present.

**ANSWER**:

Harris County objects to this interrogatory on the ground that it is overly broad in time and scope and affects the privacy rights of third parties. Harris County further objects that while it documents individual employees' accommodations, it does not keep a list of "disabled" employees receiving accommodations. Thus, these records are not kept in the normal course of business and are not available in an electronically searchable format. Thus, this interrogatory is overly burdensome and not proportional to the needs of the case.

Subject to these objections, the most common accommodation is to allow employees to work the night shift, when juvenile residents are normally asleep. This is a less stressful and more desirable shift, and employees recovering from surgery or with mobility impairments often request this shift. Grant was already working the night shift.

The Center is aware that one employee (who has since died) was allowed to wear a hat and chemotherapy pump while undergoing chemotherapy. The Center has also compiled a list of employees known to be receiving accommodations, and the accommodation they are receiving. This list will be produced after the entry of an appropriate protective order.

**INTERROGATORY NO. 12**:

Please state the date you became aware Grant had engaged in protected activity.

**ANSWER**:

Harris County objects to this interrogatory, because it is unclear what is being asked or what "protected activity" Grant allegedly engaged in.

**INTERROGATORY NO. 13**:

If any person involved in the decision to terminate Grant is no longer employed by you, please state the last known address and telephone number for each person.

**ANSWER**:

The three employees involved in the decision to terminate Grant are still employed at the Center.

**INTERROGATORY NO. 14**:

Please state Grant's annual salary for each year while employed by you, beginning January 1, 2009 to present. You may provide W-2 forms to answer this interrogatory.

**ANSWER**:

Harris County objects on the ground that this information is equally available to Grant and can be more accurately explained through documentation.  Subject to this objection, please see response to Request for Admission No. 2.

**INTERROGATORY NO. 15**:

Please state whether Grant worked more than 40 hours per workweek while employed by you, beginning January 1, 2011 to date of termination. When answering this interrogatory, please list the workweek start and end dates and the total number of hours for each workweek.

**ANSWER**:

Harris County objects on the ground that this information is equally available to Grant and can be more accurately explained through documentation.  Subject to these objections, please see response to Request for Admission No. 13.

**INTERROGATORY NO. 16**:

Please state all salary ranges of JSO from January 1, 2010 to present.

**ANSWER**:

Harris County objects on the ground that this information can be more accurately explained through documentation.  Subject to this objection, please see response to Request for Admission No. 13.

**INTERROGATORY NO. 17**:

Please "identify" every JSO who worked at the location in which Grant worked from January 1, 2008 to Grant's date of termination. Please state whether the JSO was fired, resigned or retired. Also provide the race and gender of the employee.

**ANSWER**:

Harris County objects that this interrogatory is overly broad, not reasonably limited in time or scope, irrelevant, equally available to Grant, and seeks information not kept in the normal course of business.  Harris County maintains paper personnel files and does not document where each employee has worked in relation to Grant every night.  Further, this request violates the privacy of third parties.

**INTERROGATORY NO. 18**:

For every employee listed in the preceding interrogatory, please state whether the employee ever requested a reasonable accommodation relating to an alleged disability during employment, what type of disability the employee claimed and whether accommodations were granted by you.

**ANSWER**:

Please see objections to Interrogatory No. 17.

**INTERROGATORY NO. 19**:

Please "identify" every JSO who requested a reasonable accommodation related to an alleged disability who is still employed by you.

**ANSWER**:

Please see objections to Interrogatory No. 11.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

**OTIS GRANT**
   *Plaintiff,*

             **CIVIL ACTION NO.: 4:16-CV-3529**

**V.**             **JURY TRIAL**

**HARRIS COUNTY,**
   *Defendant.*

## VERIFICATION

THE STATE OF TEXAS

COUNTY OF HARRIS

   BEFORE ME, the undersigned Notary Public, on this day personally appeared Dr. Matthew Shelton, who being by me duly sworn on his oath, deposed and said that,

   "My name is Dr. Matthew Shelton, and I am Deputy Director of Administrative Services for the Harris County Juvenile Probation Department.  I have read defendants' responses to plaintiff's First Set of Interrogatories, and the statements contained therein are true and correct and based on information either within my personal knowledge or made available to me from other persons."

   _____
   DR. MATTHEW SHELTON

   SUBSCRIBED AND SWORN TO BEFORE ME ON this _10th_ day of August,

2017, to certify which I affix my hand and seal of office.

Notary Public in and for the State of Texas



IDALIA RODRIGUEZ
NOTARY ID # 12137528
My Commission Expires
October 18, 2020