**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **OTIS GRANT** | |
| *Plaintiff,* | |
| | **CIVIL ACTION NO.: 4:16-CV-3529** |
| **V.** | |
| **HARRIS COUNTY,** | **JURY TRIAL** |
| *Defendant.* | |

## AGREED PROTECTIVE ORDER

Came on this day for consideration, the parties' agreed motion for entry of a protective order filed in accordance with Federal Rule of Civil Procedure Rule 26(c), Federal Rule of Evidence 502, and this Court's General Order 2004-11. After considering same, this Court is of the opinion that the parties' motion is meritorious and should be GRANTED. Accordingly,

IT IS THEREFORE ORDERED that all confidential documents, including third-party employee health records and other protected health information, other non-public information, hiring, training, disciplinary, performance and other personnel records, complaints and other investigative records contained in Harris County's and the Harris County Juvenile Probation Department (collectively, "Harris County") files, and documents the producing party believes in good faith to contain sensitive, proprietary, and/or confidential information that are produced in the above-styled case ("this litigation") shall be subject to the following protective order:

# I. SCOPE

1.     Third-party health records and other protected health information, other non-public information, hiring, training, disciplinary, performance and other personnel records, complaints and other investigative records contained in Harris County's files, and documents the producing party believes in good faith to contain sensitive, proprietary and/or confidential information produced during the course of this litigation shall be kept confidential (collectively referred to as "Confidential Information") and used only for purposes of this litigation.

2.     The Confidential Information shall not otherwise be used or shown, disclosed, disseminated, copied, released, posted or otherwise disclosed on the Internet, through Facebook, Myspace, Twitter, e-mail, or any social network or publication through any written, audio or visual media or medium, or in any way communicated to anyone for any purpose whatsoever.[1] Harris County may redact information in Harris County's policies and procedures that could pose a security risk, if disclosed.

3.     Certain Confidential Information (*e.g.*, physician-patient privileged information and non-party individuals' health-related requests, health records and other health-related information contained in Harris County's files) may be Protected Health Information ("Protective Health Information" or "PHI") as defined by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and the regulations promulgated thereunder.  *See, e.g.*, 45 C.F.R. §§ 164.501 & 164.512(e).  Subject to the rules of procedure governing this action and without prejudice to any objection made by any party except as otherwise provided herein, Harris County is authorized to disclose to Plaintiff's counsel of record PHI relevant to the claims and defenses at issue in this litigation, subject to all terms of this Order.  The parties are

---

[1]     *See e.g., Chauvin v. Lee*, No. 99-2200, 2000 WL 567006, at *3 (E.D. La. May 8, 2000); *D'Antoni v. Roach*, No. Civ.A. 97-1799, 1997 WL 627601, at *4 (E.D. La. Oct. 10, 1997).

prohibited from using or disclosing PHI for any purpose other than this litigation.  *See* 45 C.F.R. § 164.512(e).   This Order does not authorize the disclosure of PHI under any other circumstances.

4.     If the receiving party disagrees with the designation of any document as Confidential Information by the producing party, the parties will attempt to resolve the issue concerning the designation.  If no agreement may be reached concerning the designation, the receiving party may petition the Court to review the designation and the burden is on the producing party to demonstrate good cause for the confidential designation.

## II. DESIGNATION OF INFORMATION OR DOCUMENTS AS CONFIDENTIAL INFORMATION

5.     Any Protected Health Information and/or other Confidential Information disclosed or document produced in discovery may be generally designated as Confidential Information by marking or labeling it "CONFIDENTIAL" at the time that copies are furnished to a party conducting discovery, or when such documents are otherwise disclosed.

6.     Information or documents disclosed at a deposition may be designated by the parties as Confidential Information by indicating on the record at or after the deposition that a specific portion of testimony is so designated and subject to the terms of this Order.  The portions of deposition testimony designated as containing Confidential Information shall be stamped by the court reporter "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" and access thereto shall be limited as provided herein.  Furthermore, Confidential Information shall not lose its character because it is designated as an exhibit to a deposition, regardless of whether the deposition or deposition transcript itself is later designated, in whole or in part, as CONFIDENTIAL or CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.

### III. REDACTION OF PROTECTED HEALTH
### INFORMATION OF NON-PARTY INDIVIDUALS

7.     When Protected Health Information is disclosed by the parties as authorized by this Order, the names and social security numbers of the non-party individuals who are otherwise identified in the PHI shall be kept confidential and may be redacted to protect the identity of the patients.  Upon receipt of any PHI disclosed during the course of this lawsuit, the receiving party shall take all reasonable measures necessary for protecting the PHI from unauthorized disclosure as required under HIPAA.

### IV. RESTRICTIONS ON DISCLOSURE

8.     All third-party Protected Health Information and/or other Confidential Information produced or disclosed by the parties in this litigation shall be subject to the following restrictions:

a.     such documents, information and things shall be used only for purposes of the prosecution and/or defense of this litigation and not for any other purpose whatsoever;

b.     such documents, information and things shall not be shown or communicated in any way inconsistent with this Order or to anyone other than "Qualified Persons," defined below, which persons receiving such information shall not make further disclosure to anyone except as allowed by this Order; and

c.     no one except the parties, their counsel, the Court, and experts or consultants retained by the parties shall be provided copies of such information.

4

## V. QUALIFIED PERSONS

9.     **Qualified Persons.**  "Qualified Persons" means:

    a.     The Court and Court personnel;

    b.     Counsel for each party and employees or agents of counsel who assist in the conduct of this litigation, including employees of any company retained to reproduce documents containing Protected Health Information and/or other Confidential Information;

    c.     Experts or consultants retained by counsel for the purpose of providing expert opinions and/or testimony in this litigation;

    d.     The parties and their officials and/or employees that counsel deems necessary to participate in the conduct of this litigation;

    e.     Court reporters, video equipment operators, and witnesses who testify in a deposition or at a hearing (provided the witness may only see information pertinent to the witness's testimony); and

    f.     any other person by Order of this Court after notice to all parties and opportunity to be heard.

10.     **Acknowledgment.**  With the exception of the Court, the clerk, Court employees, Plaintiff, Harris County officials and employees, court reporters, counsel representing the parties in this litigation and in-house counsel, and/or paralegals or secretarial employees under the direct supervision of such counsel, each other Qualified Person who reviews or inspects Protected Health Information and/or other Confidential Information shall sign a copy of the Affidavit attached hereto as Exhibit 1 prior to reviewing or inspecting such information.  Each person's signature shall be notarized by an officer authorized to administer oaths.  Within 72 hours after the affidavit has been signed and notarized, the affidavit must be produced to the opposing party in accordance with the terms of this section. As to each person to whom any Protected Health Information or other Confidential Information is revealed or shown pursuant to this Order, such

information may be used only for purposes of this litigation, and may not be used for any other purpose.

11.     **List of Persons.**  All counsel shall maintain a list of the names of all third persons to whom disclosure of Protected Health Information and/or other Confidential Information was made.

12.     **Depositions.**  At the deposition of a third-party witness, a party examining a witness may show documents designated as Confidential Information to such witness at his/her deposition; provided, however, that (i) the witness agrees in writing (by executing before a Notary the affidavit attached hereto as Exhibit 1) to be bound by the terms of this Order, and (ii) the witness shall not retain any copies of the documents or of the deposition transcript so designated.

13.     **Restrictions on Qualified Person's Disclosure.**  Absent written agreement from the producing party's counsel of record or by order of the Court, no Qualified Person receiving Protected Health Information and/or other Confidential Information may disclose or release such information to any person not authorized to receive such information in accordance with this order.

## VI. DISCLOSURE OF, POSSESSION OF, OR REQUEST FOR INFORMATION BY PERSONS OTHER THAN QUALIFIED PERSONS

14.     If Protected Health Information and/or other Confidential Information is disclosed to or comes into the possession of any persons other than Qualified Persons, any person becoming aware of such disclosure shall immediately inform all counsel of record of all pertinent facts relating to the unauthorized disclosure, and shall instruct each unauthorized person in writing to treat such documents in accordance with the terms of this protective order and demand

that the Protected Health Information and/or other Confidential Information and all duplicates be returned immediately.

15.     If any party, counsel, or their agents or employees receives a subpoena or other legal process which calls for disclosure or release of any Protected Health Information and/or other Confidential Information or documents, or portion thereof, counsel for the recipient of the subpoena or other legal process shall immediately give written notice of such subpoena or other legal process to all counsel of record and shall cooperate in any reasonable and legally appropriate efforts to oppose or otherwise limit production or disclosure of such information in response to the subpoena or legal process.

## VII. REDACTION

16.     The parties may redact confidential, non-public information in discovery produced in this litigation, including social security numbers, dates of birth, drivers' license numbers and other personal identifying numbers, home addresses, home, work, and cell numbers, emergency contacts, emergency contact numbers, and other emergency contact-related information, officers' family-related information, email addresses, photographs, financial account numbers, financial information, tax, retirement, health, and benefit-related forms and information, health information of officers and other employees and contractors, identities of informants, victims of crimes and witnesses to crimes, non-parties' home addresses and contact information, and other non-public and/or privileged information, prior to production of discovery to opposing counsel.

17.     Any person who discovers confidential, non-public information in discovery produced in this litigation shall immediately give notice, through counsel of record, to the opposing party's counsel of record, setting forth the identity of the documents with the non-

public information and immediately returning the originals and all copies of such document(s) to the producing party's counsel of record.  If the producing party's counsel of record agrees that confidential, non-public information has been produced, he/she will provide all counsel with a redacted copy of the document(s) in question to all counsel of record.  If the producing party's counsel of record concludes that the referenced information is public, he/she will return a copy of the originally produced document to all counsel.

## VIII. FILING UNDER SEAL

18.     Absent written agreement from the producing party's counsel of record or by order of the Court, no third-party Protected Health Information and/or other Confidential Information shall be filed in this litigation by any party, except under seal.  In the event that any third-party Protected Health Information and/or other Confidential Information is intended by any party to be included with, or the contents thereof are in any way disclosed in any pleading, motion, deposition, transcript, or other paper filed with the Court, the party seeking to file such information shall be responsible for filing the material under seal.

19.     All parties' filings in this litigation must comply with the redaction and sealing requirements imposed by the Court's October 19, 2004 General Order No. 2004-11 in *In the Matter of Protecting Personal Privacy in Public Case Files* (in the United States District Court for the Southern District of Texas).  *See* General Order No. 2004-11.

## IX. ATTORNEY-CLIENT PRIVILEGE & ATTORNEY WORK PRODUCT PROTCTION

20.     No party to this litigation intends to disclose documents, communications, and/or other information protected by the attorney-client privilege or work-product protection (or to

waive the attorney-client privilege or work-product protection) when producing discovery in connection with this litigation.[2]

21.     Given what may be voluminous discovery being produced in connection with this litigation, the Court finds that if information covered by the attorney-client privilege or work-product protection is disclosed, such disclosure is inadvertent and unintentional, rather than intentional, and shall not be deemed a waiver, in whole or in part, of any claim of privilege or other protection as to such document.

22.     If any party or his/her/its attorney, employee, agent, and/or consultant discovers that confidential document(s) produced in connection with this litigation may be protected by the attorney-client privilege or work-product protection, that party's counsel of record shall immediately give notice to the producing party's counsel of record setting forth the identity of the documents inadvertently produced, and shall immediately return the originals and all copies of the privileged documents to the producing party's counsel of record.

23.     If the producing party discovers that confidential document(s) produced in connection with this litigation may be protected by the attorney-client privilege or work-product protection, the producing party shall give notice to the other lead counsel of record setting forth the identity of the documents inadvertently produced, and the receiving parties' counsel of record shall immediately return the originals and all copies of the privileged documents to the producing party.

24.     After discovery or notification that confidential document(s) produced in connection with this litigation may be protected by the attorney-client privilege or work-product

---

[2]     "Attorney-client privilege" means the protection that applicable law provides for confidential attorney-client communications.  "Work-product protection" means the protection that applicable law provides for tangible material (or its intangible equivalent) prepared in anticipation of litigation or for trial.

protection, the parties must not use or disclose the information until the privilege claim is resolved by agreement, or by order of the Court.

## X. ADMISSIBILITY OF CONFIDENTIAL INFORMATION

25.     The terms of this Order shall not be construed as a limitation upon the right of any party to offer into evidence in this action any confidential information.  Production of Protected Health Information and/or other Confidential Information does not constitute a waiver to objection to admissibility.

26.     Nothing contained in this Order shall be construed to affect or govern the scope of discovery and/or the admissibility of evidence in this action, or to preclude any party from moving the Court for a further order defining the scope of discovery available in this action and/or the admissibility of evidence in this action.  Nothing herein shall be construed to preclude or limit any party from opposing any discovery on any grounds which would otherwise be available.   Nothing in this Order shall be deemed to preclude any party from seeking or obtaining, on the appropriate showing, additional protection with respect to the confidentiality of documents or information.

## XI. CONCLUSION OF LITIGATION

27.     Within 30 days after the conclusion of this action and all appeals, if any, all Protected Health Information (including all copies, abstracts, summaries thereof, and all documents which refer to, recount, or depict the Protected Health Information) must be returned to the producing party's counsel of record for destruction, accompanied by an affidavit certifying that all such Protected Health Information has been returned to the producing party's counsel of record, and has been protected in accordance with this Order.  *See, e.g.*, 45 C.F.R. § 164.512(e).

28.    Within 30 days after the conclusion of this action and all appeals, if any, all other Confidential Information (including all copies, abstracts, summaries thereof, and all documents which refer to, recount, or depict the Confidential Information) shall be destroyed or returned to the producing party's counsel of record, accompanied by an affidavit certifying that all Confidential Information has been destroyed or returned, and has been protected in accordance with this Order.

## XII. CONTINUING JURISDICTION OF THIS COURT

29.    All persons to whom Protected Health Information and/or other Confidential Information is disclosed, whether or not they have signed the Affidavit attached hereto as Exhibit 1, shall be subject to this Order and to the jurisdiction of this Court for purposes of enforcing this Order.

30.    This Order shall continue to be binding after the conclusion of this litigation, and this Court reserves jurisdiction over all individuals to whom Protected Health Information and/or other Confidential Information is disclosed for purposes of enforcing this Order.

## XIII. MODIFICATION OF PROTECTIVE ORDER

31.    This Order may not be modified except by further Order of the Court.  This Order may be amended *sua sponte* by the Court or upon motion of a party with good cause shown.  If any party seeks to add to or other otherwise change the terms of this Order, counsel must confer and submit by motion any proposed amended protective order.

32.    This Order complies with the requirements of HIPAA and authorizes the parties to release Protected Health Information pursuant to 45 C.F.R. § 164.512(e).  The parties are entitled to rely on the face of this Order for authorization to disclose PHI.  This Order has been

issued following the Court's review of the need for disclosure of PHI and provides sufficient

protections to ensure that unnecessary and unwarranted disclosures of PHI will occur.



SIGNED on this _____ day of _____, 2017, at Houston, Texas.


_____
HONORABLE KENNETH HOYT
UNITED STATES DISTRICT JUDGE