## Hopkins, Seth (CAO)

| | |
|---|---|
| **From:** | Victoria Plante-Northington <victoria@plantelawfirm.com> |
| **Sent:** | Monday, August 21, 2017 4:47 PM |
| **To:** | Hopkins, Seth (CAO) |
| **Cc:** | Mintzer, Andrea (CAO); 'Davion White' |
| **Subject:** | RE: Discovery. |

Seth,

I've provided my reply to each statement in read below.  Thanks.

**Victoria Plante-Northington**
PLANTE LAW FIRM, P.C.
5177 Richmond Avenue
Suite 1140
Houston, TX  77056
Tel:  (713) 526-2615
Fax: (713) 513-5176
Web:  www.plantelawfirm.com
        www.houstonemploymentlawfirm.com
Email: victoria@plantelawfirm.com

CONFIDENTIALITY NOTICE   This email transmission is covered by the Electronic Communications Privacy Act, 18  U.S.C. § 2510 et seq., and the information contained in this message and accompanying documents are legally privileged and confidential information intended only for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this message is strictly prohibited.  If you have received this message in error, please immediately notify us by telephone and purge all copies of this message from your system. Thank you.

**From:** Hopkins, Seth (CAO) [mailto:Seth.Hopkins@cao.hctx.net]
**Sent:** Monday, August 21, 2017 2:34 PM
**To:** Victoria Plante-Northington <victoria@plantelawfirm.com>
**Cc:** Mintzer, Andrea (CAO) <Andrea.Mintzer@cao.hctx.net>; 'Davion White' <office@plantelawfirm.com>
**Subject:** Discovery.

Victoria,

It was a pleasure speaking with you Thursday. Please let me know if I've summarized our agreement correctly.

Mr. Grant agreed to sign our medical and employment releases and provide a list of all healthcare providers since 2008 and employers since 2013.  He's also agreed to sign a Social Security authorization dating to 2010, which is attached.  I understand you'll modify the releases to reflect the agreed dates and produce Grant's tax returns promptly.  Agreed.

I've attached the protective order we discussed.  With your permission, we can file it, or you're welcome to file.  Once it's signed by the Court, we'll produce the documents that were withheld but will need to discuss the relevance and scope of the employees' files.  For example, just as we agreed not to seek Grant's employment records earlier than 2013, I don't see how anything from anyone else's file before 2010 could be relevant.  Grant admits he had no disagreement with Samuel until at least 2011. Disagreed in part.  Grant had no write-ups in his file to our knowledge until 2010.  Please do not read anymore into the pleadings than is there.  We have not stated that Grant had no disagreements with Samuel until at least 2011. Additionally we will not agree to a motion to seal.  That is a separate motion that you must file at another time.  Additionally I wanted language in the protective order with the burden on the party marking the document as confidential to prove the same if the other party contests it as "confidential."  If you filed a protective order, you would have the same burden so no agreement order in general unless it includes that language.  I did not see that language in the order but please provide the page or paragraph if it was an oversight on my part. Once that language is confirmed and the motion to seal provision is removed, I will sign the order.

1

I told Davion we would send a CD with our production in electronic format.  We've been holding off until we got a copy of the videos from our client.  We've got the videos and will put a complete CD in the mail today.  Okay.

I've attached some additional request for production and interrogatories.  In response to your objections to Request for Production No. 4, we're propounding new requests that are much more specific and limited in scope.  Along with the RFP, we've included a release to Aetna during the agreed medical period (that will help identify Grant's medical providers).  Disagreed as to the release of insurance information.  Again Defendant is fishing for information with no reason that it will lead to relevant and/or admissible information.  Typically plaintiffs must simply provide medical authorization and list its providers or provide their medical records to you.

We've also included a release to AT&T for 2012 and 2013, which is explained in RFP 29.  Grant made his relationship with his coworkers highly relevant when he claimed they discriminated and retaliated against him.  Grant's act of secretly recording his conversations with co-workers opens the door to his other communications with these coworkers in 2012 and 2013— particularly about topics related to work.  Grant admits on these tapes that "somebody" texted him about Samuel, but he's vague and allusive about who that person was.  Harris County is entitled to know which coworkers and witnesses communicated with Grant about facts related to this case, and when those communications occurred.  Grant's phone provider will have evidence of the times, dates, and frequency of these communications.  You assume facts that are not in evidence. I have received no documentation that supports your claims.  As such, Grant will not agree.  You are again fishing for evidence.

These records are also relevant because Grant misused his phone at work.  One reason Grant was terminated is because he violated the electronic devices policy (See HC-0184).  Harris County did not know he was using an electronic device to take secret recordings inside a secure facility, but it was suspected that Grant was on his cell phone when he should have been walking his rounds.  Therefore, it is highly relevant to know how frequently Grant sent texts, played games or apps, or surfed the web at work.  Again you assume facts not in evidence.  If he is using electronic device to investigate discrimination/retaliation/harassment, then I believe he is engaging in protected activity.  Any adverse action taken because of that is a retaliation violation per se.  Nevertheless, I will not debate that at this time.

Finally, can you offer some deposition dates for Dr. David Braunreiter, Brittany Grant, James Reddish, Hugo Inwufor, Lee Harris, and Jason Brown—witnesses listed on Grant's disclosures?  If you need us to contact any of the witnesses directly, we can do that if you provide contact information and anticipated testimony.  Right now, we're available August 28-30, September 4-7, September 11-12, and September 14-15.  Let me know when you're ready to take depositions of our witnesses, and I'll try to coordinate dates with you.  September 11-12 or 14-15 are better for my schedule but I will check with my client and let you know.  Of course, you will have to subpoena these witnesses as I do not have access to them.  Dr. Braunreiter would merely be a fact witnesses to state whether he placed Mr. Grant on restrictions and the reason for them.  I didn't believe that was disputed but you are mostly certainly free to depose him.  We will not pay any expert fees for him since he is not designated as an expert.

If you have any questions, or if I can assist with anything, please don't hesitate to reach out.



**Seth Hopkins**
**Assistant County Attorney**
Harris County Attorney's Office
Litigation Practice Group

1019 Congress, 15th Floor
Houston, Texas  77002
Direct Line: (713) 274-5141
Fax: (713) 755-8823

This electronic communication may contain confidential and/or privileged information. If you are not the intended recipient, please notify the sender and then delete this communication.