

# THE OFFICE OF VINCE RYAN
## COUNTY ATTORNEY

---

August 7, 2017

Ms. Victoria Plante-Northington
5177 Richmond Avenue, Suite 1140
Houston, Texas  77056

Via mail & email at Victoria@plantelawfirm.com

Dear Ms. Plante-Northington,

It was a pleasure speaking with you Wednesday.  We are preparing detailed responses to your ***60 request for production*** and first set of interrogatories.  We anticipate producing most relevant documents on schedule, though we will assert objections to some requests that seek documents that are not relevant or that are privileged.  We will also require the entry of a protective order before producing certain highly sensitive information concerning non-parties to this case.

While we anticipate producing most of our documents on schedule, I am concerned that plaintiff has not met its obligations to respond to Harris County's June 8, 2017 request for production and interrogatories.  On Friday, August 4, we received documents Bates labeled P-0001-0157.  In total, Grant has produced only 356 pages of documents—most of which is Grant's own EEOC file and several illicitly recorded video and audio files.

Grant objected to nearly all of our requests for production and interrogatories without any valid basis, and without complying with Fed. R. Civ. P. 34.  Our discovery deadlines are quickly approaching, and I am writing to request that you supplement Grant's responses within the next seven days to avoid Harris County seeking to compel responses.

### I.    Boilerplate objections are not allowed under Fed. R. Civ. P. 34.

On December 1, 2015, Federal Rule of Civil Procedure 34 was amended.  Discovery objections must now (1) state with specificity the grounds for objecting and (2) state whether any responsive materials are being withheld on the basis of that objection.  If a party intends to supplement, the party must state when he will complete the production.  The relevant parts of Rule 34 now read:

1

*Rule 34(b)(2)(B) Responding to Each Item.* For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. The responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection. The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response.

*Rule 34(b)(2)(C) Objections.* An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest.

Despite these rules, nearly all of Grant's responses contain boilerplate objections that are not specific to the requests being made, do not give reasons for the objections, do not indicate whether responsive materials are being withheld, and for documents that plaintiff offers to supplement, do not indicate when the supplementation will occur.  As discussed below, some of the objections have nothing to do with the questions being asked.

## II.     Grant's objections are not appropriate to the questions being asked.

Grant used the same (or very similar) boilerplate objections to most of Harris County's requests for production. For example, his objections to Request for Production Nos. 1-7 are ***identical***, though the underlying questions are very different.  In each of these seven questions, Grant responds as follows:

> Grant objects that this request is overly broad to the extent it seeks information beyond what is relevant in this case.  Grant objects that this request is vague, ambiguous and unspecific, being without limitation which would require a response to that which is not relevant to the claims and defenses at issue in this case.  Subject to the objections, Grant responds: This information was provided to Defendants during Grant's employment.  Grant will provide a limited medical authorization for Defendant to request this information from his medical providers if Defendant provides the form.  He will also supplement if this information becomes available.  See bates-stamped documents P-000001-000356.

Each of Grant's ***identical*** objections references a "***limited medical authorization***." That makes no sense, particularly for questions 3-7, which have nothing to do with Grant's alleged disability or medical condition.  For example, Request No. 6 seeks evidence to support Grant's claim that Anthony Samuel or others "began to retaliate and harass" him.  Offering a "limited medical authorization" does not respond to questions such as this.

2

### III. Please return signed copies of Grant's medical and employment authorizations, along with a list of his health care providers and employers.

Last week, Harris County sent the medical and employment authorizations referenced in your objections. Please return those signed documents within seven days, along with a list of all of Grant's health care providers since his diagnosis with any condition that you assert contributed to his disability and all of Grant's employers since he started working for Harris County. Because there are questions about whether Grant held other jobs while at Harris County, and what efforts he has made to mitigate his damages, we also request that Grant provide a copy of his Social Security earnings statement, which he may obtain at https://faq.ssa.gov/ics/support/KBAnswer.asp?questionID=3709

### IV. Grant's "relevance" objections are improper under Fed. R. Civ. P. 26 & 34.

Grant repeatedly objects to requests based on his opinion that they are "beyond what is relevant in this case." It is Grant's duty to explain—**with specificity**—how each request is irrelevant based on Rule 26(b)(1), which provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Harris County's requests are highly relevant to this case. Grant alleges he has a disability, sought accommodations for his alleged disability, was terminated because of his alleged disability, and suffered damages because of the resulting loss of income. He further alleges that he was retaliated against. Harris County contends Grant was terminated for violating various policies and being unwilling—or unable—to perform the essential functions of his job.

Grant has squarely placed his medical condition at issue during his tenure with Harris County. Because Grant's diabetes allegedly affects his entire body, all of his physical medical records are relevant. Even Grant's psychological records (which are part of his medical records) are relevant—even if Grant sought therapy for reasons unrelated to his job. *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000). *See, also, Sanchez v. U.S. Airways*, 202 F.R.D. 131, 135 (E.D. Penn. 2001).

Grant has also placed his employment records and sources of income (such as unemployment) at issue—both during and after his employment with Harris County. Harris County is entitled to review Grant's benefit and employment records (personnel files) at all jobs while he worked for Harris County and since he left Harris County. Harris County is entitled to explore its theory that Grant's chronic insubordination and inability to follow policy has had detrimental effects on his employment elsewhere—or—alternatively—that Grant has been able to work in more strenuous jobs without accommodations. Plaintiff is required to respond fully to Request for Production Nos. 2, 3, 4-7, 12-14, 16, & 27-28.

**V.    Grant does not explain how Harris County's requests are "vague, ambiguous, and unspecific, being without limitation."**

Grant's boilerplate objections also assert that Harris County's requests are "vague, ambiguous, and unspecific, being without limitation." That is not accurate. Each of Harris County's requests is clear, direct, and limited in time and scope. For example, Harris County's request for medical records is limited to the time after Grant was diagnosed with his disability. Harris County's request for employment records is limited to the time after Grant was hired by Harris County. Harris County's request for documentation that Grant was retaliated against and harassed as a result of his disability is clear, direct, and limited in time and scope to Grant's own claims. Harris County's request for personnel records, unemployment, work's compensation, and other public service benefits during and since his employment with Harris County is also clear, direct, and limited in time and scope. If Grant believes that a particular request is vague or ambiguous, or not reasonably limited, he must explain how and why the request is unreasonable. <u>He must also identify which documents are being withheld</u>.

**VI.   Grant must supplement his interrogatory responses.**

Similarly, Grant made numerous inappropriate objections to Harris County's Interrogatory Nos. 5, 6, and 7. Interrogatory No. 5 seeks communications Grant had regarding his working condition, employment with Harris County, requests for accommodations, and his disability. These communications are directly on-point, but Grant objects that the interrogatory is "overly vague, ambiguous and unspecific" and "not relevant to the claims and defenses at issue in this case."

Grant also asserts that he will supplement his answers, but does not indicate when. He refers to a July 11, 2013 letter as being responsive, but does not indicate if that is included in the production. He further claims there is no documentation that he sought work after losing his job with Harris County, but that he will provide this documentation "when it becomes available." That is not clear. Did Grant apply for jobs, and if so, please forward the resumes, letters, emails, or other evidence of his application and communications with prospective employers. This should accompany Grant's employment records release and Social Security statement.

4

Grant also objects to providing documents related to his alleged damages. At the same time, he states he "will supplement when this information becomes available."

As Harris County gathers its production to you this week, we ask that you amicably work with us, amend your responses, and produce all responsive documents requested of Grant. This will avoid the need to seek to compel any production or further delay Grant's deposition.

In order to proceed with Grant's deposition in the coming weeks and keep our trial schedule, we will need these responses no later than Monday, <u>August 14</u>. If you have any questions, please do not hesitate to contact me.

Sincerely,

*[signature: Seth Hopkins]*

Seth Hopkins