**Hopkins, Seth (CAO)**

| | |
|---|---|
| **From:** | Victoria Plante-Northington <victoria@plantelawfirm.com> |
| **Sent:** | Monday, August 14, 2017 4:13 PM |
| **To:** | Hopkins, Seth (CAO) |
| **Cc:** | Mintzer, Andrea (CAO); 'Davion White'; 'Nichole Howard' |
| **Subject:** | RE: Responses to Defendant's First RFP |

Seth,

I received your responses and answers to Plaintiff's first set of written discovery.  I am surprised that it appears you have done the same thing you claim that I did.  So please let's apply the rule across the board if you take issue with the objections that I made in good faith.

For the sake of brevity, I will address the numbered interrogatory and request in your August 7 letter.

**RFP's**

No. 1 – There is no objection to this request.  However you have included in your identical objection claim on page 2 of your letter;
No. 2 - I believe your request without a time limit is overly broad.  As a resolution, I stated Grant would sign and submit a medical authorization that is limited in time.  See my prior email.
No. 3 - I do not believe Mr. Grant's disability Is in dispute.  He worked for HC since 2005.  Thus, I believe this information is overly broad as it relates to time.  Mr. Grant provided you several documents responsive to this request.  All other documents I have provided in Mr. Grant's possession, custody or control.  Of course if any additional documents are found, I will supplement ASAP for every request.
No. 4 – I believe this request is overly broad as it states all communications (including texts, emails, and other electronic communication) between Mr. Grant and any current of former employee at Harris County.  The response is not applicable to a medical authorization or documentation and was typed in error.  You can delete any statements regarding a medical authorization from this request. Please do the same for Request Nos. 2-7.  However, I stand by the objections to this request because you are requesting "all communications" but have not limited to the facts asserted in the amended complaint.  I produced several documents that include emails and audio recordings that my client has in the possession related to this case.  Defendant would be in a better position to access its email system for documents responsive to this request. As you know, an employee no longer has the right to access his email once he is terminated. I have produced all documents related to documents between Mr. Grant and HC provided they bear on the case.  Any documents that you feel that I have not produced have not been provided to me or are not in the possession, custody or control of Mr. Grant.
No. 5 – To the extent this information is in writing and Mr. Grant has a copy of it, he has provided it.  HC will likely have documents responsive to this request in its file. I will withdraw the objections to this request.
No. 6 – Mr. Grant has provided all documents and recordings in the possession, custody or control. I will withdraw the objections to this request.
No. 7 - Mr. Grant has provided all documents and recordings in the possession, custody or control. I will withdraw the objections to this request.
No. 12 – I do not know how this information is relevant to any claim or defense asserted.  In looking at the documents that HC provided in response to Grant's Requests for Production, it appears you have the information that you
need.  Mr. Grant would need to request this information from a third party if the court concludes they are relevant to this case.
No. 13 – I believe this request is overly broad as you have requested "all communications with all employers or prospective employers since 2007.  Mr. Grant did not work a second job save 3-4 months of employment during the

beginning of his employment with HC.  As stated previously, he is willing to sign an employment authorization form for all employers after he was fired in November 2013.  I believe this is all you will need regarding mitigation of damages.
No. 14 – I do not believe this is relevant to any claim and defense to this case.  Additionally, 10 year is overly broad.  To my knowledge, HC cannot offset damages with unemployment benefits after termination.
No. 15 - I do not believe this is relevant to any claim and defense to this case.  Additionally, 10 year is overly broad.  Other than the charges and lawsuit filed against HC, I do not believe there are any lawsuit or claims in the past 10 years.
No. 16- I do not believe this is relevant to any claim and defense to this case.  Additionally, 10 year is overly broad.  Mr. Grant just provided some of his tax returns to me.  I believe what he has filed from tax year 2012 to trial is relevant and will provide them by Friday, August 18.
No. 26 – I believe this is overly broad and vague.  Disparate treatment should only relate to the claims made in his lawsuit.  All documents and recordings in his possession, custody and control have been provided as it relates to the claims he has made in his amended complaint.
No. 27 -  I believe this is overly broad and vague.  All documents and recordings in his possession, custody and control have been provided as it relates to the claims he has made in his amended complaint.
No. 28 – I believe this is overly broad and vague.  All documents and recordings in his possession, custody and control have been provided as it relates to the claims he has made in his amended complaint.

Let me know if I have not addressed all of your concerns.

On another note, please provide the protective order that you are requesting that we sign.  It appears you are holding documents responsive to our request for production until a protective order is entered.  In the protective order, please make sure that the burden is on the defendant to prove any information/documents you mark as confidential is in fact confidential if I dispute it is confidential.  Defense counsel usually wants to put this burden on the plaintiff but I believe the burden falls on the defendant seeking protection under the law.

Thanks.

Victoria

**Victoria Plante-Northington**
PLANTE LAW FIRM, P.C.
5177 Richmond Avenue
Suite 1140
Houston, TX  77056
Tel:  (713) 526-2615
Fax: (713) 513-5176
Web:  www.plantelawfirm.com
          www.houstonemploymentlawfirm.com
Email: victoria@plantelawfirm.com

CONFIDENTIALITY NOTICE   This email transmission is covered by the Electronic Communications Privacy Act, 18  U.S.C. § 2510 et seq., and the information contained in this message and accompanying documents are legally privileged and confidential information intended only for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this message is strictly prohibited.  If you have received this message in error, please immediately notify us by telephone and purge all copies of this message from your system. Thank you.

**From:** Hopkins, Seth (CAO) [mailto:Seth.Hopkins@cao.hctx.net]
**Sent:** Monday, August 7, 2017 4:38 PM
**To:** Victoria Plante-Northington <victoria@plantelawfirm.com>
**Cc:** Mintzer, Andrea (CAO) <Andrea.Mintzer@cao.hctx.net>; 'Davion White' <davionw86@gmail.com>; 'Nichole Howard' <nichole@plantelawfirm.com>
**Subject:** RE: Responses to Defendant's First RFP

Victoria,

I'm glad you emailed.  If Mr. Grant is willing to restrict any testimony regarding his work at Harris County or his alleged disability to the period after January 1, 2010, we can agree to limiting medical records to that period.  But if the records themselves open the door to an earlier period, we may have to go back further. I'm assuming Mr. Grant is not alleging that he had a disability before January 1, 2010?

Regarding the employment records, my understanding is that juvenile supervision officers typically notify their employer if they're taking a second job. If Mr. Grant had a second job while also working for Harris County, that would be highly relevant for several reasons.  It might explain some of Grant's work absences.  It would also be highly relevant for determining what his physical limitations were.  If it turned out that Mr. Grant was working another job that required extensive walking at the same time he claimed he couldn't walk at his Harris County job, we would be entitled to explore that.  These records would also further explain Mr. Grant's damage model.  For these reasons, we are entitled to all employment records from the time Mr. Grant started working with Harris County.  We can limit the employment period to 2005 until the present, if you're agreeable.  However, we will require a release for his Social Security employment records to verify these jobs and their time periods.

Regarding the deadlines, I've had the opportunity to review your responses and objections to our discovery requests and am concerned that they are not complete.  Please see the attached letter.  If you can offer full responses to our requests in the next week, we can move forward with depositions.  Unfortunately, without full responses, our case is at a standstill.  Please let me know your thoughts.

Seth

---

From: Victoria Plante-Northington [mailto:victoria@plantelawfirm.com]
Sent: Monday, August 07, 2017 3:33 PM
To: Hopkins, Seth (CAO)
Cc: Mintzer, Andrea (CAO); 'Davion White'; 'Nichole Howard'
Subject: RE: Responses to Defendant's First RFP

Hello Seth,

I've spoken with my client and he is opposed to moving the trial date.   I would agree on an extension to the discovery deadline but it will affect the dispositive motion deadline.

I am not opposed to  Mr. Grant signing a release of his medical records from January 1, 2010 to present.  I received the medical authorization but it has no date limitation.  Please insert January 1, 2010 to present and Mr. Grant will sign it.  Also I am not opposed to releasing his employment records for employers after his termination from HC.  Please limit the authorization for employers after November 23, 2013, the date of his termination.  I hope this works for you.   Please let me know.  Thanks.

**Victoria Plante-Northington**
PLANTE LAW FIRM, P.C.
5177 Richmond Avenue
Suite 1140
Houston, TX  77056
Tel:  (713) 526-2615
Fax: (713) 513-5176
Web:  www.plantelawfirm.com
         www.houstonemploymentlawfirm.com
Email: victoria@plantelawfirm.com

CONFIDENTIALITY NOTICE   This email transmission is covered by the Electronic Communications Privacy Act, 18  U.S.C. § 2510 et seq., and the information contained in this message and accompanying documents are legally privileged and confidential information intended only for the use of the individual or entity named above.  If

the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this message is strictly prohibited. If you have received this message in error, please immediately notify us by telephone and purge all copies of this message from your system. Thank you.

**From:** Hopkins, Seth (CAO) [mailto:Seth.Hopkins@cao.hctx.net]
**Sent:** Tuesday, August 1, 2017 5:39 PM
**To:** Victoria Plante-Northington <victoria@plantelawfirm.com>
**Cc:** Mintzer, Andrea (CAO) <Andrea.Mintzer@cao.hctx.net>; 'Davion White' <davionw86@gmail.com>; Nichole Howard <nichole@plantelawfirm.com>
**Subject:** RE: Responses to Defendant's First RFP

Victoria,

Thank you. Unfortunately, I wouldn't be doing my job if I forgot about the dispositive deadline, and we probably do need that 20 days. If the court were willing to push the trial date back along with everything else, would that help? I don't mind my deadline being during the holidays, which would put your response deadline afterwards, if that works for you? But we still have some time to decide whether we need to make the request.

We're probably going to send a medical and employment records release to you soon. I spoke with our client yesterday and confirmed that they're still gathering records, but I'll get them to you as soon as I have them. Thanks for passing along the CD. Let me know if you need anything in the meantime.

Thank you,

Seth Hopkins

This electronic communication may contain confidential and/or privileged information. If you are not the intended recipient, please notify the sender and then delete this communication.

**From:** Victoria Plante-Northington [mailto:victoria@plantelawfirm.com]
**Sent:** Tuesday, August 01, 2017 5:24 PM
**To:** Hopkins, Seth (CAO)
**Cc:** Mintzer, Andrea (CAO); 'Davion White'; Nichole Howard
**Subject:** RE: Responses to Defendant's First RFP

Hello Seth,

Welcome back as well. Yes we can postpone the deposition of Mr. Grant. I will be taking depositions of a few people. Once I receive answers to written discovery, I can provide more information. I will take depositions in early to mid-September.

I am not opposed to extending the discovery deadline so long as it does not interfere with the Oct 20 dispositive motion deadline. If the dispositive motion deadline is changed, then my response may be due during the holidays. I want to avoid that if possible. Let me know your thoughts soon so I can let my client know. He is a teacher and will have to take off after school begins. There are only about 20 or so days between the dispositive motion and discovery deadlines. If you do not file a dispositive motion, then we can extend the time for discovery but that is probably wishful thinking on my part☺.

By the way, I thought that I sent you the first set of documents P-000001-157 but apparently I did not. I placed a CD in the mail today.

Thanks.

Victoria

**Victoria Plante-Northington**

4

PLANTE LAW FIRM, P.C.
5177 Richmond Avenue
Suite 1140
Houston, TX  77056
Tel:  (713) 526-2615
Fax: (713) 513-5176
Web:  www.plantelawfirm.com
         www.houstonemploymentlawfirm.com
Email: victoria@plantelawfirm.com

CONFIDENTIALITY NOTICE   This email transmission is covered by the Electronic Communications Privacy Act, 18  U.S.C. § 2510 et seq., and the information contained in this message and accompanying documents are legally privileged and confidential information intended only for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this message is strictly prohibited.  If you have received this message in error, please immediately notify us by telephone and purge all copies of this message from your system. Thank you.

**From:** Hopkins, Seth (CAO) [mailto:Seth.Hopkins@cao.hctx.net]
**Sent:** Tuesday, August 1, 2017 10:17 AM
**To:** Victoria Plante-Northington <victoria@plantelawfirm.com>
**Cc:** Davion White <office@plantelawfirm.com>; Nichole Howard <nichole@plantelawfirm.com>; Mintzer, Andrea (CAO) <Andrea.Mintzer@cao.hctx.net>
**Subject:** RE: Responses to Defendant's First RFP

Victoria,

I hope you had a great trip, and welcome back!  As we're both getting our bearings, I'm starting to realize how much is scheduled this month.  We've noticed Mr. Grant's deposition for Monday, but I've had a small trial pop up next Tuesday.  Is there any way we could postpone the deposition for a few weeks?  We'll also be sending a medical release for Mr. Grant to sign.

I noticed that we're running up against our discovery deadlines.  Would you be agreeable to extending everything by a few months?  Will you need to take anyone's deposition on our side?

Thank you,

Seth Hopkins

This electronic communication may contain confidential and/or privileged information. If you are not the intended recipient, please notify the sender and then delete this communication.

From: Victoria Plante-Northington [mailto:victoria@plantelawfirm.com]
Sent: Monday, July 10, 2017 9:17 PM
To: Hopkins, Seth (CAO)
Cc: Davion White; Nichole Howard
Subject: Responses to Defendant's First RFP

Hello Seth,

I have attached Plaintiff's Responses and Objections to Defendant's First Request for Production.  Because the file was so large, I am mailing the CD with the additional documents referenced in the responses that were not previously produced.  Thank you and enjoy your time off!

Victoria

**Victoria Plante-Northington**
PLANTE LAW FIRM, P.C.
5177 Richmond Avenue
Suite 1140
Houston, TX  77056
Tel:  (713) 526-2615
Fax: (713) 513-5176
Web:  www.plantelawfirm.com
           www.houstonemploymentlawfirm.com
Email: victoria@plantelawfirm.com

CONFIDENTIALITY NOTICE   This email transmission is covered by the Electronic Communications Privacy Act, 18  U.S.C. § 2510 et seq., and the information contained in this message and accompanying documents are legally privileged and confidential information intended only for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this message is strictly prohibited.  If you have received this message in error, please immediately notify us by telephone and purge all copies of this message from your system. Thank you.