2013 WL 11325249
Only the Westlaw citation is currently available.
United States District Court,
S.D. Mississippi, Southern Division.

George E. **Ray**, Plaintiff
v.
**Huntington Ingalls Incorporated**, Defendant.

CIVIL ACTION NO. 1:13CV23-HSO-RHW
|
Signed 09/**19**/**2013**

### ORDER GRANTING IN PART MOTION TO COMPEL

ROBERT H. WALKER, UNITED STATES MAGISTRATE JUDGE

*1 Before the Court is Defendant **Huntington Ingalls Incorporated's** [25] Motion to Compel.

**Interrogatory No. 4 & Request for Document No. 9:** Defendant requests Plaintiff's cell phone information and billing records for the last five years. Plaintiff asserts that he does not have these documents in his possession. The Court finds that the motion to compel with respect to the cell phone records should be granted. The issue of Plaintiff's cell phone use during work hours has arisen during the course of discovery. Fred Howell, Plaintiff's former supervisor, stated that Plaintiff's excessive cell phone usage distracted him from his job duties. An email from Vicki Crockett dated September 28, 2011, also discusses at some length Plaintiff's excessive cell phone use at work for non-work purposes. Plaintiff's billing records are relevant to the extent that they could confirm Plaintiff's cell phone use during business hours or could be used for impeachment purposes if Plaintiff denies that he used his cell phone during work hours. Accordingly, Plaintiff is to produce cell phone records from the last five years, subject to redactions for any phone numbers on Plaintiff's account that were not used by Plaintiff or for any calls that were outside of Plaintiff's work hours. If, as Plaintiff contends, he does not possess all of these billing records, then he also is to provide Defendant with the names of cell phone carriers and cell phone numbers that he used in the last five years. Any billing records that are produced should be done so pursuant to either a confidentiality agreement or protective order.

**Interrogatory Nos. 9, 10, 11 & 12:** Defendant seeks more specific information regarding the allegations in Plaintiff's complaint about race discrimination, age discrimination, retaliation, and hostile work environment. Plaintiff identifies the individuals who allegedly discriminated against him or who allowed discriminatory actions to take place. Plaintiff also identifies some of the similarly situated individuals who allegedly were given more favorable treatment. Furthermore, Plaintiff has produced the EEOC file as documentary evidence in support of his claims. In response to the Motion to Compel, Plaintiff asserts that he has provided all of the details regarding his claims. The Court denies the motion to compel; however, Plaintiff is reminded of his duty to supplement discovery in a timely manner and to provide all specific instances of discrimination, retaliation, and hostile work environment. Plaintiff is further cautioned that failure to provide adequately specific information in support of his claims may result in certain matters being deemed inadmissible at trial.

**Request for Production No. 6:** Defendant requests copies of tax records. Plaintiff indicates that he does not have copies of his tax records; however, he has produced to Defendant a signed release allowing Defendant to request tax records directly from the Internal Revenue Service. Based on the foregoing, the Court finds that the motion to compel is moot as to this request.

*2 **Interrogatories Nos. 14 & 15:** Defendant seeks more detailed information regarding Plaintiff's damages claims. In his discovery responses and in response to the motion to compel, Plaintiff acknowledges that his answers to discovery are incomplete in certain respects and that he will supplement accordingly. The motion to compel is granted to the extent that Plaintiff is directed to supplement his discovery responses regarding damages.

**Privilege Log:** At various points in his responses to discovery, Plaintiff asserts the attorney-client privilege and work-product doctrine. Defendant argues that Plaintiff should be compelled to produce a privilege log. Plaintiff does not address the issue of the privilege log in his response to the motion to compel. To date there is no indication that Plaintiff has produced a privilege log. To the extent that Plaintiff intends to withhold

any otherwise discoverable documents pursuant to the attorney-client or work-product doctrine, he is directed to provide Defendant with a privilege log.

IT IS THEREFORE ORDERED AND ADJUDGED that the [25] Motion to Compel is GRANTED in part and DENIED in part, subject to the provisions outlined in this Order. Plaintiff is directed to supplement his discovery responses on or before **October 11, 2013**. Defendant's request for expenses and attorneys' fees is denied.

SO ORDERED, this the 19th day of September, **2013**.

**All Citations**

Not Reported in F.Supp.2d, 2013 WL 11325249

End of Document

© 2017 Thomson Reuters. No claim to original U.S. Government Works.