IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **OTIS GRANT,** § | | **CIVIL ACTION NO. 16-CV-03529** |
| Plaintiff, § | | |
| § | | |
| § | | |
| **HARRIS COUNTY** § | | |
| § | | |
| Defendant. § | | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S MOTION FOR SANCTIONS FOR SPOLIATION

Plaintiff, OTIS GRANT, files this Motion for Sanctions for Spoliation and shows the following:

### I.   Introduction and Background

As a lesser sanction than a spoliation instruction, Grant requests that this court: 1) deny any dispositive motion filed by Defendant (including a directed verdict at trial); 2) permit Grant to disclose to the jury the destruction of material evidence by Defendant; and 3) allow Grant to state Defendant manufactured evidence to support its claims after this lawsuit was filed. He also requests that his witnesses previously struck by the court be permitted to provide testimony.

Defendant intentionally delayed the production of evidence and destroyed evidence including emails and handwritten documents allegedly made by Harris County Human Resources employees in December 2011 and February 2012. [Ex. A (Owens Depo. 45:4-12); Ex. B (Malveaux Depo. 32:4-13); Ex. C (Robinson Depo. 50:19-52:11)].[1] In addition, it manufactured

---

[1] As additional background, Grant requested the investigation report in Request No. 8 of his First Request for Production of Documents. Defendant mentioned this report in its Initial Disclosures. [Docket No. 10 (P.6)]. Though the investigative report should have been produced in August 2017 at the latest, Defendant did not provide the three-page report until October 2017. Unsigned typewritten documents that allegedly supported the report were not produced until December 29, 2017, two days before the discovery deadline of December 31, 2017.

1

unsigned written statements to support its claim. Multiple witnesses testified in deposition that they did not meet or had no memory of meeting with HR about harassment, discrimination and retaliation claims by Grant against Anthony Samuel, Grant's then supervisor.

Although Defendant will claim that its retention policy is five (5) years, Defendant's HR and Executive Director, Matthew Shelton, admitted in his deposition that in November 2013, it decided not to contest Grant's request for unemployment because it believed Grant would file a lawsuit. [Ex. D (Shelton Depo. 127:8-15)]. Shelton elaborated, "…When we usually have one that we think has the potential of going to a lawsuit, we don't contest [unemployment]. [Id.]. Thus, Harris County, at the highest level, was fully aware that litigation was likely. It took measures in not contesting unemployment in the intent to limit any Texas Workforce Commission evidence Grant could use from the unemployment proceeding in the future. Moreover, Shelton was directly involved in the retaliation and harassment complaint made by Grant in December 2011 and the EEOC Position Statement by Defendant for Grant's EEOC Charges in 2012 and 2013. [Ex. D (Shelton Depo. 41:21-43:4; 26:9-28:22; 138:24-139:2)]. He specifically worked with Harris County Attorney, Lina Garcia. [Ex. D (Shelton Depo. 138:24-139:2); See also Ex. E]. Even more damning is Owens' testimony that when an EEOC investigation is pending, it is HR policy to retain all documents related to the charge. [Ex. A (Owens Depo. 17:16-17)]. With full knowledge of these facts, Shelton, Owens and Defendant's counsel refused to retain the documents and should be sanctioned for intentional destruction of documents material to this case.[2]

---

[2] Defendant's untimely delay in producing documents in this case has been discussed in responses to Defendant's Motion to Strike and Motion for Sanctions that the court has granted. Grant did not file a motion for sanctions on the issue of delay previously as a professional courtesy and to avoid court involvement. Defendant did not reciprocate this gesture and fully argued for the striking of evidence and witnesses. The court granted both. As such, he believes the conduct of Defendant is even more egregious when considering the destruction and delay of evidence. Some documents were not produced until a few days before the discovery deadline (December 31, 2017) or the day of the deposition of a witness, which substantially prejudiced and limited Grant's ability to take the

To add insult to injury, Garcia drafted the EEOC Position Statements and was fully aware that Grant had lodged an EEOC Charge of Discrimination for incidents occurring as far back as 2011. [Ex. E]. Yet when Erika Owens stated she contacted Garcia in the early part of 2017, Garcia told her that there was no pending litigation involving Grant, giving Owens the okay to destroy handwritten documents relating to the retaliation, harassment and discrimination. [Ex. A (Owens Depo: 191:14-192:5)]. This type of discovery misconduct on the part of Garcia (in violation of Section 3.04 of the Texas Disciplinary Rules of Professional Conduct should be sanctioned harshly to prevent future delay and destruction of evidence.[3]

Defendant has been vigilant about making sure the court punishes Grant for failing to obey rules and court orders. It believes the same standard by which Grant was judged would warrant the sanction that he be permitted to state to the jury that Defendant destroyed evidence in this case after it was aware that a lawsuit was pending. Moreover, he should be able to say based facts included in the law and facts section discussed below that Defendant manufactured evidence to support an investigation report. Additionally, Grant would like to use the testimony of Ida Washington to refute any statements made by Owens.[4]

## II.     Law and Facts

The Court may impose sanctions for the destruction of evidence. *Duque v. Werner Enters.*, 2007 U.S. Dist. LEXIS 23473 (S. D. TX. March 30, 2007). Sanctions are appropriate when a party

---

complete deposition of multiple witnesses. In light of the court's strict interpretation of the FRCP in striking Grant's witnesses as untimely and future documents as untimely, Grant believes Defendant's conduct warrants sanctions for the delay alone. However, coupled with the destruction of evidence, Grant's case for the sanctions requested is not only appropriate but the only fair way to remedy Defendant's misconduct.

[3] A lawyer shall not unlawfully obstruct another party's access to evidence; in anticipation of a dispute unlawfully alter, destroy or conceal a document or other material that a competent lawyer would believe has potential or actual evidentiary value; or counsel or assist another person to do any such act.

[4] The court struck Washington as an untimely witness. She allegedly provided a statement Owens in the alleged investigation.

3

knew or should have known that the destroyed evidence was relevant to pending or potential litigation. *Id*. A court has broad discretion in crafting a suitable sanction for spoliation when the court determines that a party has breached its duty to preserve evidence. *Allstate Tex. Lloyd's v. McKinney*, 964 F. Supp. 2d 678 (S.D. Tex. 2013). Based on the facts mentioned in the introduction and background section of this motion, it is clear Defendant knew that Grant had a case pending that alleged facts occurring as early as 2011. It intentional destroyed the documents. Without the disclosure of this fact to the jury, Defendant will benefit from documents provided to Grant (weeks after the motion to compel was granted). Moreover, without disclosing this fact, Defendant's witness may appear credible.

Any argument by Defendant that it destroyed the documents under the retention policy is not credible because it kept typewritten notes for the same period. This court must determine the reason(s) Defendant did not destroy or delete the electronic files of the alleged written statement when they too were drafted in February 2012. Moreover, Defendant must explain the reason it produced the self-serving investigation report but did not produce the written statements at the same time. Owens' investigation report was produced by Defendant in October 2017, but Defendant did not produce the written statements referenced in the report until two days before the discovery deadline on December 31, 2017. These are likely documents manufactured after this lawsuit was filed. Anthony Samuel testified in his deposition after reading Ex. E (Owens' Report), that he had no memory of any investigation done by Owens regarding Grant's complaint of discrimination, retaliation, and harassment against him. [Ex. F (Samuel Depo. 27:5-28:24)]. Also, Aaron Beasley, Building Superintendent (Samuel's boss at the time) denied that he met with Owens relating to any investigation of Samuel and Grant. [Ex. G (Beasley Depo. 121:4-6)]. Thus, it appears Defendant has lied about the facts related to alleged investigation in many respects.

Defendant has manufactured documents at the last minute once it knew Owens' deposition would be held on December 29, 2017. The typewritten documents were given to Grant's counsel just before the deposition.[5]  [Ex. A (Owens Depo. 40:17-41:19; 44:10-14)]. Based on these egregious facts, sanctions are not only warranted, they should be required.

### III.     Conclusion and Prayer

Grant respectfully requests this Court to: deny any dispositive motion filed by Defendant (including a directed verdict at trial); to inform the jury that Defendant intentionally destroyed the above stated documents several months after the lawsuit was filed and served on Harris County. He also requests that he be permitted to say at trial that Defendant manufactured documents to support its claim. Additionally, he requests all witness struck by the court be permitted to provide testimony in this case and that any testimony offered to support Defendant's case be struck. Due to the egregious nature of the violation, he requests attorney's fees in the amount of $3,000.00 and $25,000 in monetary sanctions. Grant prays that this Court grant this motion and any additional relief that it believes is warranted under the circumstances.

---

[5] The irony of this issue is Defendant claimed in its motion for sanctions that Grant was attempting to ambush it. However, it is Grant who has been ambushed. This gave Grant no opportunity to examine witnesses about their statements.

                                             Respectfully submitted,

                                             /s/ *Victoria Plante-Northington*
                                             Victoria Plante-Northington
                                             Texas Bar No. 00798436
                                             Federal Bar No. 21235
                                             PLANTE LAW FIRM, P.C.
                                             5177 Richmond Avenue, Ste. 1140
                                             Houston, Texas 77056
                                             Telephone: 713.526.2615
                                             Facsimile:  713.513.5176
                                             Email: victoria@plantelawfirm.com

                                             **ATTORNEY FOR PLAINTIFF**
                                             **OTIS GRANT**

## **CERTIFICATE OF CONFERNCE**

      I do hereby certify I conferred with opposing counsel about the fact included in this motion.  No agreement could not be reached.  Specifically, opposing counsel refused to admit any violation of the Court Order on Plaintiff's Motion to Compel or any violation of the rules of procedure of ethics.

                                             /s/ *Victoria Plante-Northington*
                                             Victoria Plante-Northington

## **CERTIFICATE OF SERVICE**

      I do hereby certify that on the 25th day of January 2018, a true and correct copy of the foregoing instrument was sent via the electronic filing system to all counsel of record.

                                             /s/ *Victoria Plante-Northington*
                                             Victoria Plante-Northington