IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **OTIS GRANT,** | § | **CIVIL ACTION NO. 4:16-CV-03529** |
| | § | |
| **PLAINTIFF** | § | |
| | § | |
| **V.** | § | **JUDGE KENNETH HOYT** |
| | § | |
| **HARRIS COUNTY,** | § | |
| | § | |
| **DEFENDANT.** | § | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S SECOND OPPOSED MOTION FOR LEAVE OF COURT
TO FILE HIS FOURTH AMENDED COMPLAINT**

Plaintiff, Otis Grant, files this Second Opposed Motion for Leave of Court to file his Fourth Amended Complaint and shows the following:

Grant filed his Original Petition in state court on May 23, 2016.  He subsequently amended his petition on July 11, 2016, to correct typographical errors before serving Defendant. After Defendant was served, Defendant filed a Plea to the Jurisdiction.  Soon after Grant filed his Second Amended Petition to correct any alleged deficiency relating to jurisdiction.  Defendant did not proceed on the Plea but filed a Notice of Removal to federal court on November 30, 2016.

Since removal, there have been multiple amendments to the scheduling order.  The amended discovery deadline was December 31, 2017.  The dispostive motion deadline was January 30, 2018. Defendant filed a Motion for Summary Judgment on January 29, 2018.  Grant's Response is due February 23, 2018 (by extension of the court).  There is no deadline to amend pleadings.  Docket call is April 3, 2018.

During the process of responding to Defendant's Motion for Summary Judgment, Counsel for Grant, Victoria Plante-Northington, discovered on February 19, 2018, that she had not pled a

Title VII violation for retaliation and harassment. This was an inadvertent oversight by Plante-Northington because much of this case involves Grant's disability accommodations that were removed soon after he complained about Defendant's then Supervisor, Anthony Samuel, discrimination against African employees.[1] Additionally, Plante-Northington inadvertently did not include the Title VII statute in the complaint because it was not a claim that Grant lodged for himself but an internal complaint lodged on behalf of African employees who were mistreated by Samuel. Moreover, this case involves Defendant ignoring or substantially delaying a decision on Grant's requests for ADA accommodations after he reported national origin discrimination. Thus, the ADA violations became the focal point of the case but the Title VII protected activity caused Defendant to violate the ADA that ultimately led to his termination.[2]

Title VII retaliation charges were alleged in Grant's 2012 and 2013 EEOC Charges of Discrimination. [Ex. A ( 2012 and 2013 EEOC Charges of Discrimination)]. Defendant responded to both Charges in its Position Statements, showing its knowledge and understanding of the Title VII claims. [Ex. B (Defendant's EEOC Position Statements)]. Additionally, in answers Grant provided to Defendant's interrogatories in May 2017 and in Grant's deposition in October 2017, Grant provided facts to support his Title VII retaliation claim (i.e., discrimination against African employees). [Ex. C (Interrogatory Answers and Deposition Excerpts)]. Plante-Northington also questioned witnesses employed or previously employed by Defendant about the August 2011 Title

---

[1] The 2011 complaint by Grant against Samuel for retaliation and harassment is the subject of Grant's Motion for Sanction for Spoliation (including the destruction and fabrication of documents) that is set for an evidentiary hearing on February 21, 2018.

[2] This is a unique case in that the Title VII violation led to several ADA and FMLA violations. (Grant has not requested damages or relief under the FMLA). Still, he can use these facts to show that Defendant's reasons for taking the actions it did are not legitimate or nondiscriminatory. Grant received multiple write-ups directly related to his disability (type 2 diabetes) or write-ups that could have been eliminated by accommodating him. Defendant could and should have returned him to his prior approved accommodations (i.e., more sedentary assignments) that he had as a Juvenile Supervision Officer (JSO) before August 2011.

VII

retaliation and harassment claim. Many of these facts are included in Plaintiff's Third Amended Complaint filed in December 2017. [Doc. 61].

Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings. This court has the discretion to permit amended pleadings pretrial, during trial and post-trial. Fed. R. Civ. P. 15. Denial of motion to amend complaint is inappropriate where plaintiff timely, properly and responsibly pursues amendment unless there is no legal basis for the amendment. *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541 (5th Cir. 1983). No new discovery and motions are necessary.[3] Defendant was and is fully aware that Grant's retaliation claim initially came from a Title VII claim for reporting the mistreatment of African employees.

The inadvertent oversight of Plante-Northington in not typing the Title VII statute in the amended complaint should not be held against Grant. Plante-Northington sincerely apologizes for this oversight. No surprise or prejudice to Defendant is present. Based on these facts and in the interest of justice, Grant requests that this court grant this motion. For conditional filing, Grant attaches his Fourth Amended Complaint as Exhibit D. He requests any additional relief to which he may be entitled.

---

[3] Defendant will likely claim that it needs to supplement its motion for summary judgment. If the court so requires, Grant does not oppose a supplemental motion provided that the only claim that is addressed is the Title VII retaliation claim. For the sake of efficiency, Grant will address the Title VII retaliation claim in his Response to Defendant's Motion for Summary Judgment due on February 23, 2018. He reserves the right to file a response to the supplemental motion if Defendant includes claims Grant did not anticipate.

Respectfully submitted,


   /s/   *Victoria Plante-Northington*
VICTORIA PLANTE-NORTHINGTON
Attorney-in-Charge
Texas Bar No. 00798436
Federal Bar No. 21235
Plante Law Firm, P.C.
5177 Richmond Avenue, Suite 1140
Houston, Texas 77056
Telephone: (713) 526-2615
Facsimile: (713) 513-5176
Email: victoria@plantelawfirm.com


   /s/   *Marjorie A. Murphy*
MARJORIE A. MURPHY
Texas Bar No. 24013218
Federal Bar No. 34512
The Murphy Law Practice, PLLC
3355 W. Alabama, Suite 670
Houston, Texas 77098
Telephone: 832-564-3804
Facsimile:  832-553-7441
Email: Marjorie@themurphylawpractice.com

**ATTORNEYS FOR PLAINTIFF**
**OTIS GRANT**

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of February 2018, a true and correct copy of the foregoing instrument was sent via the e-filing electronic system to all counsel of record.


   /s/  *Victoria Plante-Northington*
VICTORIA PLANTE-NORTHINGTON