IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **OTIS GRANT,** § | | **CIVIL ACTION NO. 16-CV-03529** |
| **Plaintiff,** § | | |
| § | | |
| v. § | | **JUDGE KENNETH HOYT** |
| § | | |
| **HARIS COUNTY** § | | |
| § | | |
| **Defendant.** § | | **JURY TRIAL** |

## PLAINTIFF'S MOTION TO RECONSIDER
## DENYING PLAINTIFF'S MOTION FOR SANCTIONS

Plaintiff, OTIS GRANT, files this Motion to Reconsider Denying Plaintiff's Motion for Sanctions and shows the following:

1. Grant filed his Motion for Sanctions for Spoliation on January 23, 2018, in the motion, Grant provided several facts to support the alleged destruction and fabrication of documents.

2. The court held a conference on Plaintiff's Motion for Sanctions on February 14, 2018, after hearing argument of counsel, the court set the motion for an evidentiary hearing.

3. The evidentiary hearing was held on February 21, 2018. Defendant did not dispute at any time that it destroyed (i.e. spoliated) documents relating to an alleged investigation of Grant's retaliation and harassment internal grievance lodged in December 2011. Defendant disputed that the destruction was intentional. Although, Defendant admitted to spoliating documents, the court provided no remedy to remove the harm.

4. As it relates to the fabrication of documents, Defendant presented testimony from interested and disinterested witnesses. The court asked to hear the testimony of Carlos Townsend, Plaintiff's IT expert, on the fabrication of witness statements and emails that were produced two days before the discovery deadline.

5. After hearing testimony from Townsend, the court stated it believed Townsend was qualified to be an IT expert on the fabrication of evidence issue.

6. Unlike Defendant who provided a report on the fabrication of documents issue, Grants expert was not permitted to provide a report because he had not conducted an inspection of the computer or computer servers. An inspection of the servers and Erika Owens' computer was based on the court's verbal order during the February 21, 2018, hearing. The court ordered the parties to agree on a mutual time and date to conduct the inspection of the servers and Owens' computer. The court heard additional testimony on the fabrication of evidence but made no ruling at the time.

7. After the hearing, Grant scheduled a mutual date and time for the inspection. The parties agreed on March 13, 2018 at 2:00 pm.

8. On March 8, 2018, the court entered an order denying Plaintiff's Motion for Sanctions. Grant notes that the court granted Defendant's Motion for Sanctions based on mere speculation by Defendant that Grant had not produced all documents. Ironically, it was Defendant who had not produced all documents. Still, Defendant was not sanctioned in any way.

9. In addition to the court granting Defendant's Motion for Sanctions, the court also struck Grant's witnesses because addresses where not known at the time Grant provided them to Defendant. Grant later supplemented to include addresses of witness more than forty-five (45) days before the discovery deadline. The effect of the order striking his witnesses was for all purposes a sanction. It will affect Grant's ability to prove his case. In sum, Grant has been sanctioned twice.

10. A motion to reconsider may be brought under Federal Rule of Civil Procedure No. 59(e). The court in *McKenzie v. Nelson Coleman* found that while no Fifth Circuit court had directly cited the rule, some sections of this court have referenced the factors for consideration

under Fed. R. Civ. P. 59(e) as a guide in determining whether the movant has provided reasons for reconsideration of an interlocutory order. *McKenzie v. Nelson Coleman Corr. Ctr*., 2012 U.S. Dist. LEXIS 124246 at 4 (E.D. La. Aug. 31, 2012). "The four factors under the Rule are: (1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in controlling law." *Id*. at 5 [See also *Gulf Fleet Tiger Acquisition, L.L.C. v. Thoma-Sea Ship Builders, L.L.C.*, 282 F.R.D. 146 at 3 (E.D. La. 2012) ; *Castrillo v. Am. Home Mtg. Serv'ing Co.*, No. 09-4369, 2010 U.S. Dist. LEXIS 33179 at 3 (E.D. La. Apr. 5, 2010); and *Rosemond v. AIG Ins.*, No. 08-1145, 2009 U.S. Dist. LEXIS 37571, at 2 (E.D. La. May 4, 2009).] Based on the law and facts, Grant believes the court has abused its discretion in not permitting Townsend an opportunity to inspect the computer and Defendant's servers to determine whether fabrication of documents has occurred. If documents have been fabricated, Defendant has benefitted from the spoliation or fabrication in the court granting summary judgment. Should fabrication or spoliation be found after Grant is given an opportunity to inspect the computer and servers, summary judgment has been denied based on this fact alone. *See Rimkus Consulting Group, Inc. v. Cammarata,* 688 F.Supp.2d 598, 610 (S.D. Tex. 2010) (denying summary judgment in part on spoliation or alteration of documents). Additionally, if this court reconsiders its decision granting summary judgment and permit this case to be heard before a jury, Owens' failure to take crucial steps during an investigation (and untruthfulness about the investigation) can be used to attack the credibility of Defendant's case.[1] Grant's case is unfairly prejudiced by the court's refusal to permit him to inspect the computer and servers of Defendant.

---

[1] Grant intends to file a Motion for Reconsideration of the Order Granting Defendant's Motion for Summary Judgment. To avoid any timeliness issues, Grant files this motion within 28 days of the order denying his Motion

Based on facts and on law, Grant requests that the Court grant this motion and order the inspection of the servers and of Owens' computer at a date and time agreeable to the parties. Townsend will be permitted after inspection to give a report of what was discovered so the court can make an informed decision on Grant's motions. Grant requests any additional relief to which he may be entitled.

Respectfully submitted,

/s/ *Victoria Plante-Northington*
Victoria Plante-Northington
Attorney-in-Charge
Texas Bar No. 00798436
Southern District Bar No. 21235
PLANTE LAW FIRM, P.C.
5177 Richmond Avenue, Ste. 1140
Houston, Texas 77056
Telephone: 713.526.2615
Facsimile:  713.513.5176
Email: Victoria@plantelawfirm.com

Of Counsel
/s/ *Marjorie A. Murphy*
Marjorie A. Murphy
Texas Bar No. 24013218
Southern District Bar No. 34512
The Murphy Law Practice, PLLC
3355 W. Alabama, Ste. 670
Houston, Texas 77098
Telephone: 832.564.3804
Facsimile:  832.553.7441
Email: Marjorie@themurphylawpractice.com

---

for Sanctions.  This motion cannot be decided until the court grants reconsideration of its final judgment and order and memorandum entered on March 20, 2018.

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this 4th day of April 2018, a true and correct copy of the foregoing instrument was sent via the e-filing system to all counsel of record.

                                                   /s/ *Victoria Plante-Northington*
                                                   VICTORIA PLANTE-NORTHINGTON