IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OTIS GRANT, | § | CIVIL ACTION NO. 4:16-CV-03529 |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | JUDGE KENNETH M. HOYT |
| | § | |
| HARRIS COUNTY, | § | |
| | § | |
| DEFENDANT. | § | JURY TRIAL DEMANDED |

**PLAINTIFF'S MOTION TO AMEND FINAL JUDGMENT AND
MEMORANDUM AND ORDER ENTERED MARCH 20, 2018**

Plaintiff, Otis Grant, files this Motion to Amend Final Judgement and Memorandum and Order Granting Summary Judgment Entered March 20, 2018, and shows the following:

**Procedural Background**

Defendant filed its Motion for Summary Judgment on January 29, 2018. [DE 69]. On February 13, 2018, the Court held a telephone conference regarding Plaintiff's Motion for Sanctions. [DE 77]. During the conference, the Court granted Plaintiff's extension to file a Response to Defendant's Motion for Summary Judgement to February 23, 2018.

On February 21, 2018, the court conducted an evidentiary hearing on Plaintiff's Motions for Sanctions for Spoliation. [DE 78 & 86]. At the beginning of the hearing, the Court orally denied Defendant's Motion for Summary Judgment. No response had been filed as it was not due until February 23. Later in the hearing, the Court changed its mind and stated it would not rule until a Response had been filed. The Court entered a verbal order that gave Grant time to file his response

by the week ending March 2 or 3, 2018.[1] [DE 86].  The court did not provide a date certain, but Grant intended to file a Response by March 2, 2018. [Id.].  While writing the Response on February 22, 2018, a day after the hearing, Grant's counsel received an email that the court DENIED Defendant's Motion for Summary Judgment citing case law and stating that based on its review of the motion alone, there were too many issues of fact to grant Defendant's Motion for Summary Judgement based solely on Defendant's motion. [DE 87].  Specifically, the court stated:

> "After having carefully considered the motion, response, if any, the record and the applicable law, the Court determines that the defendant's motion for summary judgment should be **DENIED**. This ruling is supported by the pleadings, motions, admissions and other submissions on file, which indicate that, at the very least, disputed issues of material fact remain. Without commenting on the strength or credibility of the conflicting evidence presented, the Court deems summary judgment inappropriate under the circumstances. *See E.E.O.C. v. R.J. Gallagher Co.*, 181 F.3d 645, 652 (5th Cir. 1999) ("This is a swearing match-a factual dispute which must be resolved by the ultimate fact finder, not by the judge on summary judgment."). Accordingly, the defendant's motion for summary judgment is hereby DENIED."

[DE 87].

Reasonably believing that the order had resolved all issues relating to summary judgment, Grant did not file a Response as the court had already <u>unconditionally</u> ruled on the issue.  There was no reference in the order denying summary judgment that denial was conditioned on Grant filing a Response to Summary Judgment.  Had it been, a Response would have been filed.  At all times, Grant has stated he would file a Response and requested extension to do so until the court ruled.

---

[1]The court also gave other verbal orders permitting to the inspection of Defendant's computer and servers but later denied Grant's Motion for Sanctions before he was permitted to offer any IT evidence of spoliation. [DE 94].  When asked whether the Court was aware that it had reversed a prior order permitting his IT expert to inspect the computer and servers and provide an expert report similar to Defendant's, Grant was told the ruling would stand and to file a motion for reconsideration if he so desired. Grant filed the motion but it was denied.

After this court made its decision to deny the summary judgment, there was absolutely no reason to file a Response. By law, the Court was required to provide Grant an opportunity to Respond to Defendant's Motion after it denied summary judgment and granted summary judgement.[2] Grant stated the same in his email to counsel for Defendant and the court coordinator on March 19, 2018. Yet on March 19, 2018, likely induced by Defendant filing a Motion for Reconsideration of Order Denying Defendant's Motion for Summary Judgment. In the Memorandum and Order court appeared to blame Grant (his counsel Victoria Plante-Northington) for not filing a Response.

Additionally, the Court in its order granted summary judgment on a claim that had not been pled. Because the court denied Grant's Motion for Leave to File his Fourth Amended Complaint that included Title VII claim, the last live complaint on which the court could rule was Plaintiff's Third Amended Complaint that only alleged violations of the ADA/ADAA. [DE 93 and 60]. Therefore the only issue to be decided was the ADA/ADAAA retaliation, discrimination and harassment claims.

Grant and Plante-Northington are still baffled by the contradictory Memorandum and Order and Final Judgment entered on March 20, 2018. The same motion for summary judgment the court stated was sufficient to grant summary judgment on at least two occasions (in court on February 21, 2018 and by written order on February 22, 2018) is the same motion the court stated it used to grant summary judgment. The effect of the order seems harsh and punitive, not to mention contradictory.

---

[2] Rule 56 implicitly requires district court to allow nonmoving party an opportunity to respond before summary judgment is granted. *Beaird v. Seagate Tech.*, 145 F.3d 1159 (10th Cir. 1998). The court essentially denied Grant this opportunity when it unconditionally denied Defendant's Motion for Summary Judgment. For the sake of efficiency and fairness, Grant must be able to rely on rulings that render a response unnecessary once the issue has been decided. Grant hopes this was a mere oversight by the court as too much is at stake for any type of misunderstanding. Grant has invested too much time and money. Moreover, this case has taken its toll on him. He has been hospitalized three (3) times for complications associated with diabetes, the last being only a week or so after the court dismissed his case without notice. [See Ex. 22]

When researching an issue related to this case, Plante-Northington discovered that the opinion granting Defendant's Motion for Summary Judgment is an unpublished case on Lexis/Nexis. Plante-Northington takes exception with the way the court made her appear in the memorandum and order. To the reader, it appears like she simply sat by, did nothing and the court was forced to decide the motion because she refused to file a Response. This is not the way it happened however, and the court is fully aware of this. At minimum, the court should have stated that Grant may not have responded because the Court denied the motion for summary judgment without condition before her Response was due. Plante-Northington had no idea the motion was still under consideration after the court ruled denying the motion for summary judgment. This is the first time this has ever happened in any court in which she has practiced.

Plante-Northington has **NEVER** missed a summary judgment motion or response in her almost 21 years of practice. The LEXIS/NEXIS opinion may give the reader, attorneys, judges, and even potential clients the appearance that Plante-Northington intentionally filed no response and permitted the court to grant summary judgment without responding. The court is fully aware this is not a true statement of what occurred. Plante-Northignton would never disservice her clients by missing important deadlines for those who have entrusted her with their cases. She will appeal if necessary to remove the blemish from her name should the court not correct or reverse its prior decision. It appears to the reader that Plante-Northington did not represent her client very well. That could not be further from the truth. She has taken eight (8) depositions and has responded to all motions on an expedited basis per the orders of this court. Surely, the court did not think she would simply abandon her client's claims this far in the case when she has timely responded to other less important motions. The recent sequence of events in this case simply does not make sense.

Nevertheless, Grant and his counsel persevere and move forward in hopes that this court will correct this egregious mistake. Grant requests that the court reconsider granting Defendant's motion. He also requests that the court review this motion and consider the Response to Defendant's Motion for Summary Judgment, as is attached as Exhibit A and all numbered exhibits in support of the Response. If the court is not included to grant this motion, Grant request an oral hearing on this motion as soon as possible for appeal purposes.

**Law and Argument**

A motion to alter or amend the judgment under Rule 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" and "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).

Grant believes his case clearly establishes a manifest error of law and fact for reasons already addressed in the previous section of this motion. He also has new evidence that was obtained the U.S. Department of Justice (DOJ) on April 11, 2018 and March 1, 2018. Grant requested leave of court to file his Title VII claim before this case was dismissed, but the court denied his motion. At that time, Grant and Plante-Northignton were not aware that both DOJ letters did not include right to sue for Grant's Title VII claim on this first charge of discrimination file by Grant in October 2012. [Ex. 29].

The court eluded to the Title VII claim being fatal to Grant's case in its Memorandum and Order Granting Summary Judgment in favor of Defendant because it was untimely. However the claim was not untimely because Grant never received a right to sue on the Title VII claims in both charges. As such, this case should be treated with exception and permit Grant to pursue his claims

as though they were never brought before this court (which they were not).

Since learning of the DOJ's error, the DOJ admitted the error and has issued a corrected letter that gives Grant a right to sue under Title VII for the first and second charges. See Exhibit 23 attached to this Motion. It shows the DOJ has given Grant permission to pursue his Title VII claims for the first and second charge. It would be a manifest injustice to include Grant's Title VII claim in the court's opinion (that may have been dismissed in this case although it was never a cause of action in this case). Grant believes his ADA claims for retaliation, harassment and discrimination on the second right to sue were properly before the court. He strongly believes based on Exhibit A and as well as other exhibits there are blatant issues of fact to take this case to trial. As such, he requests that the court rule on this motion in light of the Response to Defendant's Motion for Summary Judgement and exhibit attached. If it is still convinced that no issues of fact exist on Grant's ADA claims, he requests that this Title VII claims be severed from the case to avoid any res judicata or collateral estoppel defenses that Defendant may allege, if he files suit for the Title VII claim based on his right to sue letter, that are still viable. For the sake of judicial efficiency, he believes that granting him leave to file an Amended Complaint to include facts that grow from the first and second EEOC charges on Title VII claim must be granted to avoid manifest error or an abuse of discretion violation. Clearly, Grant was given the right to sue for Title VII violation on March 1, 2018 and April 11, 2018. [See Ex. 29]. There is absolutely no legal reason Grant should not be afforded this opportunity without any penalty for prior ruling of the court on his ADA claims.

For the reasons listed in this motion, as well as Exhibit A and other numbered Exhibits attached to this motion, Grant requests all relief requested in this motion and any additional relief the may be entitled.

        Respectfully submitted,

          /s/   *Victoria Plante-Northington*
        VICTORIA PLANTE-NORTHINGTON
        Texas Bar No. 00798436
        Southern District No. 21235
        PLANTE LAW FIRM, P.C.
        5177 Richmond Avenue Suite 1140
        Houston, Texas 77056
        Telephone: 713.526.2615
        Facsimile: 713.513.5176
        Email: victoria@plantelawfirm.com

        ATTORNEY-IN- CHARGE FOR PLAINTIFF

## CERTIFICATE OF SERVICE

    I hereby certify that on the 17th day of April 2018, a true and correct copy of the foregoing instrument was sent via the e-filing electronic system to all counsel of record.

          /s/   *Victoria Plante-Northington*
        VICTORIA PLANTE-NORTHINGTON