**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **OTIS GRANT**<br>***Plaintiff,*** | **CIVIL ACTION NO.: 4:16-CV-3529** |
| **V.** | |
| **HARRIS COUNTY,**<br>***Defendant.*** | **JURY TRIAL** |

**DEFENDANT HARRIS COUNTY'S RESPONSE TO PLAINTIFF'S MOTION TO AMEND FINAL JUDGMENT**

Defendant Harris County files this Response to Plaintiff's Motion to Amend Final Judgment, and respectfully represents as follows:

## I.
## INTRODUCTION AND SUMMARY OF THE ARGUMENT

A month after final judgment was signed and this case was closed, Plaintiff Otis Grant filed a Motion to Amend the Final Judgment. Grant's Motion attempts to re-litigate the case by filing 771 pages of new documents, including 40 exhibits. Grant's counsel claims to be "*baffled*" by the Court's rulings, "*takes exception with the way the court made her appear*," accuses the Court of being "*contradictory*," "*punitive*," and making an "*egregious mistake*," and even suggests the Court caused her client to be hospitalized.[1]

Grant's Motion should be denied for the following reasons: (1) Grant misstates the facts regarding his failure to respond to Harris County's Motion for Summary Judgment and his abandoned Title VII claim, (2) Grant's counsel has no standing to amend the Judgment based on alleged harm to her personal reputation, and (3) Grant never explains how he wants to amend the Judgment and never attaches a proposed order. Though Grant's Motion should be denied, if the

[1] Plaintiff's Motion to Amend, Doc. 105, at 3-5.

Court considers amending the Judgment, Harris County respectfully requests the opportunity to file a motion to strike Grant's attachments for violating the Federal Rules of Civil Procedure, Federal Rules of Evidence, and Local Rules.

## II.
## GRANT MISSTATES THE FACTS REGARDING HIS FAILURE TO RESPOND TO SUMMARY JUDGMENT AND HIS ABANDONED TITLE VII CLAIM

### A. Plaintiff was given two extensions to respond to Harris County's Motion for Summary Judgment, but still failed to do so.

On January 29, 2018, Harris County filed a detailed Motion for Summary Judgment explaining how Grant's own testimony negated every element of his Americans with Disabilities Act claim (Doc. 69). There was no genuine issue of material fact that in 2013, Grant's alleged foot impairment was not a disability under the ADA because his condition did not substantially limit any major life activity. Further, Grant admitted that in 2013, he did not need an accommodation, did not want an accommodation, and rejected Harris County's efforts to engage in an interactive process regarding a possible accommodation. It is also undisputed that Grant was terminated because of serious, repeated workplace misconduct.

On February 21, 2018, the Court conditionally denied summary judgment,[2] but explained in open court that its ruling was not final. The Court ordered Plaintiff to file a response, and even provided him two extensions to do so. The Court explained in detail exactly what issues it wanted Plaintiff to address, what needed to be included in the response, and when the response was due. The Court also issued a minute entry which confirmed, "Plaintiff's response to MOTION for Summary Judgment is due by next weekend" (Doc. 86). There is no question that Plaintiff knew he was required to respond to Harris County's Motion for Summary Judgment before March 2, 2018.

[2] This was memorialized the next day by the Court's February 22, 2018 Order. Doc. 87.

**B. Rather than respond to Harris County's Motion for Summary Judgment, Plaintiff attempted to file an untimely Fourth Amended Complaint.**

Rather than respond to this important dispositive motion, Plaintiff attempted to evade the issues presented in it by trying to amend his complaint a *fourth* time to add completely new allegations related to a Title VII claim that arose in 2011. Plaintiff's counsel admits she forgot to timely plead this Title VII claim in any of her first three amended complaints over the last several years.[3] The Court denied Plaintiff's untimely Motion to Amend and made it clear that it wanted Plaintiff to respond to summary judgment. If Plaintiff was confused or uncertain about this obligation, he was required to seek clarification from the Court, rather than simply ignore the two orders instructing him to respond by March 2, 2018.

More than two weeks after Plaintiff missed this final deadline, Harris County asked the Court to reconsider its conditional denial of summary judgment. Even then, Plaintiff still neglected to respond—or even indicate that he wanted to respond.[4] He simply let Harris County's Motion for Summary Judgment go unanswered.

The Court reviewed the pleadings and the record and discovered that Grant's own deposition testimony foreclosed on his case. After careful review, the Court granted summary judgment on March 19, 2018. Even then, Plaintiff failed to file a Motion to Reconsider. Instead, he waited another month, and then filed a Motion to Amend, in which he falsely accused the Court of denying him the opportunity to respond to Harris County's Motion for Summary Judgment.

---

[3] Exhibit 1.

[4] Grant's only response was to email Harris County's counsel and accuse him of making misrepresentations to the Court.

## III.
## GRANT'S COUNSEL DOES NOT HAVE A PERSONAL REPUTATIONAL INTEREST IN HER CLIENT'S JUDGMENT

A month after this case was closed, Grant filed 771 pages into the record—most of which purports to be his response to the Motion for Summary Judgment filed 11 weeks earlier. Grant's counsel claims the Court should accept this untimely response and amend the Judgment so that she will not personally look bad to anyone who reads this case file and see that she failed to respond to summary judgment. She says she "*has invested too much time and money*"[5] and wants to "*remove the blemish from her name*" caused by losing this case.[6]

The Court did not sanction, admonish, or comment upon Plaintiff's counsel's reputation, honesty, or ability—it simply reviewed the facts and ruled on the merits of the case. The Court's ruling accurately states there was no response on file, and it quotes Grant's own testimony to reach the common-sense conclusion that summary judgment should be granted. Plaintiff's counsel does not have a personal reputational interest in her client's case being dismissed.

Still, Grant's counsel argues the Court should change its ruling because, "Plante-Northington has **NEVER** missed a summary judgment motion or response in her almost 21 years of practice" and "Plante-Northington would never disservice her clients by missing important deadlines for those who have entrusted her with their cases."[7] That argument is not only inappropriate, but inaccurate. Grant's counsel repeatedly "forgot" about discovery deadlines in

---

[5] Doc. 105 at fn 2.

[6] Doc. 105 at 4 (emphasis added).

[7] Doc. 105 at 4 (emphasis in original). Plaintiff's counsel often invokes her reputation to avoid adverse rulings. Two years ago, when a court was considering sanctions against her, she stated she had practiced for 19 years and "*[a]t no time during her career have sanctions ever been filed against Plaintiff's counsel by any Court, the State Bar of Texas or any other jurisdiction in which she has practiced*." *Johnson v. National Oilwell Varco, L.P.*, 152nd Judicial District of Texas, No. 2013-62983 (1/27/16). However, Judge Lynn Hughes had personally sanctioned her for deposition misconduct and ordered her to return her client's fee and apologize to a court reporter. *Franklin v. Boeing Company*, Doc. 58, No. H-04-844, Southern District of Texas.

this case and neglected to file her client's Title VII claim within the deadlines allowed under the right-to-sue letter she received on February 17, 2016.[8] Grant's counsel also failed to plead her client's Title VII claim in any of her first three amended complaints over the last two years. She admitted on February 18, 2018 that this was an "*oversight on my part, not my client*."[9]

## IV.
## GRANT FAILS TO INCLUDE A PROPOSED ORDER AND FAILS TO IDENTIFY EXACTLY HOW HE WANTS TO AMEND THE JUDGMENT

In his Motion to Amend, Grant neglects to include a proposed order, or even a sensible explanation of what remedy he seeks. At various times, Grant complains that he was not allowed to file a Fourth Amended Complaint, that the Court's ruling should not have mentioned the fact that he attempted to file a Fourth Amended Complaint, that summary judgment was granted, that the Court should not have mentioned there was no response on file to Harris County's Motion for Summary Judgment, and even that the Court was somehow at fault for his decision to waive his opportunity to inspect Harris County's servers. He then attached a voluminous and untimely response to Harris County's Motion for Summary Judgment. Through all of this, there is no clear indication of what remedy Grant wants. Harris County respectfully requests that Grant's Motion to Amend Final Judgment be Denied.

## V.
## IN THE ALTERNATIVE, HARRIS COUNTY REQUESTS THE OPPORTUNITY TO BRIEF A MOTION TO STRIKE GRANT'S EXHIBITS AND FOR SANCTIONS

Plaintiff attached 40 exhibits to his Motion to Amend. These exhibits purport to be his untimely response to Harris County's Motion for Summary Judgment. Plaintiff waited 11 weeks

[8] Grant's Title VII claim actually arose in 2011, and he received a right-to-sue letter in 2012. He abandoned this claim, but Grant's counsel attempted to resurrect it in 2016. After receiving a second right-to-sue letter, Grant's counsel once again abandoned her client's Title VII claim. When she attempted to resurrect it again after summary judgment was filed in 2018, this Court denied her Motion to File a Fourth Amended Complaint.

[9] Exhibit 1.

to file this, even after the Court pointed out on March 19, 2018 that he had already missed his deadline, and dismissed the case. These untimely exhibits should not be considered.

If the Court is inclined to re-open this case and consider Plaintiff's 40 new exhibits, Harris County respectfully requests the opportunity to file a Motion to Strike and a Motion for Sanctions based on numerous violations of this Court's previous orders and the Federal Rules of Civil Procedure, Federal Rules of Evidence, and Local Rules.[10]

Not only is Plaintiff's purported brief untimely and in violation of numerous rules, but his exhibits are so inappropriate that Harris County would have sought sanctions and asked for many of them to be struck if they had been timely filed. Many of Grant's exhibits are not authenticated and not competent summary judgment evidence under the Federal Rules of Evidence, and as a matter of law, the Court cannot consider them. Other exhibits contain hearsay, directly contradict Grant's sworn testimony, have nothing to do with Harris County's Motion for Summary Judgment, contain Grant's personal opinions about matters to which only experts can testify, and are orchestrated to be personal attacks on opposing counsel.

At least one exhibit contains "evidence" that Grant never produced—even after the Court told Plaintiff's counsel that Grant could be sanctioned for using "newly discovered" evidence in summary judgment or at trial.[11] Plaintiff also altered and manufacturing some of the "evidence" he attached. He even submitted a photo of his injured foot in 2018, in an apparent attempt to either elicit sympathy or confuse the Court regarding his condition in 2013. None of Grant's 40

---

[10] For example, Plaintiff's brief is 32 pages, which exceeds the maximum page limit established by the Local Rules and the Court's procedures. Plaintiff never sought leave of court to exceed the permitted page limit and never showed good cause to exceed the page limit.

[11] *See* Doc. 64. The Court's instructions were given during a telephone conference related to Harris County's Motion for Sanctions. The Court was very clear that Plaintiff's counsel needed to produce all responsive documents. Grant's counsel argued with the Court and claimed she expected her client to "find" more evidence on the eve of trial. The Court stated that would be unacceptable, and again ordered Plaintiff's counsel to produce all responsive documents.

exhibits serve any purpose at this stage of the proceedings, but if the Court considers them, Harris County respectfully requests an opportunity to file appropriate motions.

## VI. CONCLUSION

The Court properly granted summary judgment in this case, and Plaintiff's Motion to Amend is an untimely attempt to re-open the Court's well-reasoned ruling after Plaintiff ignored his response deadline. Plaintiff's Motion is not factually inaccurate and does not even contain a clear request for relief or a proposed order. For these reasons, Plaintiff's Motion to Amend should be denied, with costs taxed to Plaintiff. In the alternative, and if the Court considers Plaintiff's untimely exhibits, Harris County respectfully requests the opportunity to brief their numerous defects before filing a Reply.

Respectfully submitted,

OF COUNSEL:
VINCE RYAN
HARRIS COUNTY ATTORNEY

SETH HOPKINS
Assistant County Attorney
Texas Bar No. 24032435
Federal (Southern District) No. 2043155
1019 Congress Plaza, 15th Floor
Houston, Texas 77002
(713) 274-5141 (telephone)
(713) 755-8924 (facsimile)
Seth.Hopkins@cao.hctx.net

**CERTIFICATE OF SERVICE**

I certify that on the 30th day of April, 2018, a true and correct copy of the foregoing document was delivered to all counsel of record via the CM/ECF system and served by electronic notice to all parties of record.

Seth Hopk

Seth Hopkins