1            UNITED STATES DISTRICT COURT
2            SOUTHERN DISTRICT OF TEXAS
                  HOUSTON DIVISION

3

4   OTIS GRANT,                    .  4:16-CV-03529
                                   .  HOUSTON, TEXAS
5        PLAINTIFF,                .  FEBRUARY 21, 2018
    VS.                            .  10:00 A.M.
6                                  .
    HARRIS COUNTY,                 .
7                                  .
         DEFENDANT.                .
8   ...............................

9

10         EXCERPT OF TRANSCRIPT OF MOTION HEARING
          BEFORE THE HONORABLE KENNETH M. HOYT
11             UNITED STATES DISTRICT JUDGE

12

13

14                    *APPEARANCES*

15

16

17  FOR THE PLAINTIFF:

18       Victoria Plante-Northington
         PLANTE LAW FIRM PC
19       5177 Richmond
         Suite 1140
20       Houston, Texas   77056

21

22  FOR THE DEFENDANT:

23       David Adler
         David Adler PC
24       6750 West Loop South
         Suite 120
25       Bellaire, Texas   77401

1                        *APPEARANCES - CONTINUED*

2

3

4

5    ALSO FOR THE DEFENDANT:

6         Seth B. Hopkins
          HARRIS COUNTY ATTORNEY'S OFFICE
7         1019 Congress Street
          Fifteenth Floor
8         Houston, Texas   77002

9

     OFFICIAL COURT REPORTER:
10
          Mayra Malone, CSR, RMR, CRR
11        U.S. Courthouse
          515 Rusk
12        Room 8004
          Houston, Texas   77002
13        713-250-5787

14

15   Proceedings recorded by mechanical stenography.   Transcript
     produced by computer-aided transcription.
16

17

18

19

20

21

22

23

24

25

1            *PROCEEDINGS*

2                * * * * *

3        THE COURT:  Did you have any witnesses apart -- I'm

4   not going to take expert testimony, as I think I said up front.

15:29    5            Do you have any witnesses apart from those that

6   have been called?

7        MR. ADLER:  No, Judge, other than the IT's reports,

8   which are --

9        THE COURT:  I have got that.  I don't want to really

15:29   10   get into it until I hear and I can look at them side by side.

11   I think that's the way I would like to do it.

12            All right.  That concludes the testimonial

13   evidence that the Court will receive in this case.  What I

14   think I need from you is -- "you" meaning you in plural -- is

15:30   15   the -- is a question or an answer to the question of whether or

16   not the plaintiff's -- and it is before you -- whether or not

17   the plaintiff's motion to amend should be granted or whether or

18   not -- granted or not.  And I think it says "opposition," but

19   obviously I don't have any opposition yet because you haven't

15:30   20   had a chance to prepare it.  But I need to expedite that and I

21   need to get that -- I need to get that in by the end of the

22   week next week.  And if you can do it this week, that will be

23   fine.  I need to move this off my table one way or the other,

24   and I need to be able to, if necessary, get with you all

15:30   25   regarding potential trial dates and exhibits, et cetera.  So is

15:30  1   that something you can push all the other important stuff aside

2   and get to this little small matter?

3        Okay.  I don't need a response from you, Counsel,

4   and I won't take any replies.  I just need to know whether or

15:31  5   not -- what the basis is for the -- not refusal but for the

6   opposition to your motion to amend the pleadings.  All right?

7        MS. PLANTE-NORTHINGTON:  Yes.

8        THE COURT:  All right.  And other than that, I might

9   have asked you all for something at the top of this thing, but

15:31 10   I'm not sure.  Did I?

11        MR. ADLER:  I don't remember anything, Judge, but I'm

12   very concerned about the allegations that have been made and I

13   would like to speak to the motion for sanctions.

14        THE COURT:  I generally don't take closing arguments,

15:31 15   and the reason I don't is because I don't have the record.

16   There are some documents that I need to review and certainly I

17   might need to go ahead and review the transcript in this case

18   before I -- and I don't really think argument would be of any

19   value to me in light of that.  So I don't generally take

15:31 20   arguments.  If I do need argument, I will notify both sides and

21   I will call you all back at a later time so that I might

22   address you directly on that point.

23        Other than that motion, is there anything else

24   pending that I need to address?  I think your motion to amend I

15:32 25   have addressed, at least for the time being, that Harris

County's motion for summary judgment -- because I think it is
convoluted in the sense that it addresses too many things; it
brings too much into play.  But I will look back at the
testimony in this case, and the testimony, meaning Mr. Grant's
testimony.  I need to look at that in light of my ruling
because I might need to withdraw that motion.  I don't know
what he said in his deposition.  I haven't read it, but there
are excerpts I believe that you have provided of his testimony.
And I don't know if you have provided other excerpts or not.
Have you, Counsel?

MS. PLANTE-NORTHINGTON:  No.  That was going to be
provided with the response, so I did not provide that.

THE COURT:  Well, I'm not sure.  I think your response
was due yesterday, wasn't it?

MS. PLANTE-NORTHINGTON:  No.  You had extended it to
the 23rd, last week, when we discussed it because I had so many
motions.

THE COURT:  I did that orally, I guess, on the
telephone.

MS. PLANTE-NORTHINGTON:  On the record.  I'm
exhausted, so I don't know if I can make the 23rd.

THE COURT:  Here is what I'm concerned -- and I will
get to you.  Here is what I'm concerned about:  I'm not focused
so much on Harris County's 28 -- the 30-exhibit motion as much
as I'm concerned about whether or not the plaintiff has, by his

15:33   1   deposition, supported or destroyed his cause of action.   In

2   other words, I would like to know -- and I'm going to read his

3   testimony.   Here is what I'm saying.   If you think his

4   testimony stands and it supports his claim for whatever claims

15:33   5   you think there are, then -- and I heard you say you didn't

6   question him, so apparently all of the questions that were

7   asked were apparently associated primarily, if not fully, with

8   the question of accommodation.   Yeah.   So I wouldn't expect any

9   response from Harris County regarding that claim.   There may be

15:34   10   a claim by Harris County, and I think I heard it at the

11   beginning.   Maybe some of the witnesses said that the statute

12   of limitations had run.   Maybe that was a lawyer talking in one

13   of the affidavits.   But if that's your position, the statute of

14   limitations has run, that is probably part of your filing in

15:34   15   this case already, isn't it?

16          MR. HOPKINS:   Not to the ADA claim.   It's the amended

17   Title VII claim, that we would have a --

18          THE COURT:   Amended -- well, but you are going to

19   respond to that.   They are seeking to amend and add that, so

15:34   20   you respond to that in five pages or less.

21          MR. HOPKINS:   Okay.

22          THE COURT:   You don't need to give me the history of

23   the case.   You just need to give me the case law that says they

24   should not be able to amend their pleadings because.   That's

15:34   25   what I'm looking for.   You can then say in three pages or less,

15:34   1   We should be able to amend our pleadings because.  And I think

2   that that -- one party doesn't need to wait on the other to

3   respond, so I want both of those by the end of the week.

4            Now, as far as the summary judgment is concerned,

15:35   5   the part that I was referring to that concerns me, because I

6   have had to read some things, is whether or not Mr. Grant has

7   in his -- in the question and answering regarding what we know

8   to be the claim before the Court now, whether or not that cause

9   of action has been invalidated by his testimony.  Sometimes

15:35   10  people get up and will say the darnedest things.

11       MS. PLANTE-NORTHINGTON:  Well, we reserve our

12  questions until the time of trial, but he was going to give a

13  declaration to submit with his summary judgment.

14       THE COURT:  I don't need his declaration because I

15:35   15  have his sworn testimony, and his declaration cannot be --

16  cannot create a fact issue.  You cannot testify to one thing is

17  what I'm saying and then create an affidavit that conflicts

18  with that and expect me to believe either document.  That is

19  zero gain there.

15:36   20      MS. PLANTE-NORTHINGTON:  I understand that.

21       THE COURT:  So what I'm saying is what you need to

22  respond to in the motion for summary judgment is the question

23  of whether or not the ADA claim is still a viable claim in

24  light of his testimony, because I believe they have attached

15:36   25  testimony specifically on that point.  Am I correct,

15:36   1  Mr. Hopkins?

2                    MR. HOPKINS:  Yes, Your Honor.

3                    THE COURT:  That's the part of the summary judgment

4  motion that I want you to respond to.  That's the only portion.

15:36   5                    MS. PLANTE-NORTHINGTON:  If the ADA is a viable claim?

6                    THE COURT:  The ADA claim is his claim, right?

7                    MS. PLANTE-NORTHINGTON:  The ADA claim, yes, and the

8  spoliation.

9                    THE COURT:  And what?

15:36   10                    MS. PLANTE-NORTHINGTON:  The ADA claim is his claim.

11  It's a unique case in that --

12                    THE COURT:  Every case is unique, Counsel.

13                    MS. PLANTE-NORTHINGTON:  I mean, it is just weird

14  because the violations for which they cite him to retaliate are

15:36   15  actually a violation of the ADA.

16                    THE COURT:  I don't know what that's about.  You have

17  got pleadings on file.  You know what you said.  You know what

18  they are claiming is the problem, and they are claiming that

19  part of the problem is the testimony of your client.  Right?

15:37   20                    MS. PLANTE-NORTHINGTON:  I think they are claiming a

21  lot of stuff as it relates to credibility of my client.

22                    THE COURT:  Okay.  Do it your way.

23                    MR. ADLER:  Judge, I was going to suggest -- I left

24  this civil world --

15:37   25                    THE COURT:  I want your response to what I'm trying to

15:37   1    tell you.  I want that by the end of next week.

2         MR. ADLER:  What I was going to suggest in that

3    regard, Judge, is I left the civil world a long time ago

4    because I don't like this kind of paper intensive case.  I like

15:37   5    criminal work.  If the Court is willing to let us resubmit

6    maybe an amended motion, that would give her the opportunity to

7    understand --

8         THE COURT:  No, sir.  That just delays and

9    procrastinates.  You know what I'm looking for.  He has already

15:37  10    filed his motion for summary judgment, and that's the only

11    portion of his summary judgment motion that in the Court's

12    opinion I need to make sure that I have not overdone it by

13    denying it.  Because the denial of it is a general denial, but

14    when I look at whatever he says, that Hopkins says -- and he is

15:38  15    citing to the testimony of Mr. Grant -- then I need to make

16    sure there is some evidence that either creates a disputed fact

17    issue or not.  He doesn't need to submit anything else on that.

18         MR. ADLER:  So we will not submit anything else?

19         THE COURT:  No, no.  I need a response by the end of

15:38  20    next week on that from plaintiff's counsel, but the other

21    aspect that I just spoke about, I need that about -- about the

22    amended pleading, I need that by the end of the week.

23         MR. ADLER:  Got it.

24         MS. PLANTE-NORTHINGTON:  I just want to understand

15:38  25    what I'm supposed to be writing on, the ADA claim and whether

15:38  1   it is a viable claim or what?

2       THE COURT:  Whatever he says in his motion for summary

3   judgment about the ADA claim and specifically referring to your

4   client's testimony is what you need to respond to.  I don't

15:38  5   know what else he has got in there that you need to respond to.

6       MS. PLANTE-NORTHINGTON:  Okay.

7       THE COURT:  But I don't think you need to respond to

8   it.  Because if your client in his testimony -- and you go look

9   at the testimony.  You have got the depositions.  You look at

15:38  10  the depositions, and you tell me whether or not his testimony

11  undermines and destroys his ADA claim.  That's all I'm asking.

12  Because if he does, then my -- if he does, I'm going to

13  withdraw the summary judgment motion and look at that more

14  carefully.  That's all I'm saying.  Withdraw my order and look

15:39  15  at that more carefully because I haven't looked at it that

16  carefully.  I saw enough stuff in the motion for summary

17  judgment to know that I can't grant summary judgment on all of

18  the bundle of, quote, stuff that was presented to me by Harris

19  County.

15:39  20      MS. PLANTE-NORTHINGTON:  So you are saying my client

21  is prohibited from giving a declaration that doesn't even --

22      THE COURT:  You are making this up as you go along.  I

23  haven't said your client is prohibited from doing anything.  I

24  said I don't need one from him.  But if you want to do one,

15:39  25  that's fine.  But I have just got to have all of that by next

15:39

1  weekend.   Okay?   That's why I said, Do it your way.

2             All right.   Thank you very much.

3      *(Court adjourned at 3:39)*

4                           * * * *

5       I certify that the foregoing is a correct transcript from

6  the record of proceedings in the above-entitled cause.

7

8  Date: April 30, 2018

9

                    */s/ Mayra Malone*
10                 ----------------------------------------
                    Mayra Malone, CSR, RMR, CRR
11                 Official Court Reporter

12

13

14

15

16

17

18

19

20

21

22

23

24

25